UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-23242-BLOOM/Louis

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SEDONA PARTNERS LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ABLE MOVING & STORAGE, INC.; <br> ARPAN VAN LINES, INC.; <br> CARTWRIGHT INTERNATIONAL VAN LINES, INC.; <br> COLEMAN AMERICAN MOVING SERVICES, INC.; <br> DEWITT COMPANIES LIMITED, LLC; <br> HILLDRUP COMPANIES, INC.; <br> J.K. MOVING & STORAGE INC.; <br> MAYFLOWER TRANSIT, LLC; <br> NEW WORLD VAN LINES, INC.; <br> PARAMOUNT TRANSPORTATION SYSTEMS; <br> PAXTON VAN LINES, INC.; AND <br> WESTERN EXPRESS FORWARDING, LLC, <br><br> Defendants. | |

**DEFENDANT DEWITT COMPANIES LIMITED LLC'S MOTION TO DISMISS
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant DeWitt Companies Limited, LLC ("DeWitt") respectfully requests this Court dismiss Relator Sedona Partners LLC's ("Relator" or "Sedona Partners") *Complaint for Money Damages and Civil Penalties for Violations of the False Claims Act* (Dkt. No. 1) (the "Complaint") with prejudice, pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

The Complaint fails to set forth causes of action against *DeWitt*.

There are no allegations that *DeWitt* improperly used a foreign vessel to ship goods internationally.

There are no allegations that *DeWitt* submitted a false claim to the United States.

1

There are no allegations that *DeWitt* submitted a false certification attesting to the unavailability of a U.S. flag vessel.

There are no allegations of changes in *DeWitt's* conduct that might suggest previous improper conduct.

There are no allegations of communications by *DeWitt* that might evidence the scheme Relator thinks may have occurred.

There are no allegations showing that the United States suffered any harm caused by *DeWitt's* conduct.

And there are no allegations indicating that Relator has non-public knowledge of *DeWitt's* practices.

Given Relator's complete failure to establish a cause of action against DeWitt, and the apparent lack of due diligence done by Relator before filing this lawsuit against DeWitt, the Complaint against DeWitt should be dismissed with prejudice.

## STATEMENT OF FACTS[1]

The Complaint states that DeWitt is a private shipping company that provides domestic and international relocation services to the United States Department of State ("DOS") and United States General Services Administration ("GSA"). (Compl. ¶ 18). DeWitt is an approved Transportation Service Provider ("TSP") available through the Centralized Household Goods Traffic Management Program ("CHAMP"). (*Id.*). On July 24, 2019—several months after the government's crackdown on any supposed scheme—the United States provided DeWitt with a Justification Certificate for Use of Foreign Flag Waiver. (Compl. ¶ 42). According to search

---

[1] At this stage, DeWitt must assume all factual allegations in the Complaint. For the record, DeWitt notes that the Complaint has a typographical error regarding DeWitt Companies Limited, LLC, misspelling "DeWitt" as "Dewitt."

results in a public database, DeWitt submitted to the United States a bid of $5,498.90 for the Washington D.C. to London surface or ocean-going portion of the lane, a rate which Relators believe was below market and would have lost DeWitt $1,701.10.  (Compl. ¶ 54).

That is the extent to the allegations against DeWitt.  Three references.

The remainder of the Complaint broadly alleges a scheme to acquire government shipping contracts at lower prices than the competition.  TSPs that participate in CHAMP bid to acquire shipping routes, also known as lanes, from the GSA.  (*Id.* ¶¶ 34–38).  The TSPs selected for lanes must give preference to privately owned U.S. Flag vessels for their routes, but can request permission to use a foreign flag vessel if it certifies that "US flag shipping is not available or . . . the use of the foreign flag shipping is necessary to meet delivery requirements."  (*Id.* ¶ 39).  These foreign flag vessels are, according to Relator, cheaper than their US counterparts.  (*Id.* ¶ 40).  Relator alleges that the Defendants—nominally including DeWitt—submitted "artificially low bids" to acquire the lanes and then knowingly "falsely certif[ied] that no U.S. flag vessel can complete the shipment" in order to a waiver to use a foreign flag vessel.  (*Id.* ¶¶ 48–49).

