UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SEDONA PARTNERS LLC,<br><br>    Plaintiff,<br>vs.<br><br>ABLE MOVING & STORAGE, INC., *et al.*,<br><br>    Defendants. | Case No: 1:20-cv-23242-BB |

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY
AND STAY INITIAL DISCLOSURES PENDING
THE RESOLUTION OF MOTIONS TO DISMISS**

Defendants Able Moving & Storage, Inc. ("**Able**"), Cartwright International Van Lines, Inc. ("**Cartwright**"), Coleman American Moving Services, Inc. ("**Coleman**"), DeWitt Companies Limited LLC ("**DeWitt**"), Hilldrup Companies, Inc. ("**Hilldrup**"), J.K. Moving & Storage, Inc. ("**J.K. Moving**"), New World Van Lines, Inc. ("**New World**"), Paramount Transportation Systems ("**Paramount**"), Paxton Van Lines, Inc. ("**Paxton**"), and Western Express Forwarding LLC ("**Western Express**") (each "**Defendant**" and collectively "**Defendants**") respectfully submit this joint motion for stay of discovery, including a stay of Rule 26 initial disclosures, pending the resolution of the various pending motions to dismiss *qui tam* relator Sedona Partners LLC's ("**Relator**") Complaint.[1] The Court "has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (citation omitted). This case represents precisely the circumstances in which a stay is warranted to avoid needless waste of judicial and party resources.

---

[1] ECF Nos. 80, 100, and 137.

Relator pleads no facts supporting its accusation that fraudulent conduct occurred when each Defendant, acting independently of one another, submitted bids or waiver requests to the United States government. Heaping a discovery obligation on Defendants now, before the Court has even had an opportunity to determine whether the Complaint satisfies Rule 9(b) of the Federal Rules of Civil Procedure and its other manifest deficiencies, would impose tremendous financial and reputational costs on Defendants where Relator has no proper basis for bringing the claims at issue. Indeed, "[w]hen a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendants' goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements. . . . This is especially so in cases involving the False Claims Act." *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1313 n. 24 (11th Cir. 2002) (citation omitted). *See also U.S. ex rel. v. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504. (6th Cir. 2008) (noting that one of Rule 9(b)'s main purposes is to "discourage fishing expeditions and strike suits which appear more likely to consume a defendant's resources than to reveal evidences of wrongdoing") (citation and internal quotation marks omitted).

Allowing Relator to proceed to discovery in these circumstances would sanction the exact type of fishing expedition Rule 9(b) is designed to prevent. If Relator could have alleged a single particularized example of fraud engaged in by Defendants, it surely would have done so. As noted previously by the Eleventh Circuit, "[t]he particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (citation omitted). The Eleventh Circuit's reasoning is clear:

> If given such a ticket [to proceed through discovery without identifying a single claim], the next stage of [the] litigation is clear. The Plaintiff will request production of every ... claim submitted by the Defendant [during the time period corresponding to Plaintiff's claims]. At that point, the Defendant may decide to settle the case to avoid the enormous cost of such discovery and the possible disruption of its ongoing business. On the other hand, the Defendant may choose to

resist the discovery. In that case, the Court will be presented with the dilemma of allowing an unlimited fishing expedition or no discovery at all because of the difficulty in fashioning logical and principled limits on what has to be produced. The particularity requirement of Rule 9(b), if enforced, will not only protect defendants against strike suits, but will result in claims with discernable boundaries and manageable discovery limits.

*Id.* at 1359–60.

Moving to discovery would burden Defendants financially and harm them reputationally. Relator's failure to allege any fact against Defendants with particularity should bar it from proceeding to discovery at this point. Further, a stay would not prejudice Relator in any way. Relator first filed this action under seal over *one year ago*. The Complaint's only allegations are from publicly available sources. Relator is not the original source of that information (as required by the FCA). But even if it were: those allegations do nothing to tie Defendants to the alleged scheme at issue and thus do not satisfy Rule 9(b).

Based on the foregoing, a stay is warranted.

Dated: August 9, 2021

By: */s/ Irene Oria*
Irene Oria, Esq., Fla. Bar No. 484570
Robert T. Wright, Jr., Esq., Fla. Bar No. 185525
irene.oria@fisherbroyles.com
robert.wright@fisherbroyles.com
FISHERBROYLES, LLP
199 E. Flagler St. #550
Miami, FL 33131
Telephone: 786.536.2838

*Counsel for Able Moving & Storage, Inc.*

By: */s/ Ghislaine G. Torres Bruner*
Ghislaine G. Torres Bruner, Esq., Fla. Bar No. 546321
gbruner@polsinelli.com
POLSINELLI PC
1111 Brickell Avenue, Suite 2800
Miami, FL 33131
Telephone: 305.921.1800

Noam B. Fischman
*Appearing pro hac vice*
nfischman@polsinelli.com
POLSINELLI PC
1401 I ("Eye") St., NW, Suite 800
Washington, DC 20005
Telephone: 202.783.3300

Maria Fernanda Hubbard
*Appearing pro hac vice*
mhubbard@polsinelli.com
POLSINELLI PC
One East Washington Street, Suite 1200
Phoenix, Arizona 85004
Telephone: 602.650.2000

