**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-23242-BLOOM/Louis**

UNITED STATES OF AMERICA *ex rel.*
SEDONA PARTNERS LLC,

      Plaintiff/Relator,

v.

ABLE MOVING & STORAGE, INC.; ARPIN
VAN LINES, INC.; CARTWRIGHT
INTERNATIONAL VAN LINES, INC.;
COLEMAN AMERICAN MOVING SERVICES,
INC.; DEWITT COMPANIES LIMITED, LLC;
HILLDRUP COMPANINES, INC.; J.K. MOVING
& STORAGE INC.; MAYFLOWER TRANSIT,
LLC; NEW WORLD VAN LINES, INC.;
PARAMOUNT TRANSPORTATION SYSTEMS;
PAXTON VAN LINES, INC.; and WESTERN
EXPRESS FORWARDING, LLC,

      Defendants.
_____/

## ORDER ON MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendants Able Moving & Storage, Inc. ("Able"), Arpin International Group, Inc. ("Arpin"), Cartwright International Van Lines, Inc. ("Cartwright"), Coleman American Moving Services, Inc. ("Coleman"), DeWitt Companies Limited LLC ("DeWitt"), Hilldrup Companies, Inc. ("Hilldrup"), J.K. Moving & Storage, Inc. ("J.K. Moving"), New World International, Ltd. ("New World"), Paramount Transportation Systems ("Paramount"), Paxton Van Lines, Inc. ("Paxton"), and Western Express Forwarding LLC's ("Western Express") (each "Defendant" and collectively "Defendants") Joint Motion to Stay Discovery and Stay Initial Disclosures Pending the Resolution of Motions to Dismiss, ECF No. [156] ("Motion to Stay"). Relator Sedona Partners, LLC ("Sedona") filed a Response in

Opposition, ECF No. [174] ("Response"), to which Defendants filed a Reply, ECF No. [185] ("Reply"). The Court has carefully reviewed the Motion to Stay, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

I. BACKGROUND

On August 20, 2021, Plaintiff the United States of America ("United States"), by and through Relator Sedona, filed its First Amended Complaint, ECF No. [149] ("Complaint"), regarding thousands of fraudulent bids to obtain shipping contracts through the United States Department of State (DOS) under the supervision and guidance of the United States General Services Administration (GSA). The Complaint alleges that from 2008 through 2018, Defendants engaged in a fraudulent scheme to work around the "America-First" policy through two false submissions to the government. *Id.* ¶ 5. First, Defendants submitted fraudulent low-ball bids in order to capture awards for very competitive shipping routes. *Id.* ¶ 6. Second, in order to profit on their low-ball bids, Defendants submitted thousands of false foreign flag waivers, requesting permission to use lower costing foreign flag vessels, by fraudulently certifying that no U.S. flag vessels were available to carry-out shipments or that a foreign flag vessel was necessary to meet delivery requirements. *Id.* ¶ 7.

The Complaint asserts the following two counts against Defendants: presenting false claims in violation of the False Claims Act 31 U.S.C. § 3729(a)(1)(A) (Count I); and making or using false records or statements material to payment or approval of false claims in violation of the False Claims Act 31 U.S.C. § 3729(a)(1)(B) (Count II). *Id.* ¶¶ 81-91. On August 24, 2021, J.K. Moving moved to dismiss the Complaint, ECF No. [150], to which Sedona filed a Response, ECF No. [170], and to which J.K. Moving filed a Reply, ECF No. [175]. On the same date, Defendants

Able, Arpin, Coleman, Hilldrup, New World, Paramount, Paxton, and Western Express jointly moved to dismiss the Complaint, ECF No. [153], to which Sedona filed a Response, ECF No. [173], and to which the moving Defendants filed a Reply, ECF No. [186]. Also, on the same date, DeWitt moved to dismiss the Complaint, ECF No. [155], to which Sedona filed a Response, ECF No. [172], and to which DeWitt filed a Reply, ECF No. [182]. Finally, on the same date, Cartwright moved to dismiss the Complaint, ECF No. [162], to which Sedona filed a Response, ECF No. [171], and to which Cartwright filed a Reply, ECF No. [187].

On August 24, 2021, Defendants also filed their Motion to Stay, ECF No. [156], to which Sedona filed a Response, ECF No. [174],[1] and to which Defendants filed a Reply, ECF No. [185]. On September 17, 2021, Sedona filed a notice of settlement as to DeWitt, ECF No. [200], and the Court stayed deadlines pertaining to DeWitt only, ECF No. [201]. J.K. Moving's Motion to Dismiss, ECF No. [150], Able, Arpin, Coleman, Hilldrup, New World, Paramount, Paxton, and Western Express's Motion to Dismiss, ECF No. [153], and Cartwright's Motion to Dismiss, ECF No. [162] (collectively, "Motions to Dismiss") are still pending before the Court. As such, the Motion to Stay is ripe for review as it pertains to all Defendants other than DeWitt.

