UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23242-BLOOM/Otazo-Reyes

UNITED STATES OF AMERICA *ex rel.*
SEDONA PARTNERS LLC,

    Plaintiff/Relator,

v.

ABLE MOVING & STORAGE, INC.; ARPIN
VAN LINES, INC.; CARTWRIGHT
INTERNATIONAL VAN LINES, INC.;
COLEMAN AMERICAN MOVING SERVICES,
INC.; DEWITT COMPANIES LIMITED, LLC;
HILLDRUP COMPANINES, INC.; J.K. MOVING
& STORAGE INC.; MAYFLOWER TRANSIT,
LLC; NEW WORLD VAN LINES, INC.;
PARAMOUNT TRANSPORTATION SYSTEMS;
PAXTON VAN LINES, INC.; and WESTERN
EXPRESS FORWARDING, LLC,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendant J.K. Moving & Storage, Inc.'s ("J.K.") Motion to Dismiss First Amended Complaint, ECF No. [150] ("J.K.'s Motion"), Defendants Able Moving & Storage, Inc. ("Able"), Arpin International Group, Inc. ("Arpin"), Coleman American Moving Services, Inc. ("Coleman"), Hilldrup Companies, Inc. ("Hilldrup"), New World International, Ltd. ("New World"), Paramount Transportation Systems ("Paramount"), Paxton Van Lines, Inc. ("Paxton"), and Western Express Forwarding, LLC's ("Western Express") (collectively, "Able Group Defendants") Joint Motion to Dismiss the First Amended Complaint, ECF No. [153] ("Able Group Defendants' Motion"), and Defendant Cartwright International Van Lines, Inc.'s ("Cartwright") Motion to Dismiss Amended Complaint, ECF No. [162]

("Cartwright's Motion"). With regard to J.K.'s Motion, Relator Sedona Partners LLC ("Relator" or "Sedona") filed a Response in Opposition, ECF No. [170] ("Response to J.K."), to which J.K. filed a Reply, ECF No. [175] ("J.K.'s Reply"). With regard to the Able Group Defendants' Motion, Relator filed a Response in Opposition, ECF No. [173] ("Response to Able Group"), to which the Able Group Defendants filed a Reply, ECF No. [186] ("Able Group Defendants' Reply"). With regard to Cartwright's Motion, Relator filed a Response in Opposition, ECF No. [171] ("Response to Cartwright"), to which Cartwright filed a Reply, ECF No. [187] ("Cartwright's Reply").

Magistrate Judge Alicia Otazo-Reyes issued a Report and Recommendations ("R&R"), recommending that the Motions to Dismiss be granted with leave to replead. *See* ECF No. [207]. Relator timely filed objections, ECF No. [212] ("Relator's Objections"), arguing that the Motions to Dismiss should not be granted. J.K., Able Group Defendants, and Cartwright (collectively, "Defendants") timely filed a joint objection, ECF No. [211] ("Defendants' Objection"), seeking clarification that Relator's leave to replead will be subject to Eleventh Circuit precedent that prohibits any information obtained through discovery from being used in an amended complaint.[1] The Parties filed their respective Responses to the Objections, ECF Nos. [214], [215]. The Court has conducted a *de novo* review of the R&R and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court determines that Relator's

---

[1] The remaining Defendant, DeWitt Companies Limited, LLC ("DeWitt"), filed a separate Motion to Dismiss, ECF No. [155], which was denied as moot after DeWitt and Relator filed a Joint Notice of Proposed Settlement, ECF Nos. [201], [208]. However, on January 13, 2022, Relator reported that Relator is no longer willing to enter into a settlement with DeWitt and requested that DeWitt be allowed to re-file its Motion to Dismiss. *See* ECF No. [213]. DeWitt filed a Motion for Reconsideration requesting that the Court consider DeWitt's Motion to Dismiss rather than order DeWitt to re-file its Motion to Dismiss. *See* ECF No. [217]. Because this Order dismisses Relator's FAC, DeWitt's Motion to Dismiss, upon re-filing or upon reconsideration, would be denied as moot since it pertains to the FAC. DeWitt may file a renewed Motion to Dismiss if and when Relator files its second amended complaint. Any references in this Order to "Defendants" is to the ten (10) Defendants, and not DeWitt.