That is the extent to the allegations regarding any "scheme."

## ARGUMENT

Relator alleges two causes of action against DeWitt.  First, Relator alleges DeWitt presented false claims for payment in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)(A) (the "FCA presentment claim").  Second, Relator alleges DeWitt used/made false statements or records material to false or fraudulent claims in violation of the FCA, 31 U.S.C. § 3729(a)(1)(B) (the "FCA use claim").

Both fail for several reasons.  First, Relator does not plead its claims with sufficient particularity to pass Federal Rule of Procedure 9(b).  Second, Relator does not state sufficient facts

to state a claim against DeWitt.  Third, Relator is not an original source of information for claims against DeWitt.[2]

## I. The Complaint does not state its claims against DeWitt with sufficient particularity.

FCA complaints must meet the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b).  *U.S. ex rel. Clausen v. Lab'y Corp. of Am., Inc.*, 290 F.3d 1301, 1309 (11th Cir. 2002).  Under Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud."  "The key inquiry is whether the complaint includes 'some indicia of reliability' to support the allegation that an actual false claim was submitted." *U.S. v. HPC Healthcare, Inc.*, 723 Fed. Appx. 783, 789 (11th Cir. 2018) (quoting and citing *Clausen*, 290 F.3d at 1311).  To satisfy Rule 9(b) in a FCA case, a complaint must "set[] forth facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Hopper v. Solvay Pharm., Inc*., 588 F.3d 1318, 1324 (11th Cir. 2009).

The Complaint lacks any "indicia of reliability" for claims of fraud by DeWitt.

First, the Complaint fails to set forth *any* facts that would indicate that DeWitt engaged in improper conduct.  The Complaint only references DeWitt three times, none of which set forth the details of allegedly fraudulent acts.  General, conclusory references to the conduct of 12 separate companies collectively defined as "Defendants" are not sufficient.

Second, the Complaint fails to allege an example of a false claim that DeWitt presented to or submitted to the government or any false statement made by DeWitt.  The Eleventh Circuit has repeatedly held that a FCA complaint cannot simply "portray[] the scheme and then summarily

---

[2] In Cartwright International Van Lines, Inc.'s Motion to Dismiss, it argues that Relator's claims also fail because it is a dissolved corporation, unable to bring any claims.  (Dkt. No. 80 at 18–19).  DeWitt wholeheartedly endorses and affirms this argument and urges the Court to dismiss Relator's claims on that basis as well.

4

conclude[] that the defendants submitted false claims to the government." *U.S. ex rel. Atkins v. Mcinteer*, 470 F.3d 1350, 1359 (11th Cir. 2006); *see also HPC Healthcare, Inc.*, 723 Fed. Appx. at 790 (holding that although the complaint "detail[ed] a scheme, [the] complaint [did] not include specific examples of the conduct [the plaintiff] describe[d] or allege[d] the submission of any specific fraudulent claim"); *U.S. ex rel. Seal 1 v. Lockheed Martin Corp.*, 429 Fed. Appx. 818, 820–21 (11th Cir. 2011) (dismissing a complaint that did not allege "the amount of the claims, the number of claims presented," "dates on when such claims were made," "the terms of payment," "what, if any, representations were made by [defendant] at the time it sought payment," nor "how those representations were false or fraudulent.")  Such is the case here.  Relator details a scheme but fails to provide any examples of DeWitt submitting fraudulent claims under the scheme.  At one point, Relators attempt to ground their allegations by creating a chart of how certain rates "skyrocketed" when the DOS began to "crackdown" on the scheme.  (Compl. ¶ 79).  This chart—a lynchpin to Relator's allegations of fraud if one disregards the possibility of other factors for rate changes between 2016 and 2019—*does not even mention DeWitt*.

This is a textbook failure to meet Rule 9(b)'s exacting standards, and Relator's Complaint against DeWitt should be dismissed as a result.