*Counsel for Defendant Cartwright International Van Lines, Inc.*


By: */s/ Aryeh Lev Kaplan*
Aryeh L. Kaplan Esq., Fla. Bar No. 60558
Ariella J. Ederi, Esq., Fla. Bar No. 1002965
aryeh.kaplan@pillsburylaw.com
ariella.ederi@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Avenue
Suite 3100
Miami, FL 33131
Telephone: 786.913.4883

4

Thomas C. Hill
Alexis N. Wansac
*Appearing pro hac vice*
thomas.hill@pillsburylaw.com
alexis.wansac@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202.663.8000

*Counsel for Defendant Coleman American Moving Services, Inc.*


By: */s/ Matthew J. Langler*
Matthew J. Langley, Esq., Fla. Bar No. 097331
Stephen Chahn Lee
*Appearing pro hac vice*
mlangley@beneschlaw.com
slee@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL  60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192

Michael B. Silverstein, Esq.
*Appearing pro hac vice*
msilverstein@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
41 South High St., Suite 2600
Columbus, OH 43215-6164
Telephone: 614.223.9300
Facsimile: 614.223.9330

*Counsel for Defendant DeWitt Companies Limited LLC*

5

By: /s/ Justin C. Sorel
Justin C. Sorel, Esq., Fla. Bar No. 0016256
Barry Postman, Esq., Fla. Bar No. 991856
Justin.Sorel@csklegal.com
Barry.Postman@csklegal.com
COLE, SCOTT & KISSANE P.A.
222 Lakeview Ave., Suite 120
West Palm Beach, Florida 33401
Telephone: 561.383.9229

Maura K. Monaghan
Kristin D. Kiehn
Melanie M. Burke
*Appearing pro hac vice*
mkmonaghan@debevoise.com
kdkiehn@debevoise.com
mburke@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000

*Counsel for Defendant Hilldrup Companies, Inc.*

By: /s/ Michael I. Kessler
Michael Isaac Kessler, Esq., Fla. Bar No. 117784

mkessler@ohaganmeyer.com
O'HAGAN MEYER, PLLC
21550 Oxnard Street, Suite 1050
Woodland Hills, CA 91367
Telephone: 213.306.1610

Alan D. Albert, Esq.
*Appearing pro hac vice*
AAlbert@ohaganmeyer.com
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
Telephone: 804.403.7144

        C. Quinn Adams, Esq.
        Charles G. Meyer, III, Esq.
        Charles M. Sims, Esq.
        *Appearing pro hac vice*
        CAdams@ohaganmeyer.com
        CMeyer@ohaganmeyer.com
        CSims@ohaganmeyer.com
        OHagan Meyer, PLLC
        411 East Franklin Street, Suite 500
        Richmond, VA 23219
        Telephone: 804.403.7125

        *Counsel for J.K. Moving & Storage, Inc.*


        By: */s/ Andrew Michael Gordon*
        Andrew Michael Gordon, Esq., Fla. Bar No. 68886
        agordon@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        1 East Broward Blvd., Suite 1010
        Fort Lauderdale, FL 33301
        Telephone: 954.467.7900

        Brian R. Zeeck
        *Appearing pro hac vice*
        bzeeck@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        151 North Franklin Street, Suite 2500
        Chicago, IL 60606
        Telephone: 312.704.3028

        *Counsel for New World Van Lines Inc.*


        By: */s/ Robert M. Borak*
        Robert M. Borak, Esq., Fla. Bar. No. 015923
        Andrew R. Spector, Esq., Fla. Bar. No. 634093
        Robert.Borak@spectorrubin.com
        Andrew.Spector@spectorrubin.com
        SPECTOR RUBIN, P.A.
        3250 Mary Street, Suite 405
        Miami, Florida 33133
        Telephone: 305.537.2000

        *Counsel for Defendant, Paramount Transportation Systems, Inc.*

By: */s/ Robert Harris*
Robert Harris, Esq., Fla. Bar No. 817783
rharris@stackfernandez.com
STACK FERNANDEZ & HARRIS, P.A.
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Telephone: 305.371.0001

Stuart A. Berman
*Appearing pro hac vice*
saberman@lerchearly.com
LERCH EARLY & BREWER, CHTD.
7600 Wisconsin Avenue Center, Suite 700
Bethesda, Maryland 20814
Telephone:  301.657.0729

*Counsel for Defendant Paxton Van Lines, Inc*


By: */s/ Craig B. Shapiro*
Craig B. Shapiro, Esq., Fla. Bar ID 105295
cshapiro@belaw.cc
BUCHBINDER & ELEGANT, P.A.
46 S.W. 1st Street, 4th Floor
Miami, Florida 33130
Telephone:  305.358.1515

Thomas F. Murphy, Esq.
*Appearing pro hac vice*
tmurphy@dclawfirm.com
FRIEDLANDER MISLER, PLLC
5335 Wisconsin Avenue, N.W., Suite 600
Washington, DC  20015
Telephone:  202.872.0800

*Counsel for Defendant Western Express Forwarding, LLC*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion but has been unable to do so. Specifically, on August 2, 2021, Defendants attempted in good faith to confer with Plaintiff about this motion to stay discovery as part of their discussions of their global discovery plan pursuant to Local Rule 16.1(b).

By: */s/ Aryeh L. Kaplan*
Aryeh L. Kaplan
Florida Bar No. 60558

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court for the Southern District of Florida using the CM/ECF document filing system, which will send transmissions of Notices of Electronic Filing on all Counsel of Record.

By: */s/ Aryeh L. Kaplan*
Aryeh L. Kaplan
Florida Bar No. 60558