## II. LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses

---

[1] Sedona's Response only names a subset of defendants and omits J.K. Moving, DeWitt, and Cartwright. ECF No. [174] at 1. However, because Sedona's filing is in response to the "Joint Motion to Stay Discovery and Stay Initial Disclosures Pending the Resolution of Motions to Dismiss," *id.*, the Court finds that Sedona has not waived its arguments against the three unnamed defendants who joined the Motion to Stay.

3

and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

**III.   DISCUSSION**

As an initial matter, the Court does not find that Defendants have demonstrated discovery would be unduly burdensome, much less made a "specific showing" of prejudice or difficulty that is required to impose a stay on discovery. *See Montoya*, 2014 WL 2807617 at *2 (conclusory statements regarding burdensome discovery could not support stay); *Ray*, 2012 WL 5471793, at *3 (rejecting stay where defendant "ha[d] not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay"). In order to support their argument that

they will be prejudiced if the stay is not granted, Defendants cite *Zarrella v. Pac. Life Ins. Co.*, 809 F. Supp. 2d 1357, 1366 (S.D. Fla. 2011), where the court granted a stay of discovery. However, the defendants in *Zarrella* made a specific showing of how they would be prejudiced. *See* 809 F. Supp. 2d at 1372-73. In this case, Defendants have not made a specific showing of prejudice and merely assert that they will suffer "financial and reputational costs." ECF No. [156] at 2. As such, Defendants' argument is unpersuasive.

Furthermore, having taken a "preliminary peek" at the pending Motions to Dismiss and related filings, the Court finds that this case is not one in which the Motions to Dismiss is clearly meritorious and truly case dispositive. *See S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *1-2 (S.D. Fla. Jan. 24, 2007) (rejecting stay where defendant raised colorable legal defenses, but plaintiff presented strong rebuttal arguments that could result in its claims surviving a motion to dismiss); *Ray*, 2012 WL 5471793, at *2 (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone*, 2008 WL 2906719, at *2 (rejecting stay where court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); *Montoya*, 2014 WL 2807617, at *2 (rejecting stay where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be"). In this case, each of the Motions to Dismiss raise insufficiencies in Sedona's pleadings, which do not suggest that the Motions to Dismiss are clearly meritorious and truly case dispositive. ECF Nos. [150]; [153]; [162].

More specifically, Defendants' arguments in favor of staying discovery rest on the notion that their Motions to Dismiss are meritorious and case dispositive in light of the pleading standard required by Rule 9(b) of the Federal Rules of Civil Procedure. ECF Nos. [156] at 2-3; [185] at 3.

5

Defendants mostly rely on two cases from the Eleventh Circuit Court of Appeals. First, Defendants note that, "[w]hen a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendants' [*sic*] goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements. . . . This is especially so in cases involving the False Claims Act." ECF No. [156] at 1-2; *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002) (citation omitted). Defendants also argue that, "[t]he particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim." ECF No. [156] at 2; *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (citation omitted).

However, *Clausen* is distinguishable from the instant case in that the relator in *Clausen* merely alleged, without any other evidence, that "[defendant's] practices resulted in the submission of false claims for payment to the United States." 290 F.3d at 1312. The court in *Clausen* noted that "No amounts of charges were identified. No actual dates were alleged. No policies about billing or even second-hand information about billing practices were described . . . . No copy of a single bill or payment was provided." *Id.* In this case, a preliminary peek at the Complaint reveals much more detail than the complaint in *Clausen*. ECF No. [149]. Furthermore, *Atkins* is similarly distinguishable from the present case because the relator in *Atkins* provided no evidence showing that the defendants actually submitted false claims but merely outlined the scheme and summarily concluded that the defendants executed the scheme by submitting false claims. *See Atkins*, 470 F.3d at 1359.[2]

---

[2] Defendants also cite *Laine v. Jetsmarter, Inc.*, No. 18-cv-62969, "Paperless Order Granting Motion for Extension of Time," ECF No. [16] (S.D. Fla. January 23, 2019) and *Bachewicz v. Jetsmarter, Inc.*, No. 18-cv-62570, "Order on Motion for Stay," ECF No. [29], (S.D. Fla. Feb. 21, 2019), in which this Court granted stays. ECF No. [156] at 2. Both cases involved the same set of defendants on related matters. However, the

As such, the Court cannot conclude at this juncture that the Motions to Dismiss will be granted and, even if so, whether such dismissal would be of the Complaint in its entirety and with prejudice. Nor is the Court persuaded that Defendants would be so burdened by engaging in discovery before the Motions to Dismiss are resolved.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [156]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 11, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

two cases are distinguishable from the present case because the stay in *Laine* was in response to an *unopposed* motion for a stay, which the Court considered appropriate given the circumstances, and the stay in *Bachewicz* was granted partly because the stay in *Laine* involved the same defendants on related matters.