2

Objections are without merit and that Defendants' Objection is without merit. The Court thus adopts the R&R.

## I.  BACKGROUND

On August 20, 2021, Relator filed the First Amended Complaint ("FAC"), asserting two counts against all Defendants: (1) presenting false claims in violation of the False Claims Act ("presentment claim"); and (2) making or using false records or statements material to payment or approval of payment in violation of the False Claims Act ("make-or-use claim"). *See generally* ECF No. [149]. The FAC alleges that Defendants submitted "low-ball bids" from 2008 to 2018 to obtain shipping contracts from the United States Department of State ("DOS"). ECF No. [149] ¶¶ 5-6. According to the FAC, Defendants then submitted false foreign flag waivers, claiming that there were no U.S. flag vessels available and requesting permission to use foreign flag vessels. *See id.* ¶ 7. The use of cheaper foreign flag vessels, rather than more expensive U.S. flag vessels, allowed Defendants to earn a profit despite the low-ball bids. *See id.* ¶¶ 70-72. Relator alleges that Defendants' use of foreign flag vessels in such a manner fraudulently circumvented the "America First" policy. *See id.* ¶ 9.

On December 16, 2021, Magistrate Judge Otazo-Reyes issued her R&R, recommending that the Motions to Dismiss be granted with one opportunity to replead. *See* ECF No. [207] at 17. The R&R states that: (1) the FAC is a shotgun pleading; (2) Relator failed to plead fraud with particularity as required by Rule 9(b); (3) Defendants' low-ball bids do not support Relator's FCA claims; (4) Relator does not state a presentment claim or a make-or-use claim; and (5) Relator has not overcome the public disclosure bar. *See id.* at 14-17. On December 30, 2021, Relator filed its Objections, arguing that Magistrate Judge Otazo-Reyes erred because: (1) the FAC is not a shotgun pleading; (2) the R&R did not apply the the Rule 9(b) pleading standard appropriately; and (3) the

public disclosure bar does not apply in this case. *See* ECF No. [212] at 5. On the same date, Defendants filed their joint Objection, in which Defendants do not object to the R&R but seek clarification that Relator's leave to replead will be in accordance with Eleventh Circuit precedent that prohibits Relator from using discovery materials as the factual basis for its amended complaint. *See* ECF No. [211] at 2. On January 13, 2022, the Parties filed their respective Responses to the Objections. *See* ECF Nos. [214], [215].

## II.     LEGAL STANDARD

### a. Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### b. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)).

Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted). According to the Eleventh Circuit,

5

"[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

"Generally, when 'a more carefully drafted complaint' might state a claim, the plaintiff must be given a chance to amend before dismissal." *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951, 955 (11th Cir. 2019) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). "However, the district court need not provide such an opportunity where the plaintiff has repeatedly failed to cure deficiencies in his complaint through previous amendments or where amendment would be futile." *Id.* (quoting *Bryant*, 252 F.3d at 1163).

### c. Rule 9(b) Pleading Standard

Generally, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

6

In addition to Rule 8(a)'s short and plain statement requirement, Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) thus forces a plaintiff to "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002), and "requires that a complaint plead facts giving rise to an inference of fraud," *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x. 81, 86 (11th Cir. 2008). This requirement is intended to alert defendants to the "precise misconduct with which they are charged." *Durham v. Bus. Mgmt. Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)); *see also Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) ("The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." (internal quotation and citation omitted)). The Eleventh Circuit has held that a party satisfies the particularity requirement for fraud when the pleading sets forth: (1) precisely what statements were made; (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) it; (3) the content of such statements and the manner in which they caused the plaintiff to be misled; (4) what the defendants obtained as a result of the fraud. *See Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1236 (S.D. Fla. 2011) (citing *Ziemba*, 256 F.3d at 1202).