**II.      The Complaint fails to state a claim upon which relief can be granted under the FCA.**

To survive a motion to dismiss for failure to state a claim, the Complaint must "'state a claim to relief that is plausible on its face,' meaning it must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Relator fails to allege sufficient facts to infer that DeWitt is liable under either count.

5

### A. The Complaint does not sufficiently allege the elements of a FCA presentment claim.

To establish a FCA presentment claim, Relator must allege that DeWitt presented a claim for payment that was "(1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false." *U.S. v. Space Coast Med. Assocs., L.L.P.*, 94 F.Supp.3d 1250, 1256 (M.D. Fla. 2015) (quotation and citation omitted). Relator fails to plead sufficient facts at each step.

First, Relator, as discussed above, fails to identify any false or fraudulent claims submitted by DeWitt. They assume that DeWitt would have lost money on one transaction, but they allege no fraudulent or false claims regarding this transaction. They also provide one of DeWitt's waivers by way of example, but that is also not a false claim. That waiver request occurred *after* the government began a supposed crackdown on fraudulent waiver requests. To believe Relator's story, all the fraudulent actors had to stop its scheme after the government crackdown. Therefore, any waiver submitted after it—like the DeWitt example—would not be fraudulent. The Complaint does not identify any waiver requests or bids by DeWitt that are allegedly false or fraudulent.

Second, because Relator does not allege any false or fraudulent claims by DeWitt, it does not allege any false or fraudulent claims were actually presented to the United States.

Third, the Complaint fails to allege that DeWitt acted *knowingly*. There are no factual allegations that DeWitt knowingly submitted a below-market rate while intending to engage in improper conduct. *See U.S. ex rel. McFarland v. Florida Pharm. Sols.*, 358 F.Supp.3d 1316, 1329 (M.D. Fla. 2017) (holding an FCA complaint failed to allege sufficient facts to establish scienter). The Complaint sets forth *some* factual allegations that might suggest this regarding other defendants, but no such allegations about DeWitt.

Fourth, the Complaint fails to allege that the United States suffered any damages caused by DeWitt. Even assuming that there are sufficient allegations about DeWitt's conduct and state of mind in the Complaint, the United States actually would have paid *less* than it would have otherwise and would not have suffered any financial loss. The only entities that may have suffered any harm from the allegations in the Complaint are other companies that Relator believes should have won the business (see Complaint ¶ 50 referring to "tax payer money that should have gone to U.S. flag vessel carriers"), but Relator cannot sue on behalf of those companies here. Moreover, if Relator is simply seeking a fine for each false claim, Relator's failure to allege any false claims by DeWitt establishes no basis for an FCA fine. Even if the conduct alleged by Relator actually happened, and even if the conduct was improper, there is no basis for this to be litigated under the False Claims Act.

### B. The Complaint does not sufficiently allege the elements of a FCA use claim.

To establish a FCA use claim, the Relator must allege that "(1) the defendant made (or caused to be made) a false statement, (2) the defendant knew it to be false, and (3) the statement was material to a false claim." *U.S. ex rel. Phalp v. Lincare Hldgs., Inc.*, 857 F.3d 1148, 1154 (11th Cir. 2017). Again, Relator presents no facts to sufficiently plead this claim as to DeWitt.

First, Relator fails to allege any allegations of false statements made by DeWitt. It lumps DeWitt into general allegations of the scheme but cannot identify even one false statement. Relator includes a DeWitt waiver request, but only by way of example and without allegations of falsity.

Second, as discussed in the preceding section, the Complaint fails to allege any facts regarding scienter.

Third, Relator fails to make allegations regarding the materiality of DeWitt's uncited false statements. If a relator cannot show that failing to comply with a statutory/regulatory requirement is material to the government's decision to pay, their complaint cannot survive a motion to dismiss.