### d. FCA and the Public Disclosure Bar

The FCA imposes liability on any person who:

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

31 U.S.C. § 3729(a)(1).

In regard to a presentment claim, the Eleventh Circuit has held that "a relator must allege the actual submission of a false claim" and "offer some indicia of reliability . . . to support the allegation of an actual false claim for payment being made to the government." *Carrel v. AIDS Healthcare Found., Inc.*, 898 F.3d 1267, 1275 (11th Cir. 2018) (internal quotation marks and citation omitted). In regard to a make-or-use claim, the Eleventh Circuit has determined that an "FCA relator must allege: (1) a false record or statement; (2) the defendant's knowledge of the falsity; (3) that the defendant made, used, or caused to be made or used a false statement or record; (4) for the purpose to conceal, avoid, or decrease an obligation to pay money to the government, and; (5) the materiality of the misrepresentation." *See U.S. ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1224 (11th Cir. 2012). Further, "[i]n order to plead the submission of a false claim with particularity, a relator must identify the particular document and statement alleged to be false, who made or used it, when the statement was made, how the statement was false, and what the defendants obtained as a result." *See id.* at 1225.

The FCA has a public disclosure bar that forecloses FCA claims based on publicly disclosed information, unless the relator is the original source of the information. The FCA states in relevant part:

> (A) The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—
>   (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>   (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
>   (iii) from the news media,
>   unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). The FCA further defines "original source" as follows:

8

> (B) For purposes of this paragraph, "original source" means an individual who either
> > (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or
> > (2) [*sic*] who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(B). The Eleventh Circuit has held that if the relator's allegations have been publicly disclosed and are "substantially the same" as the information in public disclosures, then the claims must be dismissed, unless the relator is the original source of the information. *See U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 (11th Cir. 2015) (quoting 31 U.S.C. § 3730(e)(4) (2010)) (applying a modified three-prong test for the public disclosure bar).

### III. ANALYSIS

#### a. Relator's Objections

Relator raises three objections to the R&R: (1) the FAC is not a shotgun pleading; (2) the FAC meets Rule 9(b) pleading standards as applied in FCA cases; and (3) the public disclosure bar does not apply to this case. *See* ECF No. [212] at 5. The Court addresses each objection in turn.

#### i. Shotgun Pleading

First, the Able Group Defendants argue that the FAC is a shotgun pleading in their Motion to Dismiss. *See* ECF No. [153] at 10. According to the Able Group Defendants, the FAC combines claims against eleven (11) separate, unrelated Defendants under both counts without specifying how each Defendant committed each purported act. *See id.*[2] In its Response to the Able Group

---

[2] J.K.'s Motion to Dismiss argues that the FAC is a "vague and conclusory group pleading," but does not expressly argue that the FAC is a shotgun pleading. *See* ECF No. [150] at 21.

9

Defendants, Relator contends that the FAC pleads Relator's claims with sufficient particularity but does not otherwise address the group pleading practice. *See* ECF No. [173] at 13-19.

The R&R finds that the FAC is a shotgun pleading because Relator makes general allegations against Defendants as a group, without pointing to any specific conduct for each Defendant. *See* ECF No. [207] at 14. In regard to the low-ball bids, the FAC only references five (5) Defendants. *See id.* (citing ECF No. [149] ¶ 53). Relator's comparison of U.S. flag vessels costs, foreign flag vessels costs, and low-ball bids only references seven (7) Defendants. *See id.* (citing ECF No. [149] at ¶¶ 54-69, 74). In regard to the fraudulent waiver requests, the R&R notes that the FAC fails to proffer a single fraudulent waiver request and instead presents a mock-up of a general waiver request form and a form signed by a DOS employee. *See id.* (citing ECF No. [149] ¶ 41). In its Objections, Relator argues that the FAC refers to all Defendants generically because Relator is making the same claims against all Defendants. *See* ECF No. [212] at 16. Relator argues that "[t]he fact that defendants are accused collectively does not render the complaint deficient." *See id.* (citing *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000)).