7

*See U.S. v. Norman*, No. 8:15–cv–1506–T–23AEP, 2018 WL 264253, at *2 (M.D. Fla. Jan. 2, 2018) ("*Escobar* holds that liability under the False Claims Act requires proof that the United States would deny reimbursement if the United States were to uncover the defendant's violation of a 'particular statutory, regulatory, or contractual requirement.' . . . In this action, the relator alleges no facts to show or permit an inference that the United States routinely refuses to reimburse a defendant for radiation therapy not supervised by a physician.") (quoting and citing *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2003 (2016)). "The FCA is not a wide-ranging tool to combat failures to comply with even important government regulations." *Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1109 (11th Cir. 2020). Relator provides no facts to show the United States routinely rejected low-bids or waiver requests such as ones supposedly submitted by DeWitt. In fact, Relator alleges the opposite and states the United States routinely *granted* waiver requests. Therefore, Relator presents no facts to permit an inference that any false statements made by DeWitt were material to any false claims.

### III. The public disclosure bar prohibits Relator's claims against DeWitt.

FCA's public disclosure bar prevents *qui tam* lawsuits based solely on publicly disclosed information. Whether the bar applies depends on a three part test:[3] "(1) have the allegations made by the plaintiff been publicly disclosed;" (2) are the allegations made by the plaintiff "substantially the same" as the allegations contained in the public disclosures; and (3) "if yes, is the plaintiff an 'original source' of that information." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 (11th Cir. 2015) (quoting and citing *Cooper v. Blue Cross Blue Shield of Florida, Inc.*, 19 F.3d 562, 565 n. 4 (11th Cir.1994)).

---

[3] The Complaint alleges DeWitt began providing relocation services to the GSA and Department of State in 2012. As this is after the 2010 amendments to the public disclosure bar, only the post-amendment standard will be considered.

8

The only non-public information contained in the Complaint has nothing to do with DeWitt. Relator cites to and describes communications among "top executives" in 2019. (Compl. ¶ 84). But these executives are *not* associated with DeWitt.

Regarding DeWitt, Relator has made no allegations indicating personal knowledge of any improper conduct by DeWitt or establishing information about DeWitt of which the government was not already aware. All that Relator appears to have done regarding DeWitt is check a government database for rates that looked low to the Relator. (*See* Compl. ¶ 54). Moreover, Relator's own allegations shows that multiple people were raising concerns to the government about the allegedly improper conduct in 2018, possibly even before Relator did. (*See* Compl. ¶ 78 ("In 2018, Relator *and others* began raising concerns about the fraudulent practices" (emphasis added))).

To the extent Relator has any non-public information, it is not about DeWitt. Therefore, the public disclosure bar prevents Relator's claims as to DeWitt.

## CONCLUSION

Whatever merits the Complaint may have against other defendants who actually are mentioned more than three times, the Complaint clearly fails with regards to DeWitt. Relator appears to have conducted a woefully inadequate investigation of DeWitt before lumping it into this action in the hopes of getting a share of a bigger settlement if the government had intervened. Accordingly, the Complaint against DeWitt should be dismissed with prejudice.

Dated:   July 28, 2021                                Respectfully submitted,

                                                     */s/ Matthew J. Langley*
                                                     Matthew J. Langley (FL #097331)
                                                     Stephen Chahn Lee (*admitted pro hac vice*)

                BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL  60606-4637
Telephone:	312-212-4949
Facsimile:	312-767-9192
Email:	mlangley@beneschlaw.com
	slee@beneschlaw.com

Michael B. Silverstein (*admitted pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
41 South High St., Suite 2600
Columbus, OH 43215-6164
Telephone:	614-223-9300
Facsimile:	614-223-9330
Email:	msilverstein@beneschlaw.com

*Attorneys for Dewitt Companies Limited, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing *DEFENDANT DEWITT COMPANIES LIMITED LLC'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW* was filed electronically on this 28th day of July, 2021, with the Clerk of Court using the ECF system, which will send notifications of such to all counsel of record.