The Court agrees with Relator to the extent that Relator argues that the FAC may allege claims against Defendants collectively without being considered a shotgun pleading. However, as the R&R cforrectly notes, the FAC is a shotgun pleading, not solely because Relator asserts claims against Defendants collectively, but because Relator "makes general allegations against Defendants as a group, *without pointing to any specific conduct on the part of any of them*." ECF No. [207] at 14 (emphasis added). The failure to point to specific conduct on the part of each of the Defendants is fatal because Defendants do not have "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. While a complaint may accuse defendants of the same misconduct collectively, the complaint must nonetheless

10

include specific allegations against each defendant such that each defendant has adequate notice of the grounds upon which the claims against it rest. Here, the FAC alleges in a conclusory manner that all Defendants submitted low-ball bids and yet fails to identify certain Defendants' low-ball bids. *See* ECF No. [207] at 14. Further, the two "examples" of false foreign flag waiver request forms – which are a mock-up waiver form and a signed waiver form not attributed to any particular Defendant – do not give adequate notice of the grounds for the claims against each Defendant in regard to the false foreign flag waiver requests. ECF No. [149] ¶ 41. Relator's chart – that allegedly shows how some Defendants abandoned their fraudulent scheme and increased their rates after DOS implemented stricter waiver requirements – notably shows that some Defendants' rates actually decreased, stayed the same, or increased only slightly. *See* ECF No. [149] ¶ 74. As such, the FAC is an impermissible shotgun pleading subject to dismissal.

### ii. Rule 9(b) Pleading Standard

Second, each Motion to Dismiss argues that the FAC fails to allege fraud with particularity as required by Rule 9(b). *See* ECF Nos. [150] at 19-20, [153] at 10, and [162] at 11. According to Defendants, the heightened pleading standard of Rule 9(b) applies in this case, and the FAC fails to plead the 'who,' 'what,' 'where,' 'when,' and 'how' of the claims against each Defendant. *See* ECF Nos. [153] at 11; [162] at 13. Relator argues that for FCA claims, the Rule 9(b) pleading standard "should not abrogate the concept of notice pleading." ECF No. [170] at 10 (emphasis omitted). According to Relator, the Rule 9(b) standard and Rule 8 standard should be considered together, such that "Rule 8's pleading standard is supplemented but not supplanted by Federal Rule of Civil Procedure 9(b)." ECF No. [170] at 11 (citing *Urquilla-Diaz v. Kaplan University*, 780 F.3d 1039, 1051 (11th Cir. 2015)) (emphasis omitted). Relator also argues that, unlike healthcare FCA cases involving several payers, this case only involves one payer – the DOS – and therefore,

11

the manner in which the heightened pleading standard was applied in certain healthcare FCA cases is inapposite. *See* ECF No. [171] at 14 (distinguishing *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006)).

The R&R recognizes that the pleading standards of Rule 8(a) are to be "supplemented but not supplanted" by Rule 9(b) in FCA actions and determines that, as a shotgun pleading, the FAC fails to meet the pleading standards. *See* ECF No. [207] at 13 (citing *Urquilla-Diaz*, 780 F.3d at 1051), 15-16 (noting the lack of false foreign flag waiver forms). In its Objections, Relator reiterates the arguments in its Responses and emphasizes that false foreign flag waivers are not necessary to meet the Rule 9(b) pleading standard. *See* ECF No. [212] at 17. According to Relator, the Court must apply Rule 9(b) on a nuanced case-by-case approach and consider "alternative means" to satisfy the pleading standards. *See id.* at 16-17 (citing *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 F. App'x. 693, 704 (11th Cir. 2014); quoting *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988)). Relator argues that the quote from New World's executive, the resignation of New World's president, and J.K.'s increased rates after DOS began emphasizing U.S. flag vessel requirements suffice as alternative means that provide reliable indicia of the fraudulent scheme. *See id.* (citing ECF No. [149] ¶¶ 78-80).