                                                 */s/ Matthew J. Langley*
                                                 Matthew J. Langley

**SERVICE LIST**

James A. Weinkle
Assistant United States Attorney
Office of the United States Attorney
Southern District of Florida
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
James.Weinkle@usdoj.gov
*Counsel for United States of America*

Ryon M. McCabe
McCabe Rabin, P.A.
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
rmccabe@mccaberabin.com
*Counsel for Sedona Partners LLC*

Justin T. Berger
Cotchett, Pitre & McCarthy
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
jberger@cpmlegal.com
*Counsel for Sedona Partners LLC*

Paul E. Pelletier
Law Offices of Paul E. Pelletier
3500 Morningside Drive
Fairfax, VA 22031
pepelletier3@gmail.com
*Counsel for Sedona Partners LLC*

Sarvenaz J. Fahimi
Cotchett, Pitre & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
sfahimi@cpmlegal.com
*Counsel for Sedona Partners LLC*

Christopher Wayne Wadsworth
Wadsworth, Margrey & Dixon, LLP
261 N.E. 1st Street, 5th Floor
Miami, FL 33132
cw@wadsworth-law.com
*Counsel for Able Moving & Storage Inc.*

Ghislaine Torres Bruner
Polsinelli PC
1401 Lawrence St., #2300
Denver, CO 80202
gbruner@polsinelli.com
*Counsel for Cartwright International Van Lines Inc.*

Gregory Alan Hearing
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
gregory.hearing@gray-robinson.com
*Counsel for Coleman American Moving Services Inc.*

Justin Canner Sorel
Cole Scott & Kissane
1645 Palm Beach Lakes Boulevard, 2nd Floor
West Palm Beach, FL 33401
justin.sorel@csklegal.com
*Counsel for Hilldrup Companies Inc.*

Barry Adam Postman
Cole Scott & Kissane
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33417
barry.postman@csklegal.com
*Counsel for Hilldrup Companies Inc.*

Kristin D. Kiehn
Maura K. Monaghan
Melanie M. Burke
Debevoise & Plimpton LLP
919 Third Ave
New York, NY 10022
kdkiehn@debevoise.com
mkmonaghan@debevoise.com
mburke@debevoise.com
*Counsel for Hilldrup Companies Inc.*

Michael Isaac Kessler
O'Hagan Meyer
21550 Oxnard Street, Suite 1050
Woodland Hills, CA 91367
mkessler@ohaganmeyer.com
*Counsel for J.K. Moving & Storage Inc.*

Robert Eric Bilik
Sean Patrick Walsh
McGuire Woods
50 N Laura Street, Suite 3300
PO Box 4099
Jacksonville, FL 32201-4099
ebilik@mcguirewoods.com
swalsh@mcguirewoods.com

Robert Mark Borak
Spector Rubin, P.A.
3250 Mary Street, Suite 405
Miami, FL 33133
robert.borak@spectorrubin.com
*Counsel for Paramount Transportation Systems*

Craig Bennett Shapiro
Buchbinder & Elegant, P.A.
46 S.W. 1 Street, 4th Floor
Miami, FL 33130
cshapiro@belaw.cc
*Counsel for Western Express Forwarding LLC*

Thomas F. Murphy
Friedlander Misler, PLLC
5335 Wisonsin Avenue, NW, Suite 600
Washington, DC 20015
tmurphy@dclawfirm.com
*Counsel for Western Express Forwarding LLC*

Andrew Michael Gordon
Hinshaw & Culbertson LLP
1 East Broward Blvd., Suite 1010
Fort Lauderdale, FL 33301
agordon@hinshawlaw.com
*Counsel for New World Van Lines Inc.*

Brian R. Zeeck
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
bzeeck@hinshawlaw.com
*Counsel for New World Van Lines Inc.*

Robert Harris
Sammy Epelbaum
Stack Fernandez & Harris, P.A.
1001 Brickell Bay Drive, Suite 2650
Miami, FL 33131
rharris@stackfernandez.com
sepelbaum@stackfernandez.com
*Counsel for Paxton Van Lines Inc.*

Stuart A. Berman
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue, Suite 700
Bethesda, MD 20814
saberman@lerchearly.com
*Counsel for Paxton Van Lines Inc.*