As an initial matter, the Court agrees with both Relator and Magistrate Judge Otazo-Reyes who each recognize that in FCA actions, the pleading standards of Rule 8(a) should be "supplemented but not supplanted" by Rule 9(b). ECF Nos. [170] at 11 (citing *Urquilla-Diaz*, 780 F.3d at 1051), [207] at 13 (same).[3] However, after applying Rule 9(b) to supplement but not

---

[3] The Court disagrees with Relator's argument that the Court cannot consider how courts have applied the Rule 9(b) pleading standard in healthcare FCA cases. As Defendants correctly argue, courts interpreting FCA issues in the healthcare context have relied on non-healthcare cases and vice versa. *See* ECF No. [214] at 10; *see also Universal Health Servs., Inc. v. U.S.*, 579 U.S. 176, 194 (2016) (a healthcare FCA case citing a non-healthcare FCA case, *U.S. ex rel. Marcus v. Hess*, 317 U.S. 537 (1943)); *Urquilla-Diaz v. Kaplan*

supplant Rule 8(a) and adopting a nuanced case-by-case approach, the Court is not persuaded by Relator's objection that the FAC satisfies the pleading standards. In this case, both FCA claims rely on the allegation that eleven (11) Defendants submitted "thousands of false foreign flag waivers" from 2008 to 2018. ECF No. [149] ¶¶ 7, 83, 89. Yet, Relator does not include a single false foreign flag waiver from any Defendant in its FAC. As such, Relator fails to adequately allege the actual submission of a false waivers, the falsity of Defendants' waivers, and scienter to properly assert Relator's presentment claim. *See Carrel*, 898 F.3d at 1275; 31 U.S.C. § 3729(a)(1)(A). By failing to include false foreign flag waivers, the FAC also fails to identify the particular statement alleged to be false, who made or used the statement, when the statement was made, or how the statement was false to properly assert Relator's make-or-use claim. *See Matheny*, 671 F.3d at 1224-25; 31 U.S.C. § 3729(a)(1)(B).

Further, while Relator cites *Mastej*, 591 F. App'x. 693, to argue that alternative means may be used to meet the pleading standard in some cases, *see* ECF No. [212] at 16-17, the alternative means Relator sets forth here are not sufficient for several reasons. First, the relator in *Mastej* was an insider in the defendant corporation and had firsthand knowledge of the defendant corporation's submission of false claims. *See id.* at 708. However, in this case, Relator alleges to be an insider in the transportation service provider ("TSP") industry and does not allege to be an employee of any specific Defendant or Defendants. *See* ECF No. [149] ¶ 13. The court in *Mastej* made clear that an insider in the relevant industry was not enough and that the relator had to be an insider in the defendant corporation. *See Mastej*, 591 F. App'x. at 709-10 (dismissing a subset of relator's claims that concerned events that took place after the relator ended his employment with the defendant corporation). This Court similarly determines that without further alleging firsthand

---

*University*, 780 F.3d 1039, 1051 (11th Cir. 2015) (a non-healthcare FCA case citing a healthcare FCA case, *United States ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301 (11th Cir. 2002)).

knowledge as an insider for a particular Defendant or Defendants, Relator cannot rely on its alleged firsthand knowledge and fail to provide other reliable evidence of the submission of false foreign flag waivers. Moreover, Relator's allegations regarding two (2) Defendants – New World and J.K. – are not sufficient alternative means to meet the pleading standard because those allegations alone do not allege that all of the Defendants independently submitted false foreign flag waivers and that all of the Defendants knew that the foreign flag waivers were false when they were submitted for approval. *See* ECF No. [149] ¶¶ 78-80.[4]

The Court also notes that the lack of any false foreign flag waivers cannot be overlooked in this case given Relator's arguments. Relator concedes that the low-ball bids alone do not establish a false claim under the FCA because an underbid is not a false claim, and argues that the low-ball bids in conjunction with the "*improper certification* of [the] unavailability of U.S. carriers in securing government contracts" create a fraudulent scheme that violates the FCA. *See* ECF No. [170] at 13-14 (emphasis in original). Relator repeatedly emphasizes that "this case is not about the bids alone." *See id.* at 14, [173] at 15, [171] at 16, n.2. However, without any false foreign flag waivers establishing the "improper certification of [the] unavailability of U.S. carriers," Relator fails to allege the necessary elements to establish a fraudulent scheme for either FCA claim. Put differently, without false foreign flag waivers, the FAC only alleges low-ball bids, which do not establish an FCA claim.[5] Therefore, the FAC must be dismissed.[6]

---

[4] Such allegations are not even sufficient for Relator's claims against New World and J.K. since the allegations do not establish that the foreign flag waivers were false or that New World and J.K. knew that the foreign flag waivers were false when they submitted the waivers for approval.

[5] Even if Relator adequately alleged the existence of foreign flag waivers submitted by each Defendant, Relator failed to allege that there were no U.S flag vessels at the time the foreign flag waivers were submitted in order to adequately allege the falsity of the foreign flag waivers. *See U.S. ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1224 (11th Cir. 2012).

[6] Although Relator refers to Section 4 of the R&R in its Objections, Relator does not elaborate on its objection to Section 4 and instead broadly argues that its claims are pled with sufficient particularity. *See* ECF No. [212] at 16-19. The Court reiterates that "[i]n order to challenge the findings and recommendations

### iii. Public Disclosure Bar

Third, the Motions to Dismiss argue that the public disclosure bar applies. According to Defendants, Relator's claims are based on publicly disclosed information, and Relator is not the original source of the information. *See* ECF Nos. [150] at 9, [153] at 20, [162] at 19. As such, Defendants argue that the public disclosure bar applies to preclude Relator's claims and that the original source exception does not save Relator's claims. *See id.* Relator responds that the public disclosure bar is not applicable because the information Relator relied on was from Transportation Management Services Solutions ("TMSS"), which does not produce a "report" and is not "public." ECF Nos. [170] at 17-18, [173] at 19-20, [171] at 18-19. Relator argues further in two of the three Responses to the Motions to Dismiss that, if the TMSS information is considered a public disclosure and a report for the purposes of the public disclosure bar, then Relator is an "original source as an insider in the industry with details relating to the schemes of fraudulent submissions" such that the original source exception applies. ECF Nos. [170] at 18, n.2, [171] at 19, n.2.

The R&R finds that Relator's arguments are unpersuasive because Relator only makes a conclusory assertion that is insufficient to overcome the public disclosure bar through the original source exception. *See* ECF No. [207] at 17 (quoting *U.S. ex rel. Brown v. BankUnited Trust 2005-1*, 235 F. Supp. 3d 1343, 1358 (S.D. Fla. 2017) (quoting *U.S. ex rel. Hafter D.O. v. Spectrum*

---

of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006). Nonetheless, to the extent that Relator objects to Section 4 by reference, the Court agrees with the R&R that the claims alleged are not pled with sufficient specificity given the shotgun nature of the pleading that does not give adequate notice of the claims against each Defendant and the grounds upon which each claim rests. *See* ECF No. [207] at 16. As indicated above, the FAC does not adequately plead a presentment claim by failing to allege, for each Defendant, the submission of a false claim, the falsity of the bids and waiver requests, and scienter. *See id.* The FAC does not adequately plead a make-or-use claim by failing to allege, for each Defendant, the submission of a false statement, scienter, materiality, and the payment of any money by the United States. *See id.* Relator must plead all elements, other than scienter, with particularity. *See* Fed. R. Civ. P. 9(b).

*Emergency Care, Inc.*, 190 F.3d 1156, 1162 (10th Cir. 1999))). In its Objections, Relator explains, for the first time, that the TMSS system only contains information about the winning bids, not the higher costs of using a U.S. flag vessel or the lower costs of using a foreign flag vessel. *See* ECF No. [212] at 21-22. In light of the non-public information regarding the actual costs, Relator argues that the public disclosure bar does not apply. *See id.* Relator also argues that, even if the public disclosure bar were applicable, Relator is the original source of the non-public information regarding the actual costs, and the original source exception applies. *See id.* at 23. Relator further argues that the *Brown* case that the R&R relies on is inapposite because the court in *Brown* applied the pre-2010 version of the FCA. *See id.* (distinguishing *Brown*, 235 F. Supp. 3d at 1353).

The Court agrees with the overall conclusion in the R&R. As an initial matter, the Court notes that Relator and the Able Group Defendants correctly argue that the amended version of the public disclosure bar applies. *See* ECF No. [153] at 20, n.17, [212] at 23.[7] The Eleventh Circuit, in reviewing a district court's decision on a motion to dismiss based on the amended public disclosure bar, asked whether "the allegations in the complaint are substantially the same as (rather than based upon) allegations or transactions contained in public disclosures." *U.S. ex rel. Osheroff*

---

[7] The statute of limitations for FCA claims is enumerated in 31 U.S.C. § 3731(b).

> A civil action under section 3730 may not be brought--
> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

31 U.S.C. § 3731(b). Pursuant to the statute, an FCA claim cannot be brought for violations that took place more than ten (10) years prior, possibly less in this case. This case was filed on August 4, 2020. *See* ECF No. [1]. Assuming for the moment that the maximum time limit applies, any FCA claim before August 4, 2010, is time-barred. The public disclosure bar was amended on March 3, 2010. Therefore, any claim that is not time-barred in this case is subject to the amended public disclosure bar. As such, the amended public disclosure bar applies in this case.

*v. Humana Inc.*, 776 F.3d 805, 812 (11th Cir. 2015) (internal quotation marks omitted) (quoting 31 U.S.C. § 3730(e)(4) (2010)) (applying a modified three-prong test). In this case, it is apparent that the FAC does not distinguish between information that has been publicly disclosed and information that has not been publicly disclosed. It is only in the Objections that Relator identifies information that has not been publicly disclosed – namely, the higher costs of using a U.S. flag vessel and the lower costs of using a foreign flag vessel. *See* ECF No. [212] at 21-22. Further, the FAC does not set forth how Relator arrived at the cost figures if not from TMSS. *See generally* ECF No. [149]. Based on the FAC alone, it appears that Relator relied solely on TMSS information to assert its FCA claims, and the allegations in the FAC are therefore substantially the same as allegations or transactions contained in public disclosures.[8]

However, Relator may proceed if the original source exception applies. As stated above, the amended version of the public disclosure bar's original source exception states, in relevant part:

> (B) For purposes of this paragraph, "original source" means an individual who either
>     (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or
>     (2) [*sic*] who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

---

[8] Though not stated expressly, it appears that Judge Otazo-Reyes considered the TMSS information to be publicly disclosed information because the R&R addresses the original source exception, which is relevant only if the public disclosure bar applies. *See* ECF No. [207] at 16-17. The Court similarly considers TMSS information to be a publicly disclosed information for the purposes of the public disclosure bar since it is a report that is widely available to all TMSS users. *See U.S. ex rel. Sanchez v. Abuabara*, No. 10-61673-CIV, 2012 WL 1999527, (S.D. Fla. June 4, 2012) (adopting a broad meaning of the term "report" as "something that gives information" or a "notification"); *U.S. ex rel. Mistick PBT v. Housing Auth. Of City of Pittsburg*, 186 F.3d 376, 383, n.3 (3d Cir. 1999) (holding that public disclosures do not require public accessibility); *Malhotra v. Steinberg*, 770 F.3d 853, 858 (9th Cir. 2014) (holding that a disclosure need not be made to the public at large to be considered "public").

31 U.S.C. § 3730(e)(4)(B) (2010). In its Objections, Relator does not argue that the first prong of the original source exception applies and instead claims that the original source exception applies because of the second prong. *See* ECF No. [212] at 23. As such, the Court examines whether the FAC includes sufficient allegations that Relator has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions. Upon a review of the FAC, it is once again apparent that Relator merely includes a conclusory allegation that Relator is "an insider in the TSP business and has direct and independent knowledge of the information on which these allegations are based." ECF No. [149] ¶ 13. As the R&R correctly observes, such a conclusory allegation does not adequately establish that the original source exception applies. As stated above, it is only within the Objections that Relator specifically identifies independent and material information about actual costs. *See* ECF No. [212] at 21-22. The FAC also does not allege how Relator arrived at the cost figures for which it claims to be the original source. *See generally* ECF No. [149]. Therefore, because the FAC does not include sufficient allegations to overcome the public disclosure bar or to apply the original source exception, Relator's claims must be dismissed.

      **b. Defendants' Objection**

The R&R states that Relator is entitled to one opportunity to correct the deficiencies in the FAC. *See* ECF No. [207]. In Defendants' Objection, Defendants seek to clarify whether Relator's leave to replead will be subject to Eleventh Circuit precedent that prohibits any information obtained through discovery from being used in an amended complaint. *See* ECF No. [211] at 2 (citing *Bingham v. HCA*, 783 F. App'x 868 (11th Cir. 2019)). Relator responds that Defendants improperly request an advisory opinion. *See* ECF No. [215] at 2 (citing *Texas v. United States*, 523

U.S. 296, 300 (1998) (holding that an issue "is not ripe for adjudication if it rests upon contingent future events") (internal quotation marks omitted)).

The Court agrees that Relator should be given an opportunity to replead. The Court also agrees with Relator that Defendants' Objection is premature. As Relator correctly notes, the *Bingham* case that Defendants rely upon concerned a motion to strike information obtained through discovery in an amended complaint. *See* 783 F. App'x 868. If the issue does becomes ripe for the Court's consideration, Defendants may similarly file a motion to strike relevant portions of the amended complaint, and the Court will address the issue then.[9]

## IV.   CONCLUSION

In sum, upon a comprehensive review, the Court finds Magistrate Judge Otazo-Reyes' R&R to be well reasoned and correct. The Court agrees with the analysis in the R&R and concludes that J.K.'s Motion to Dismiss, Able Group Defendants' Motion to Dismiss, and Cartwright's Motion to Dismiss should be granted.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [207]**, is **ADOPTED**.

2. J.K.'s Motion to Dismiss, **ECF No. [150]**, is **GRANTED**.

3. The Able Group Defendants' Motion to Dismiss, **ECF No. [153]**, is **GRANTED**.

4. Cartwright's Motion to Dismiss, **ECF No. [162]**, is **GRANTED**.

5. The FAC, **ECF No. [149]**, is **DISMISSED WITHOUT PREJUDICE** with leave to amend.

---

[9] To the extent that Relator argues that the Court should not follow Eleventh Circuit precedent set forth in *Bingham* and instead rely on non-binding cases that contravene the Eleventh Circuit's holding on *Bingham*, *see* ECF No. [215] at 2, n.2, the Court is not persuaded. The Court will address the issue if it becomes ripe and appropriately follow applicable Eleventh Circuit precedent.

6. If Relator can, in good faith, set forth an amended complaint in keeping with the Court's Order, Relator shall do so no later than **February 9, 2022**.

7. Relator's request that DeWitt be allowed to re-file DeWitt's Motion to Dismiss the FAC, **ECF No. [213]**, is **DENIED AS MOOT**.

8. DeWitt's Motion for Reconsideration, **ECF No. [217]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record