**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:20-cv-23242-BB**

---

UNITED STATES OF AMERICA *ex rel*. SEDONA
PARTNERS LLC,

                Plaintiff,

    vs.

ABLE MOVING & STORAGE, INC.; ARPIN
INTERNATIONAL GROUP, INC.; CARTWRIGHT
INTERNATIONAL VAN LINES, INC.; COLEMAN
AMERICAN MOVING SERVICES, INC.; DEWITT
COMPANIES LIMITED, LLC; HILLDRUP
COMPANIES, INC.; J.K. MOVING & STORAGE
INC.; NEW WORLD INTERNATIONAL, LTD.;
PARAMOUNT TRANSPORTATION SYSTEMS;
PAXTON VAN LINES, INC.; AND WESTERN
EXPRESS FORWARDING, LLC,

              Defendants.

---

**SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND CIVIL
PENALTIES FOR VIOLATIONS OF THE FALSE CLAIMS ACT**

**DEMAND FOR JURY TRIAL**

## <u>TABLE OF CONTENTS</u>

Page No.

I.  INTRODUCTION ................................................................................................3

II.  JURISDICTION AND VENUE..........................................................................5

III.  PARTIES ..............................................................................................................5

    A.  Plaintiff.......................................................................................................5

    B.  Defendants...................................................................................................5

IV.  BACKGROUND ..................................................................................................8

    A.  The Merchant Marine Act of 1936, the Cargo Preference Act of 1954, and corresponding regulations ...........................................................................8

    B.  The Federal Centralized Household Goods Traffic Management Program ("CHAMP").................................................................................................9

        1.  Request for Offers ("RFOs") and the bidding process. ...........................10

        2.  Certified waivers for using foreign flag vessels.......................................11

        3.  U.S. General Services Administration's Household Goods Tender of Services ("HTOS") and the U.S. flag priority system...............................13

        4.  Penalties ....................................................................................................16

V.  OVERVIEW OF THE SCHEME.......................................................................16

    A.  Part One of the Scheme:  The submission of the low-ball bids............................17

    B.  Part Two of the Scheme:  Submission of fraudulent flag waivers. ......................22

    C.  Fraudulent foreign flag waivers submitted by each Defendant.............................23

        1.  Able ...........................................................................................................23

        2.  Arpin.........................................................................................................30

        3.  Cartwright .................................................................................................38

        4.  Coleman ....................................................................................................47

        5.  DeWitt.......................................................................................................49

        6.  Hilldrup.....................................................................................................57

        7.  JK Moving .................................................................................................65

|  |  | 8. | New World | 74 |
|  |  | 9. | Paramount | 83 |
|  |  | 10. | Paxton | 90 |
|  |  | 11. | Western Express | 98 |

D.    Defendants routinely used third-party logistics companies which regularly used foreign flag vessels despite the availability of U.S. flag vessels. .............. 107

E.    Further evidence shows that Defendants eventually retreated from the scheme for fear of DOS uncovering the fraud. .................................................. 109

VI.    CAUSES OF ACTION ................................................................................ 111

FIRST CAUSE OF ACTION ON BEHALF OF THE UNITED STATES VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT PRESENTING FALSE CLAIMS, AGAINST ALL DEFENDANTS (31 U.S.C. § 3729(a)(1)(A)) ........................................................................................... 111

SECOND CAUSE OF ACTION ON BEHALF OF THE UNITED STATES VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT MAKING OR USING FALSE RECORDS OR STATEMENTS MATERIAL TO PAYMENT OR APPROVAL OF FALSE CLAIMS, AGAINST ALL DEFENDANTS (31 U.S.C. § 3729(a)(1)(B)) .................................................... 113

VII.    PRAYER FOR RELIEF .............................................................................. 113

VIII.    DEMAND FOR JURY TRIAL .................................................................... 114

Plaintiff UNITED STATES OF AMERICA ("United States"), by and through Relator Sedona Partners LLC, alleges as follows:

## I.      INTRODUCTION

1.      Relator Sedona Partners LLC brings this action on behalf of the United Stated to recover damages as a result of the submission by Defendants ABLE MOVING & STORAGE, INC., ARPIN INTERNATIONAL GROUP, INC.; CARTWRIGHT INTERNATIONAL VAN LINES, INC., COLEMAN AMERICAN MOVING SERVICES, INC.; DEWITT COMPANIES LIMITED, LLC, HILLDRUP COMPANIES, INC., J.K. MOVING & STORAGE INC., NEW WORLD INTERNATIONAL, LTD., PARAMOUNT TRANSPORTATION SYSTEMS, PAXTON VAN LINES, INC., AND WESTERN EXPRESS FORWARDING, LLC. (collectively "Defendants") of thousands of fraudulent bids to obtain shipping contracts through the United States Department of State ("DOS") under the supervision and guidance of the United States General Services Administration ("GSA").

2.      Many federal civilian offices pay for and assist their employees and families in relocating and moving their belongings through a GSA program—the Centralized Household Goods Traffic Management Program ("CHAMP").  Private shipping companies, referred to as "Transportation Service Providers" ("TSPs") participate in the CHAMP program and compete for shipping contract awards.  In providing these shipping services, participants are subject to various strict guidelines and requirements that are overseen and set forth in DOS, GSA, and federal laws and regulations.  One of the key requirements TSPs must follow is the "America-First" policy, which is based on federal maritime and cargo laws.  This policy requires that the companies use, and work with, "U.S. flag vessels" (American shipping carriers), except in unique circumstances where a waiver is obtained for use of a "foreign flag vessel."  Foreign flag vessels are much cheaper than American carriers, and do not follow U.S. laws and customs.  For example, U.S. flag carriers are required to have U.S. Citizen crews and pay payroll taxes, and crew members pay U.S. income taxes.  U.S. flag carriers are subject to Coast Guard regulations and environmental regulations, and U.S. flag carrier ships must be built (with some exceptions) and repaired in U.S. shipyards.

3.      This "America-First" policy has been in place for decades and is codified in multiple federal statutes, regulations, and guidelines.

4.      With 225 embassies and consulates around the world, DOS uses this program thousands of times per year to relocate DOS employees by shipping their belongings both domestically and internationally.

5.      Once a shipment is booked through the CHAMP program with a TSP, the TSP then either books the cargo on a vessel or contracts with Third-Party Logistics companies ("3PLs") to book the cargo on vessels.

6.      Regardless of whether a TSP books the CHAMP cargo directly with a carrier or subcontracts with a 3PL to book the cargo on a carrier, the requirement to give preference to U.S. flag vessels applies. From 2008 through 2018, Defendant TSPs carried-out a fraudulent scheme wherein hundreds of millions of dollars were illegally taken from taxpayers, American workers, and American companies because foreign flag vessels were routinely and illegally used by the TSPs, instead of U.S. flag vessels.  The scheme was carried out through two false submissions to the government:  First, Defendant TSPs submitted fraudulent low-ball bids in order to capture awards for the very competitive shipping routes, referred to as "lanes," across international waters.

7.      Second, in order to profit on their low-ball bids, Defendant TSPs submitted thousands of false foreign flag waivers, requesting permission to use lower costing foreign flag vessels, by fraudulently certifying that no U.S. flag vessels were available to carry-out shipments and/or that a foreign flag vessel was necessary to meet delivery requirements.

8.      Defendants knowingly submitted theses fraudulent waiver requests, because they knew that at that time DOS did not have the resources to audit every waiver request.

9.      Defendants further knew that U.S. flag vessels were available when they submitted the waiver requests.

10.      These waivers were routinely granted to Defendants, resulting in hundreds of millions of dollars going to foreign companies instead of American companies.

11.     Once these fraudulent waiver requests were approved, Defendants then knowingly shipped the CHAMP cargo on foreign flag vessels in violation of the applicable laws and regulations.

12.     Law abiding American businesses, which federal law prioritizes, have been locked out of shipping lane contracts because of this fraudulent scheme.  Not only did the conduct hurt the America-First policy, it also resulted in violation of numerous federal laws and guidelines as well as GSA contractual terms, policies, and waiver requirements.  Only recently, upon DOS reemphasizing the U.S. flag vessel requirements, have some Defendants stopped the fraudulent practice, as evidenced by their dramatically increased rates.

## II.     JURISDICTION AND VENUE

13.     This Court has jurisdiction over the claims raised in this Complaint under 31 U.S.C. § 3730(b) and 3732(a) which confer jurisdiction on this Court for actions brought under the federal False Claims Act and authorize nationwide service of process.

14.     Venue is proper under 31 U.S.C. § 3732(a), as Defendants transacted business and engaged in the conduct alleged in this District, where a key DOS dispatch agency is located. Further, Defendants arranged many of the shipments and provided documentation to DOS related to their services in this District.

## III.     PARTIES

### A.     Plaintiff

15.     Plaintiff in this action is the United States of America, by and through Relator Sedona Partners LLC.

16.     Relator is an insider in the TSP business and has direct and independent knowledge of the information on which these allegations are based.  Relator voluntarily provided the information contained in this Complaint to the government in advance of filing.

### B.     Defendants

17.     Able Moving & Storage Inc. ("Able") is based in Manassas, Virginia and was incorporated in 1987 under the laws of Virginia. Able provides international and domestic shipping

and prides itself for its frequently awarded contracts from the Department of State. Able is the fastest growing moving company in the Mid-Atlantic, with most of its growth coming from the international division. It accumulates about $50 million in annual revenue.

18.     Arpin International Group, Inc. ("Arpin") provides household goods moving and storage services. Arpin is based in West Warwick, Rhode Island and incorporated under the laws of Rhode Island.  The Company offers international moving and handles approximately 14,000 GSA and military relocations per year.

19.     Defendant Cartwright International Van Lines, Inc. ("Cartwright") provides transportation and logistics services. It is based in Grandview, Missouri and incorporated under the laws of Missouri. The Company offers domestic and international residential and military household goods moving, relocation services, global logistics, freight forwarding, and mobility solutions.  Cartwright is the leading provider of United States military moving services.

20.     Defendant Coleman American Moving Services ("Coleman") is headquartered in Midland City, Alabama and incorporated in 1960. The company offers both domestic and international moving services.  Over the years, it has handled over 12,000 corporate and government transfers from all over the world.  They are in the top five privately owned van lines with offices and representative in 175 countries, and 47 allied branded locations.

21.     Defendant DeWitt Companies Limited, LLC ("DeWitt") has been providing domestic and international relocation moving services of household goods to the GSA and the U.S. Department of State since 2012.  They began their operations in San Diego, California where they are headquartered, and were incorporated under California law in 2002.  They are an approved Transportation Service Prover (TSP) and available through GSA's Centralized Household Goods Traffic Management Program (CHAMP).  DeWitt completes global moves for 5,000 customers annually and operates in over 100 countries.

22.     Defendant Hilldrup Companies, Inc. ("Hilldrup") provides trucking services and corporate and residential moving services, such as lump sum programs, relocation assistance, storage, and automobile transportation services.   Hilldrup is based in Stafford, Virginia

incorporated under the laws of Virginia, and is a stockholding representative of UniGroup, a $1.7 billion transportation and relocation services company.   Hilldrup provides moving services internationally and has provided employee relocation services to the United States government for over 70 years.  Hilldrup advertises participating in GSA's CHAMP program, noting it offers highly competitive rates for relocating federal employees.  Hilldrup also works with the Department of Defense and claims to be both GSA and Department of Defense approved to provide relocation services internationally.

23.     Defendant JK Moving & Storage, Inc. ("JK Moving") provides residential, commercial, and international moving services.  JK Moving is based in Sterling, Virginia and incorporated under the laws of Virginia.  The Company offers moving trucks, storage services, and management teams, and advertises international and employee relocation services.  JK Moving promotes its international services by touting affiliation with FIDI, IAM, and OMNI.  JK Moving recently was awarded a $175,000 contract by the DOJ.

24.     Defendant New World International, Ltd. ("New World") is headquartered in Chicago, Illinois and incorporated in 1986. The company offers international services with regional coordination offices which work with an extensive network of service partners in 150 countries and 18 main locations, as well as an affiliated service center in Orlando, Florida.   New World promotes its international services by touting affiliation with FIDI and other associations.

25.     Defendant Paramount Transportation Systems ("Paramount") claims to be a leading provider of global moving services with strategically located operational facilities and customer service centers throughout the United States, Canada, Asia, and Europe.  Paramount specializes in the movement of household goods, personal effects, vehicles, and pets for employees of multi-national and Fortune 500 corporations, as well as working with agencies within the United States government. As a licensed global freight forwarder, Paramount manages almost 45,000 shipments annually, touching more than 170 countries.

26.     Defendant Paxton Van Lines, Inc. ("Paxton") offers logistics, freight forwarding, warehousing, distribution, brokerage, and cargo services.   It is headquartered in Springfield,

Virginia and incorporated under the laws of Virginia.  Paxton Van Lines, Inc. operates worldwide and operates as Paxton Companies, which includes the Paxton International division.  Paxton International advertises more than 40 years of freight forwarding and international export experience, with offices in Afghanistan and Iraq.  Paxton advertises that it has FIDI affiliation and FAIM certification.  Paxton has been awarded $1.7 million in combined obligations of all task orders under GSA contract GS33F0004S for movement of employee household goods.

27.     Defendant Western Express Forwarding, LLC ("Western Express") is based in Marlboro, Maryland, just a few miles from the capital building.  It provides international and domestic moving services, primarily focusing on military personnel moves.  Western Express is an approved carrier for DOS and GSA.

## IV.    BACKGROUND

### A.    The Merchant Marine Act of 1936, the Cargo Preference Act of 1954, and corresponding regulations

28.     The Merchant Marine Act of 1936 provides the GSA authority to set forth regulations requiring agencies not to pay or reimburse an officer or employee for travel or transportation expenses associated with a foreign vessel, unless documentation indicates the necessity to do so.  *See* 46 U.S.C. § 55302(b).

29.     The Cargo Preference Act of 1954 requires that:  "at least 50 percent of the gross tonnage of all Government generated cargo -- meaning cargoes procured, furnished, or financed by the United States Government -- shall be transported on privately owned, U.S.-flag commercial vessels to the extent such vessels are available at fair and reasonable rates. The 'at least 50 percent' requirement is applicable to the extent such vessels are available at fair and reasonable rates, as determined by the Maritime Administration."  (The Cargo Preference Act of 1954 refers to Section 901(b) of the Merchant Marine Act of 1936, as amended in 46 U.S.C. § 1241(b), and codified in various subsequent documents 46 USC § 55305; 46 C.F.R. Part 381.)

30.     The CHAMP Program includes cargos that are subject to the Cargo Preference Act pursuant to 46 C.F.R. Part 381.2(b)(1), and (4).  The Cargo Preference Act of 1954 is applied to

and administered by all Federal departments and agencies (except the Department of Defense). *See* 46 C.F.R. Part 381.3; *see also* https://www.maritime.dot.gov/cargo-preference/military-cargoes/cargo-preference-laws-and-regulations.   Each Department or Agency is responsible for ensuring compliance, including contractors.  *See id.* An effective measure to promote compliance is to include the appropriate cargo preference clauses in all program contracts and documentation. *Id.*  Documentation on all government-impelled cargo moves must be reported to the Maritime Administration within 20 working days from date of loading on all shipments loaded inside the United States and 30 working days for shipments loaded outside the United States.  *Id.*  This reporting requirement applies to cargo moving on a foreign flag OR U.S. flag vessels. *Id.*  Further, the Department of Transportation, Maritime Administration ("MARAD") division provides that this is done *"as a way to track and weed out potential violations."*   *See* https://maritime.dot.gov/cargo-preference/military-cargoes/cargo-preference-laws-and-regulations (emphasis added)

31.     The Code of Federal Regulations clearly states that the preference for privately owned U.S. Flag vessels applies to contractors and subcontractors working with the U.S. government.  *See* 48 C.F.R. Part 47.503(a)(1).

///

///

///

**B.     The Federal Centralized Household Goods Traffic Management Program ("CHAMP")**

32.     The Department of State has 307 U.S embassies, consulates, and diplomatic missions around the world that require a shipping service for relocation of civilian executive branch employees' Household Goods ("HHG").  The shipping services often include moving services, home sale services, property management, and office relocation assistance.  To assist federal agencies in relocating employees and transporting their personal and household goods between duty stations, GSA is in charge of administering the CHAMP program.  The program

operates through using TSPs, which are qualified and credentialed American private shipping companies vetted by GSA.  The TSPs must apply to GSA for approval to participate in the program.

33.     CHAMP is subdivided into two separate programs – Domestic and International. The Domestic program handles both interstate and intrastate shipments between locations in the continental United States and Alaska.  The International program covers shipments between the continental United States and locations elsewhere in the world, including Hawaii, Guam, Puerto Rico, the Virgin Islands, and foreign countries.

34.     Each program, Domestic and International, requires a separate application. GSA evaluates TSPs based on their financial stability, business experience, quality assurance, and knowledge of the Household Goods Tender of Service ("HTOS"), which is set forth by GSA and provides the rules and requirements for performing services as a provider in CHAMP.

35.     Each participating TSP must submit either a domestic or international application worksheet form.  *See*  https://www.gsa.gov/travel/agency-services/employee-relocation/household-goods-transportation/for-transportation-service-providers/approval-requirements.  Included in this form is the HTOS Questionnaire, which asks about provisions in the HTOS.  In order to attain GSA International Approval, a TSP must file and attest to the answers contained in the HTOS Tender of Service Questionnaire.  If shipping internationally, a TSP will have to answer the International HTOS Questionnaire.

### 1.     Request for Offers ("RFOs") and the bidding process.

36.     Every year, GSA issues a Request for Offers ("RFOs") to all TSPs approved to participate in CHAMP.  The RFOs solicit rate proposals from TSPs for both domestic and international shipping lanes.  During subsequent bidding periods, TSPs may submit offers to provide household goods transportation services to federal civilian agencies.  The rate offers are restricted to the GSA-approved scope of operation (e.g. only TSPs approved to participate in the international program can propose rates for international shipping lanes).

37.     Certain federal civilian agencies, including DOS, have additional reporting and shipping requirements for the transportation of employees' household goods. These agencies regularly work with GSA to promulgate Standing Route Orders ("SROs"), which outline the additional requirements.  The SROs are then issued in conjunction with the annual RFO solicitation process.  TSPs submitting offers for shipping lanes subject to SROs must abide by the requirements stated in both the RFO and SROs.

38.     Once a TSP has been federally approved for either international or domestic shipments by GSA to participate in CHAMP, participating TSPs selected take full responsibility and agree to all federal rules and requirements outlined in the HTOS guidelines.

39.     Once the applicable bidding period closes, GSA evaluates the various rate offers, or bids, for each shipping lane and awards contracts to TSPs with the most competitive offers. TSP rate offers are evaluated and selected according to GSA's Value Index ("VI") system, which assesses offers based on the TSP's prior service performance, as well the attractiveness of its proposed rates.  To calculate prior service performance, GSA employs a Customer Satisfaction Index ("CSI"), which, using data from the previous twelve-month period, measures employee and agency satisfaction with a given TSP's service in comparison to the average level of performance. If data is unavailable for a given TSP, that TSP will be considered unindexed and its prior service performance will not be a factor in the evaluation of its submitted rate offers.

40.     The TSP with the lowest applicable GSA tariff or tender is awarded a single factor rate (SFR), the rate used in computing the accepted transportation for the award. The TSP's rate offer for the surface HHG is represented by a percentage as a single factor rate based on Base-Line Rates.

## 2.     Certified waivers for using foreign flag vessels

41.     Among other RFO requirements, TSPs shipping goods internationally must use U.S. flag vessels for the ocean portion of overseas shipments.  If a U.S. flag vessel is not available to provide the required service, TSPs can request permission to use foreign flag vessels prior to shipment. To request permission, a TSP must submit to DOS a "Request for Approval of Use of a

Foreign Flag Vessel." It also must certify in writing that US flag shipping is not available or that the use of the foreign flag shipping is necessary to meet delivery requirements.

42.     The use of U.S. flag vessels is more expensive than the use of foreign flag vessels. As a result, TSPs applying for waiver of the U.S. flag vessel requirement must also submit supporting documentation of any changes in the original proposed rate due to the use of foreign flag shipping.

43.     In the result of an increase or decrease of original rates awarded, a TSP is required to submit documentation of differences in rates between the foreign vessel rate and the rate originally awarded.

44.     A TSP is responsible for requesting a waiver by submitting to DOS a certification attesting to the unavailability of a U.S. flag vessel. The following are examples of the waivers:

///

///

///





**3.      U.S. General Services Administration's Household Goods Tender of Services ("HTOS") and the U.S. flag priority system**

45.      Pursuant to the statutes above, GSA oversees and sets forth the governing guidelines and regulations TSPs are subject to as CHAMP participants.  GSA sets forth these guidelines pursuant to the U.S. General Services Administration's Household Goods Tender of Service ("HTOS").

46.      The HTOS provides that all participants in the program agree to be bound by the HTOS terms and conditions.  (*See* HTOS, Aug. 2010 Ed.)

The HTOS further provides,

> [t]he TSP shall use vessels of United States registry for the ocean portion of overseas shipments and book shipments for container or below deck stowage. However, when it is determined that the use of a vessel of United States registry will not provide the required service, the TSP shall request permission to use a Foreign Flag vessel prior to start of shipment.

Requests for permission to use a Foreign Flag vessel shall be made to RTO on the form 'Request for Approval of Use of a Foreign Flag Vessel' (see Appendix C). Approval will be granted only when the TSP *certifies in writing that US flag shipping is not available or the use of foreign flag shipping is necessary* to meet delivery requirements.

HTOS, Aug. 2010 Ed.

47.     The HTOS provides detailed rate information relating to foreign flag vessels:

Adjustments in rates will be permitted when rate differentials are involved due to the use of Foreign Flag Shipping. A Justification Certificate (see Appendix C) is required for the use of a Foreign Flag vessel. When increases or decreases occur in rates due to the use of Foreign Flag Shipping, billing and documentation submitted in connection with the GBL shipment will have differences between the Foreign Flag vessel rate and the rate used in computing the accepted transportation single factor rate (SFR). The ocean freight bill which must be submitted to support each GBL and the rate will be adjusted in favor of the TSP or the Government on the basis of this bill.

An example of the adjustment required in the event of an ocean rate increase would be:

International GBL Shipment Adjustment Example

SHIPMENT: 3,000 lb, 450 cu ft., Single Factor Rate = $32.00 per cwt

STEP 1. Original Charges Due: 3,000 lb x $32.00 per cwt = $960.00

STEP 2. Ocean rate used in constructing the effective GBL rate: 81 cents per cu ft

STEP 3. Paid to Foreign Flag Ocean TSP as stated on the ocean freight bill and computed in accordance with the measurement rule stated in tariff governing the rate: 90 cents per cu ft (9 cents per cu ft difference)

STEP 4. Supplemental charge for ocean freight 450 cu ft at 9 cents per cubic foot = $40.50.

STEP 5. Total charges due TSP: $960.00 + $40.50 = $1,000.50

*Id.* at § 8.3.

48.     The International HTOS Questionnaire that all aspiring TSPs must complete which reemphasizes the importance of these requirements, asks the following questions:

33.     When determined that the use of a vessel of the United States registry will not provide the required service, the participant will request permission to use foreign flag vessel prior to start of movement.  (TRUE)

100.    Adjustments in rates will not be permitted when rate differentials are involved due to the use of Foreign Flag Shipping.  (FALSE)

*See* International HTOS Questionnaire, HHG International Application at https://www.gsa.gov/travel/agency-services/employee-relocation/household-goods-transportation/for-transportation-service-providers/approval-requirements .)

49.    The HTOS and the State Department Foreign Affairs Manual reflect a three-tier "priority" system to effectuate the laws favoring the use of U.S. flag vessels.

50.    Priority 1 ("P1") service describes transportation routes that use exclusively U.S. flag vessels for the ocean portion of overseas shipments.

51.    Priority 2 ("P2") service describes transportation routes that use a combination of U.S. flag and foreign flag vessels for the ocean portion of overseas shipments.

52.    Priority 3 ("P3") service describes transportation routes that use exclusively foreign flag vessels for the ocean portion of overseas shipments.

53.    TSPs are required to use P1 service when it is available.  TSPs may only use P2 service when P1 service is unavailable.  TSPs may only use P3 service when both P1 and P2 service are unavailable.  TSPs must obtain a foreign flag waiver in order to use P3 service.

54.    The HTOS references the priority system and associated waiver requirement:

United States (U.S.) laws require 100% use of U.S. Flag vessels for personal property when transportation is conducted by sea. Specifically, the transportation of government-financed civilian and military Household Goods (HHGs) and POVs by sea are covered under 46 U.S. Code §55302 and 46 U.S. Code §55303, respectively. Priority 2 (P2- combination U.S.-Flag and non-U.S. flag) U.S. Flag service must be used only when Priority 1 (P1) U.S. Flag service is not available.

After an agency or its designated agent has conducted and documented a thorough market survey of vessels listed under U.S. registry, and the designated agency official has concluded that the necessity of the agency's mission requires the use of a non-U.S. Flag vessel instead of a U.S. Flag vessel, the TSP must submit a completed Determination of Non-Availability (DNA) request to the Maritime Administration (MARAD), with the agency copied, no later than two weeks from the sailing date or ocean carrier acceptance, whichever comes first, requesting approval to ship the subject cargo on a non-U.S. Flag vessel.

HTOS (Nov. 2021 Ed.) § 5.3.1.

55.     The State Department Foreign Affairs Manual describes the foreign flag waiver requirement for P3 service:

> When a shipping office, to include post's shipping office, determines that U.S.-flag vessels are not available for any segment of a journey [i.e., the use of P3 service is necessary], they must issue a written and signed justification certificate for use of foreign flag, also known as a determination of non-availability, to the service provider shipping the personal effects or a POV (e.g., the ocean carrier, freight forwarder, or effects transporter).  The service provider must be instructed to submit a copy of the foreign flag waiver request and justification certificate with their invoice to the paying office.  The justification certificate must be signed by an authorizing officer designated by the Department or foreign affairs agency, or a post's principal officer.  It must also provide a complete justification for the use of a foreign-flag vessel in accordance with Section 901(a) of the Merchant Marine Act of 1936 (46 U.S.C. 55302 and 55303).  The authorizing officer must also maintain a digital copy of the certificate with the ILMS or Transportation Lite shipment record.

14 FAM 616.2-2.

### 4.     Penalties

56.     Also demonstrating the importance and materiality of these requirements, in addition to the Federal False Claims Act, there are significant penalties for submitting false statements in conjunction with TSP services.  "An applicant shall submit an application in its own name for approval as a TSP.  A firm that on its own behalf or on behalf of an agent (a) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (b) makes any false, fictitious or fraudulent statement or representation; or (c) makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry on any part of the application or on any document furnished pursuant to this HTOS is punishable by fines, imprisonment, or both."  18 U.S.C. § 1001; *see also* HTOS, Aug. 2010 Ed. § 2.7.

## V.   OVERVIEW OF THE SCHEME

57.     It is estimated that DOS arranges over 18,000 international shipments of employee belongings each year.  Defendant shipping companies have systematically violated the America-

First requirements by carrying out a two-part scheme:  First they artificially submit low bids in order to knock out the competition and secure the shipping routes, or lanes.

58.     Second, having been aware all along that the bids they use to secure the lanes are too low to cover U.S. flag vessel fees, once they are asked to complete a shipment, they falsely certify that no U.S. flag vessel can complete the shipment in order to use the much cheaper foreign flag vessels.

59.     Defendants capitalized on the fact that DOS historically did not have the resources to audit CHAMP bid submissions.  In doing so, companies, such as Defendants, are estimated to have siphoned from taxpayers approximately $360 million, which they unlawfully gave to foreign shipping vessels over the past 10 years—taxpayer money that should have gone to U.S. flag vessel carriers.  This is broken down in the following manner:  18,000 DOS shipments per year; $5,000-$15,000 per move, usually across the ocean, resulting in conservatively 40% of shipments fraudulently going to foreign cargo carriers, totaling $36 million per year in submission of false claims.

A.     Part One of the Scheme:  The submission of the low-ball bids.

60.     As explained above, twice a year, TSPs can submit bids through the RFO process for an award of different shipping lanes (e.g. D.C to China, Miami to the United Kingdom, etc.). DOS has 225 embassies and consulates worldwide, therefore, there are thousands of lanes at issue. One or more TSPs are awarded each lane.  Once a lane award is secured through GSA, DOS managers arranging an employee move are required to use one of the TSPs that have been awarded the lane.

61.     The process is highly competitive and companies such as Defendants submit low-ball bids to capture the lane awards.  In fact, the rates submitted by Defendants are so low they could only be cost-effective if they intend to unlawfully use cheaper foreign flag cargo vessels. Defendants have no intention of using the more expensive American carriers, knowing DOS will not audit the submissions.  Defendants, through the rigged bids, are awarded the most lucrative lanes and lock out law-abiding competition.

62.     The below examples of submissions to obtain lane awards highlight low-ball bidding practices for what is known as the surface, or "ocean-going" portion of the shipment lanes from Washington D.C. to London.  The fair market rate of transport for that portion of the lane should have been approximately $7,200 at that time.  These fair market amounts are based on standard costs that all Defendants would be subject to.  There is very little variability between TSPs as far as the costs that they must incur for such shipments.  This is because most of the work of the shipment is done by other companies—i.e., sub-contractors.  Most notably, none of the TSPs have their own ocean shipping vessels, and therefore all must use the relatively small set of ocean shipping companies.

63.     Despite this standard cost range of $7,200 for the Washington D.C. to London surface or ocean-going portion of the lane, the companies below submitted bids approximately **25% below** those market rates.

| Company Name | Telephone | Tender | C.S.I | V.I. | Surface | |
|---|---|---|---|---|---|---|
| | | | | | % | Charge |
| ABLE MOVING & STORAGE, INC. | 703-330-3772 | 118 | 111.22 | 113.4645 | 144% | $5,696.71 |

According to the GSA's TMSS HHG query results run in March 2019, Able Moving and Storage, Inc. would be entering into the transaction losing $1,503.29.

| Company Name | Telephone | Tender | C.S.I | V.I. | Surface | |
|---|---|---|---|---|---|---|
| | | | | | % | Charge |
| COLEMAN AMERICAN MOVING SERVICES | 334-983-6500 | CM19 | 95.59 | 105.1313 | 135% | $5,340.66 |

According to the GSA's TMSS HHG query results run in March 2019, Coleman American Moving Services would be entering into the transaction losing $1,859.34.

| Company Name | Telephone | Tender | C.S.I | V.I. | Surface | |
|---|---|---|---|---|---|---|
| | | | | | % | Charge |
| JK MOVING & STORAGE | 800-673-8487 | SF17 | 96.16 | 105.0785 | 136 % | $5,380.22 |

According to the GSA's TMSS HHG Query Results run in March 2019, JK Moving & Storage would be entering into the transaction losing $1,819.78.

| Company Name | Telephone | Tender | C.S.I | V.I. | Surface | |
|---|---|---|---|---|---|---|
| | | | | | % | Charge |
| DEWITT COMPANIES LIMITED, LLC | 888-777-4826 | DWCD | 0.00 | 36.9062 | 139% | $5,498.90 |

According to the GSA's TMSS HHG query results run in March 2019, DeWitt Companies Limited, LLC would be entering into the transaction losing $1,701.10.

| Company Name | Telephone | Tender | C.S.I | V.I. | Surface | |
|---|---|---|---|---|---|---|
| | | | | | % | Charge |
| WESTERN EXPRESS | 202-888-6500 | WE17 | 0.00 | 37.1712 | 139% | $5,498.90 |

According to the GSA's TMSS HHG query results run in March 2019, Western Express would be entering into the transaction losing $1,701.10.

64.      Numerous other examples highlight evidence of this fraudulent scheme in the context of the entire cost of the shipping lane, which includes in addition to the surface or ocean-going cost listed in the above examples, the costs associated with the 500 lbs. air shipment and the auto shipment.  In 2019, Defendant Paramount submitted a rate of $13,820 for the Washington D.C. to China lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $13,985—slightly **more** than Paramount's rate.  Paramount would only be able to make a profit on a rate of $13,820 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $9,771.

65.      In 2016, Defendant Paramount submitted a rate of $10,672 for the Washington D.C. to United Kingdom lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,730—significantly **more** than Paramount's rate.  Paramount would only be able to make a profit on a rate of $10,672 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $9,965.

66.     In 2019, Defendant Paramount submitted a rate of $12,054 for the Washington D.C. to Germany lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,730—significantly **more** than Paramount's rate.  Paramount would only be able to make a profit on a rate of $12,054 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $11,436.

67.     In 2019, Defendant Paramount submitted a rate of $13,359, for the Washington D.C. to Netherlands lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,315—significantly **more** than Paramount's rate.  Paramount would only be able to make a profit on a rate of $13,359 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $12,181.

68.     In the same year, Defendant New World submitted a rate of $10,672 for the Washington D.C. to United Kingdom lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,730—significantly **more** than New World's rate.  New World would only be able to make a profit on a rate of $10,672 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $9,965.

69.     Defendant Paxton participated in the same fraudulent scheme in 2019 when it submitted a rate of $14,204 for the Washington D.C. to the United Kingdom lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,730—**more** than Paxton's rate.  Paxton would only be able to make a profit on a rate of $14,204 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $9,965.

70.     Similarly, in 2019, Defendant JK Moving submitted a rate of $14,741 for the same Washington D.C. to the United Kingdom lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would similarly be **more** than JK Moving's rate, and evidences that JK Moving never intended to use a U.S. Flag carrier.

71.     Further in 2019, Defendant JK Moving submitted a rate of $15,509 for the Washington D.C. to Germany lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,759—slightly **more** than JK Moving's rate.  JK Moving would only be

able to make a profit on a rate of $15,509 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $11,436.

72.      In 2019, Defendant Hilldrup submitted a rate of $11,977 for the Washington D.C. to the United Kingdom lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,703—significantly **more** than Hilldrup's rate.  Hilldrup would only be able to make a profit on a rate of $11,977 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $9,965.

73.      Defendant Hilldrup further evidences fraud that same year when it submitted a rate of $13,743 for the Washington D.C. to Germany lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,759—significantly **more** than Hilldrup's rate. Hilldrup would only be able to make a profit on a rate of $13,743 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $11,436.

74.      This is shown yet again, where Defendant Hilldrup submitted a rate of $14,434 for the Washington D.C. to Netherlands lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,315—slightly **more** than Hilldrup's rate.  Hilldrup would only be able to make a profit on a rate of $14,434 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $12,181.

75.      Similarly, in 2019, Defendant Cartwright submitted a rate of $11,209 for the Washington D.C. to the United Kingdom lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,730—significantly **more** than Cartwright's rate.  Cartwright would only be able to make a profit on a rate of $11,209 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $9,965.

76.      Defendant Cartwright submitted a rate of $12,284 for the Washington D.C. to the United Kingdom lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,315—significantly **more** than Cartwright's rate.  Cartwright would only be able to make a profit on a rate of $12,284 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $12,181.

77.     The evidence shows that Defendant Western Express also submitted fraudulent low-ball bills in 2019 with a rate of $13,897 for the Washington D.C. to China lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $13,985—$12 **more** than Western Express' rate.  Western Express would only be able to make a profit on a rate of $13,897 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $9,771.

78.     Similarly, in 2019, Defendant Western Express submitted a rate of $10,642 for the Washington D.C. to the United Kingdom lane.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,730—significantly **more** than Western Express' rate.  Western Express would only be able to make a profit on a rate of $10,642 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $9,965.

79.     Further, Western Express submitted a rate of $12,822 for the Washington D.C. to Netherlands lane in 2019 as well.  Factoring in the use of a U.S. Flag carrier, the cost of shipment on this lane would be $15,315—significantly **more** than Western Express' rate.  Western Express would only be able to make a profit on a rate of $12,822 if it knew in advance that it intended to use foreign flag carriers, which would lower its cost to $12,181.

**B.      Part Two of the Scheme:  Submission of fraudulent flag waivers.**

80.     In order to profit on the low-ball bids, Defendants needed to falsely certify the need to use foreign carriers, which are much cheaper, by submitting the required waiver form to DOS.  Pursuant to the laws cited above, and the GSA contract, each TSP certifies that the waiver request is accurate and truthful as submitted.

81.     The guidelines and GSA contract make clear that foreign flag vessels are meant to be the rare exception to the rule requiring U.S. flag vessels.  "Approval will be granted only when the TSP certifies in writing that a U.S. flag carrier is unavailable or the use of foreign flag shipping is necessary to meet delivery requirements."

82.     Defendants relied on DOS's inability to audit these waivers so they could continue to use cheaper foreign vessels and secure lanes with low-ball bids. They knowingly submitted

thousands of fraudulent waivers claiming U.S. flag vessels were not available, when in fact they were.  As a result, law-abiding TSPs have been locked out of shipping lanes and have been unable to compete with these companies' unscrupulous practices.

83.    Defendants knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that U.S. flag vessels were available when they submitted the waiver requests. Defendants were aware of various options to access information about the availability of U.S. flag vessels.  For example, Defendants easily could have obtained knowledge of available U.S. flag vessels to transport shipments by contacting Maersk Line Limited ("MLL"), the largest provider of U.S. flag vessels, via email or phone or consulting the MLL published route list.  Similarly, information on the availability of U.S. flag vessels was readily accessible through Hapag-Lloyd AG and APL, two major providers of U.S. flag vessels.

**C.    Fraudulent foreign flag waivers submitted by each Defendant.**

84.    When a TSP submits a foreign flag waiver, the TSP indicates its intent to use P3 service and thus certifies that P1 or P2 service is not available for the shipment.  If a TSP submits a foreign flag waiver for P3 service when P1 or P2 service is available, that foreign flag waiver is fraudulent.

85.    As set forth below, Relator has identified specific examples where Defendants submitted foreign flag waivers fraudulently certifying that no U.S. flag service was available (i.e., that it was necessary to use P3 service), when in fact P1 and/or P2 service was available.

**1.    Able**

86.    **Shipment Number DC18204827:**  Department of State contracted with Able to ship goods from New York, New York to Karachi, Pakistan, with a pack date of April 16, 2018, and an arrival date of June 19, 2018.  On April 25, 2018, the DOS approved a foreign flag waiver for Able regarding DC18204827.  Able falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18204827 from New York, New York to Karachi, Pakistan on or before June 19, 2018.  Able proceeded to ship DC18204827 using P3 service, in ARTHUR MAERSK 8, a foreign flag vessel, departing from New York, New York on or around

May 5, 2018 and arriving in Karachi, Pakistan on or before June 19, 2018. At the time Able submitted the foreign flag waiver, Able knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18204827 to the destination on or before June 19, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Newark, New Jersey to Port Qasim, Pakistan on a U.S. flag vessel to deliver DC18204827 by June 19, 2018. Able could have obtained knowledge of a U.S. flag vessel's availability to transport DC18204827 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Able, or other non-public records obtained in the course of Relator's investigation.



87.     **Shipment Number DC18864547:**  Department of State contracted with Able to ship goods from Savannah, Georgia to Mombasa, Kenya, with a pack date of July 24, 2018, and an arrival date of October 6, 2018.  On August 3, 2018, the DOS approved a foreign flag waiver for Able regarding DC18864547.  Able falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18864547 from Savannah, Georgia to Mombasa, Kenya on or before October 6, 2018.  Able proceeded to ship DC18864547 using P3 service, in DALIAN EXPRESS 1, a foreign flag vessel, departing from Savannah, Georgia on or around August 17, 2018 and arriving in Mombasa, Kenya on or before October 6, 2018.  At the time Able submitted the foreign flag waiver, Able knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18864547 to the destination on or before October 6, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Savannah, Georgia to Salalah, Oman on a U.S. flag vessel, and then Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel to deliver DC18864547 by October 6, 2018.  Additionally, Able could have shipped DC18864547 using P2 service via the route of Savannah, Georgia to Salalah, Oman on a U.S. flag vessel and then Salalah, Oman to Mombasa, Kenya to deliver DC18864547 by October 6, 2018.  Able could have obtained knowledge of a U.S. flag vessel's availability to transport DC18864547 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Able, or other non-public records obtained in the course of Relator's investigation.

88.     **Shipment Number DC17055580:**  Department of State contracted with Able to ship goods from New York, New York to Nhava Sheva, India, with a pack date of February 10, 2017, and an arrival date of April 30, 2017.  On March 9, 2017, the DOS approved a foreign flag waiver for Able regarding DC17055580.  Able falsely represented in the foreign flag waiver that

no U.S. flag vessel was available to transport DC17055580 from New York, New York to Nhava Sheva, India on or before April 30, 2017.  Able proceeded to ship DC17055580 using P3 service, in CMA-CGM MEHUIN, a foreign flag vessel, departing from New York, New York on or around March 22, 2017 and arriving in Nhava Sheva, India on or before April 30, 2017.  At the time Able submitted the foreign flag waiver, Able knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC17055580 to the destination on or before April 30, 2017.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey to Nhava Sheva, India on a U.S. flag vessel to deliver DC17055580 by April 30, 2017. Able could have obtained knowledge of a U.S. flag vessel's availability to transport DC17055580 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Able, or other non-public records obtained in the course of Relator's investigation.

89.   **Shipment Number DC18815687:** Department of State contracted with Able to ship goods from Baltimore, Maryland to Nhava Sheva, India, with a pack date of March 5, 2018, and an arrival date of May 5, 2018.  On March 12, 2018, the DOS approved a foreign flag waiver for Able regarding DC18815687.  Able falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18815687 from Baltimore, Maryland to Nhava Sheva, India on or before May 5, 2018.  Able proceeded to ship DC18815687 using P3 service, in EVERGREEN EVER, a foreign flag vessel, departing from Baltimore, Maryland on or around March 16, 2018 and arriving in Nhava Sheva, India on or before May 5, 2018.  At the time Able submitted the foreign flag waiver, Able knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18815687 to the destination on or before May 5, 2018.  For example, Maersk Line Limited (MLL), which operates

the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Nhava Sheva, India on a U.S. flag vessel to deliver DC18815687 by May 5, 2018. Able could have obtained knowledge of a U.S. flag vessel's availability to transport DC18815687 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Able, or other non-public records obtained in the course of Relator's investigation.

90.     **Shipment Number DC16735970:**  Department of State contracted with Able to ship goods from Baltimore, Maryland to Xingang, China, with a pack date of July 29, 2016, and an arrival date of September 28, 2016. On August 11, 2016, the DOS approved a foreign flag waiver for Able regarding DC16735970. Able falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC16735970 from Baltimore, Maryland to Xingang, China on or before September 28, 2016. Able proceeded to ship DC16735970 using P3 service, in MAERSK SANA 632, a foreign flag vessel, departing from Baltimore, Maryland on or around August 14, 2016 and arriving in Xingang, China on or before September 28, 2016. At the time Able submitted the foreign flag waiver, Able knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC16735970 to the destination on or before September 28, 2016. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, typically has U.S. flag vessels available to meet the requirements of many shipments. Specifically, APL, another operator with many U.S. flag vessels, had P1 service available via the route of Baltimore, Maryland via rail to Oakland, California and then Oakland, California to Qingdao, China on a U.S. flag vessel to deliver DC16735970 by September 28, 2016. Additionally, Able could have shipped DC16735970 using P2 service via the route of Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel, and then Jebel Ali, United Arab Emirates to Qingdao, China to deliver

DC16735970 by September 28, 2016.  Able could have obtained knowledge of a U.S. flag vessel's availability to transport DC16735970 by contacting Maersk Line Limited or APL via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Able, or other non-public records obtained in the course of Relator's investigation.

91.     **Shipment Number DC17599489:**  Department of State contracted with Able to ship goods from Seattle, Washington to Xingang, China, with a pack date of May 30, 2017, and an arrival date of July 10, 2017.  On June 6, 2017, the DOS approved a foreign flag waiver for Able regarding DC17599489.  Able falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC17599489 from Seattle, Washington to Xingang, China on or before July 10, 2017.  Able proceeded to ship DC17599489 using P3 service, in HYUNDAI GOODWIL, a foreign flag vessel, departing from Seattle, Washington on or around June 15, 2017 and arriving in Xingang, China on or before July 10, 2017. At the time Able submitted the foreign flag waiver, Able knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC17599489 to the destination on or before July 10, 2017.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, typically has U.S. flag vessels available to meet the requirements of many shipments.  Specifically, APL, another operator with many U.S. flag vessels, had P1 service available via the route of Oakland, California to Qingdao, China on a U.S. flag vessel to deliver DC17599489 by July 10, 2017. Able could have obtained knowledge of a U.S. flag vessel's availability to transport DC17599489 by contacting Maersk Line Limited or APL via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Able, or other non-public records obtained in the course of Relator's investigation.

92.     **Shipment Number DC17324910:**  Department of State contracted with Able to ship goods from Atlanta, Georgia to Yokohama, Japan, with a pack date of September 21, 2017, and an arrival date of November 7, 2017.  On September 29, 2017, the DOS approved a foreign flag waiver for Able regarding DC17324910.  Able falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC17324910 from Atlanta, Georgia to Yokohama, Japan on or before November 7, 2017.  Able proceeded to ship DC17324910 using P3 service, in NYK CONSTELLATI, a foreign flag vessel, departing from Atlanta, Georgia on or around October 20, 2017 and arriving in Yokohama, Japan on or before November 7, 2017.  At the time Able submitted the foreign flag waiver, Able knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC17324910 to the destination on or before November 7, 2017.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Los Angeles, California to Yokohama, Japan on a U.S. flag vessel to deliver DC17324910 by November 7, 2017. Able could have obtained knowledge of a U.S. flag vessel's availability to transport DC17324910 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Able, or other non-public records obtained in the course of Relator's investigation.

93.     **Shipment Number DC19823220:**  Department of State contracted with Able to ship goods from Los Angeles, California to Yokohama, Japan, with a pack date of January 22, 2019, and an arrival date of March 24, 2019.  On February 19, 2019, the DOS approved a foreign flag waiver for Able regarding DC19823220.  Able falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19823220 from Los Angeles, California to Yokohama, Japan on or before March 24, 2019.  Able proceeded to ship DC19823220 using P3 service, in COSTCO BOSTON 0, a foreign flag vessel, departing from Los Angeles, California on

or around March 8, 2019 and arriving in Yokohama, Japan on or before March 24, 2019.  At the time Able submitted the foreign flag waiver, Able knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19823220 to the destination on or before March 24, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Los Angeles, California to Yokohama, Japan on a U.S. flag vessel to deliver DC19823220 by March 24, 2019. Able could have obtained knowledge of a U.S. flag vessel's availability to transport DC19823220 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Able, or other non-public records obtained in the course of Relator's investigation.

94.     The foregoing examples were randomly selected from a larger set of Able's shipments.  Notably, Relator's investigation, based on non-public information, revealed that P1 or P2 service or both were available at the time all of these randomly selected foreign flag waivers were submitted.

95.     Attached hereto as **Exhibit 2** is a table setting forth these and other examples of fraudulent foreign flag waivers Able submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.  Attached hereto as **Exhibit 1** is a document providing descriptions of the columns in **Exhibit 2** and the subsequent exhibits pertaining to other Defendants.

### 2.     Arpin

96.     **Shipment Number DC18289720:**  Department of State contracted with Arpin to ship goods from Baltimore, Maryland to Mombasa, Kenya, with a pack date of October 10, 2018, and an arrival date of December 29, 2018.  On November 15, 2018, the DOS approved a foreign

flag waiver for Arpin regarding DC18289720.  Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18289720 from Baltimore, Maryland to Mombasa, Kenya on or before December 29, 2018.  Arpin proceeded to ship DC18289720 using P3 service, in Maersk Shenshen/847W, a foreign flag vessel, departing from Baltimore, Maryland on or around November 19, 2018 and arriving in Mombasa, Kenya on or before December 29, 2018.  At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18289720 to the destination on or before December 29, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and the Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel to deliver DC18289720 by December 29, 2018. Arpin could have obtained knowledge of a U.S. flag vessel's availability to transport DC18289720 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

97.    **Shipment Number DC18794515:**  Department of State contracted with Arpin to ship goods from Baltimore, Maryland to Mombasa, Kenya, with a pack date of June 27, 2018, and an arrival date of September 9, 2018.  On July 30, 2018, the DOS approved a foreign flag waiver for Arpin regarding DC18794515.  Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18794515 from Baltimore, Maryland to Mombasa, Kenya on or before September 9, 2018.  Arpin proceeded to ship DC18794515 using P3 service, in Axel Maersk/830W, a foreign flag vessel, departing from Baltimore, Maryland on or around July 30, 2018 and arriving in Mombasa, Kenya on or before September 9, 2018.  At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in

reckless disregard of the fact that P1 service was available to deliver DC18794515 to the destination on or before September 9, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel to deliver DC18794515 by September 9, 2018. Arpin could have obtained knowledge of a U.S. flag vessel's availability to transport DC18794515 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

98.     **Shipment Number DC18685130:** Department of State contracted with Arpin to ship goods from Baltimore, Maryland to Mombasa, Kenya, with a pack date of May 4, 2018, and an arrival date of July 23, 2018. On June 1, 2018, the DOS approved a foreign flag waiver for Arpin regarding DC18685130. Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18685130 from Baltimore, Maryland to Mombasa, Kenya on or before July 23, 2018. Arpin proceeded to ship DC18685130 using P3 service, in MaerskLirquen/822W, a foreign flag vessel, departing from Baltimore, Maryland on or around June 4, 2018 and arriving in Mombasa, Kenya on or before July 23, 2018. At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18685130 to the destination on or before July 23, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel

to deliver DC18685130 by July 23, 2018. Arpin could have obtained knowledge of a U.S. flag vessel's availability to transport DC18685130 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

99.     **Shipment Number DC18156879:** Department of State contracted with Arpin to ship goods from Baltimore, Maryland to Mombasa, Kenya, with a pack date of May 4, 2018, and an arrival date of July 6, 2018. On May 22, 2018, the DOS approved a foreign flag waiver for Arpin regarding DC18156879. Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18156879 from Baltimore, Maryland to Mombasa, Kenya on or before July 6, 2018. Arpin proceeded to ship DC18156879 using P3 service, in Adrian Maersk/821W, a foreign flag vessel, departing from Baltimore, Maryland on or around May 28, 2018 and arriving in Mombasa, Kenya on or before July 6, 2018. At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18156879 to the destination on or before July 6, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel to deliver DC18156879 by July 6, 2018. Arpin could have obtained knowledge of a U.S. flag vessel's availability to transport DC18156879 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

100.    **Shipment Number DC18658429:**  Department of State contracted with Arpin to ship goods from Baltimore, Maryland to Mombasa, Kenya, with a pack date of May 11, 2018, and an arrival date of July 6, 2018.  On May 22, 2018, the DOS approved a foreign flag waiver for Arpin regarding DC18658429.  Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18658429 from Baltimore, Maryland to Mombasa, Kenya on or before July 6, 2018.  Arpin proceeded to ship DC18658429 using P3 service, in Adrian Maersk/821W, a foreign flag vessel, departing from Baltimore, Maryland on or around May 28, 2018 and arriving in Mombasa, Kenya on or before July 6, 2018.  At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18658429 to the destination on or before July 6, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Mombasa, Kenya to a U.S. flag vessel to deliver DC18658429 by July 6, 2018.  Arpin could have obtained knowledge of a U.S. flag vessel's availability to transport DC18658429 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

101.    **Shipment Number DC18120039:**  Department of State contracted with Arpin to ship goods from New York, New York to New Delhi, India, with a pack date of January 10, 2018, and an arrival date of April 3, 2018.  On February 14, 2018, the DOS approved a foreign flag waiver for Arpin regarding DC18120039.  Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18120039 from New York, New York to New Delhi, India on or before April 3, 2018.  Arpin proceeded to ship DC18120039 using P3 service,

in CMA CGM Nerval - 8203, a foreign flag vessel, departing from New York, New York on or around February 21, 2018 and arriving in New Delhi, India on or before April 3, 2018.  At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18120039 to the destination on or before April 3, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey to Nhava Sheva, India on a U.S. flag vessel and then Nhava Sheva, India via truck to New Delhi, India to deliver DC18120039 by April 3, 2018.  Additionally, Arpin could have shipped DC18120039 using P1 service via the route of Newark, New Jersey to Pipavav, India on a U.S. flag vessel and then Pipavav, India via truck to New Delhi, India to deliver DC18120039 by April 3, 2018.  Arpin could have obtained knowledge of a U.S. flag vessel's availability to transport DC18120039 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

102.    **Shipment Number DC18330188:**  Department of State contracted with Arpin to ship goods from Norfolk, Virginia to New Delhi, India, with a pack date of August 3, 2018, and an arrival date of October 18, 2018.  On September 7, 2018, the DOS approved a foreign flag waiver for Arpin regarding DC18330188.  Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18330188 from Norfolk, Virginia to New Delhi, India on or before October 18, 2018.  Arpin proceeded to ship DC18330188 using P3 service, in TEMPANOS/8232, a foreign flag vessel, departing from Norfolk, Virginia on or around September 8, 2018 and arriving in New Delhi, India on or before October 18, 2018.  At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver

DC18330188 to the destination on or before October 18, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Nhava Sheva, India on a U.S. flag vessel and then Nhava Sheva, India via truck to New Delhi, India to deliver DC18330188 by October 18, 2018.  Additionally, Arpin could have shipped DC18330188 using P1 service via the route of Norfolk, Virginia to Pipavav, India on a U.S. flag vessel and then Pipavav, India via truck to New Delhi, India to deliver DC18330188 by October 18, 2018.  Arpin could have obtained knowledge of a U.S. flag vessel's availability to transport DC18330188 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

103.   **Shipment Number DC18245992:**  Department of State contracted with Arpin to ship goods from Norfolk, Virginia to New Delhi, India, with a pack date of August 9, 2018, and an arrival date of October 18, 2018.  On September 6, 2018, the DOS approved a foreign flag waiver for Arpin regarding DC18245992.  Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18245992 from Norfolk, Virginia to New Delhi, India on or before October 18, 2018.  Arpin proceeded to ship DC18245992 using P3 service, in TEMPANOS/8232, a foreign flag vessel, departing from Norfolk, Virginia on or around September 8, 2018 and arriving in New Delhi, India on or before October 18, 2018.  At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18245992 to the destination on or before October 18, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Nhava Sheva, India on a U.S. flag vessel and then Nhava

Sheva, India via truck to New Delhi, India to deliver DC18245992 by October 18, 2018.  Additionally, Arpin could have shipped DC18245992 using P1 service via the route of Norfolk, Virginia to Pipavav, India on a U.S. flag vessel, and then Pipavav, India via truck to New Delhi, India to deliver DC18245992 by October 18, 2018.  Arpin could have obtained knowledge of a U.S. flag vessel's availability to transport DC18245992 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

104.    **Shipment Number DC19622881:**  Department of State contracted with Arpin to ship goods from Norfolk, Virginia to New Delhi, India, with a pack date of December 14, 2018, and an arrival date of March 3, 2019.  On January 28, 2019, the DOS approved a foreign flag waiver for Arpin regarding DC19622881.  Arpin falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19622881 from Norfolk, Virginia to New Delhi, India on or before March 3, 2019.  Arpin proceeded to ship DC19622881 using P3 service, in Tucapel/19, a foreign flag vessel, departing from Norfolk, Virginia on or around January 26, 2019 and arriving in New Delhi, India on or before March 3, 2019.  At the time Arpin submitted the foreign flag waiver, Arpin knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC19622881 to the destination on or before March 3, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Nhava Sheva, India on a U.S. flag vessel and then Nhava Sheva, India via truck to New Delhi, India to deliver DC19622881 by March 3, 2019.  Additionally, Arpin could have shipped DC19622881 using P1 service via the route of Norfolk, Virginia to Pipavav, India on a U.S. flag vessel and the Pipavav, India via truck to New Delhi, India to deliver DC19622881 by March 3, 2019.  Arpin could have obtained knowledge of a U.S. flag vessel's availability to

transport DC19622881 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Arpin, or other non-public records obtained in the course of Relator's investigation.

105.    Attached hereto as **Exhibit 3** is a table setting forth these and other examples of fraudulent foreign flag waivers Arpin submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.


### 3.    Cartwright

106.  **Shipment Number DC18974238:**  Department of State contracted with Cartwright to ship goods from New York, New York to Rotterdam, Netherlands, with a pack date of June 25, 2018, and an arrival date of July 29, 2018.  On July 11, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18974238.  Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18974238 from New York, New York to Rotterdam, Netherlands on or before July 29, 2018.  Cartwright proceeded to ship DC18974238 using P3 service, in ONEY YM Enlightme, a foreign flag vessel, departing from New York, New York on or around July 21, 2018 and arriving in Rotterdam, Netherlands on or before July 29, 2018.  At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes was available to deliver DC18974238 to the destination on or before July 29, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S.

flag vessel to deliver DC18974238 by July 29, 2018. Additionally, Cartwright could have shipped DC18974238 using P1 service via the route of Newark, New Jersey to Antwerp, Belgium on a U.S. flag vessel to deliver DC18974238 by July 29, 2018. Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18974238 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

///

///



107. **Shipment Number DC18541209:** Department of State contracted with Cartwright to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date

of June 11, 2018, and an arrival date of July 10, 2018.  On June 19, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18541209.  Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18541209 from Baltimore, Maryland to Rotterdam, Netherlands on or before July 10, 2018.  Cartwright proceeded to ship DC18541209 using P3 service, in CMA CGM La Travita, a foreign flag vessel, departing from Baltimore, Maryland on or around June 23, 2018 and arriving in Rotterdam, Netherlands on or before July 10, 2018.  At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18541209 to the destination on or before July 10, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18541209 by July 10, 2018.  Additionally, Cartwright could have shipped DC18541209 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium on a U.S. flag vessel to deliver DC18541209 by July 10, 2018.  Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18541209 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

108.   **Shipment Number DC18903011:**  Department of State contracted with Cartwright to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date of July 3, 2018, and an arrival date of August 12, 2018.  On July 10, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18903011.  Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18903011 from Baltimore, Maryland to Rotterdam, Netherlands on or before August 12, 2018.  Cartwright

proceeded to ship DC18903011 using P3 service, in Med Shipping MSC V, a foreign flag vessel, departing from Baltimore, Maryland on or around July 19, 2018 and arriving in Rotterdam, Netherlands on or before August 12, 2018.  At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18903011 to the destination on or before August 12, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18903011 by August 12, 2018.  Additionally, Cartwright could have shipped DC18903011 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium on a U.S. flag vessel to deliver DC18903011 by August 12, 2018.  Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18903011 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

109.   **Shipment Number DC18855850:**   Department of State contracted with Cartwright to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date of September 5, 2018, and an arrival date of October 2, 2018.  On September 12, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18855850.  Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18855850 from Baltimore, Maryland to Rotterdam, Netherlands on or before October 2, 2018.  Cartwright proceeded to ship DC18855850 using P3 service, in Med Shipping MSC Si, a foreign flag vessel, departing from Baltimore, Maryland on or around September 26, 2018 and arriving in Rotterdam, Netherlands on or before October 2, 2018.  At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or

acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18855850 to the destination on or before October 2, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18855850 by October 2, 2018. Additionally, Cartwright could have shipped DC18855850 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium on a U.S. flag vessel to deliver DC18855850 by October 2, 2018. Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18855850 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

110. **Shipment Number DC18111892:** Department of State contracted with Cartwright to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date of September 5, 2018, and an arrival date of October 24, 2018. On September 12, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18111892. Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18111892 from Baltimore, Maryland to Rotterdam, Netherlands on or before October 24, 2018. Cartwright proceeded to ship DC18111892 using P3 service, in Med Shipping MSC Si, a foreign flag vessel, departing from Baltimore, Maryland on or around September 26, 2018 and arriving in Rotterdam, Netherlands on or before October 24, 2018. At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18111892 to the destination on or before October 24, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels

available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18111892 by October 24, 2018.  Additionally, Cartwright could have shipped DC18111892 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium on a U.S. flag vessel to deliver DC18111892 by October 24, 2018.  Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18111892 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

111.  **Shipment Number DC18472952:**  Department of State contracted with Cartwright to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date of September 28, 2018, and an arrival date of November 25, 2018.  On October 11, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18472952.  Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18472952 from Baltimore, Maryland to Rotterdam, Netherlands on or before November 25, 2018.  Cartwright proceeded to ship DC18472952 using P3 service, in MAERSK KOWLOON, a foreign flag vessel, departing from Baltimore, Maryland on or around October 24, 2018 and arriving in Rotterdam, Netherlands on or before November 25, 2018.  At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18472952 to the destination on or before November 25, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18472952 by

November 25, 2018. Additionally, Cartwright could have shipped DC18472952 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium on a U.S. flag vessel to deliver DC18472952 by November 25, 2018. Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18472952 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

112. **Shipment Number DC18138417:** Department of State contracted with Cartwright to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date of June 7, 2018, and an arrival date of July 3, 2018. On June 11, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18138417. Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18138417 from Baltimore, Maryland to Rotterdam, Netherlands on or before July 3, 2018. Cartwright proceeded to ship DC18138417 using P3 service, in Ever Lucky 027E, a foreign flag vessel, departing from Baltimore, Maryland on or around June 16, 2018 and arriving in Rotterdam, Netherlands on or before July 3, 2018. At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18138417 to the destination on or before July 3, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18138417 by July 3, 2018. Additionally, Cartwright could have shipped DC18138417 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium on a U.S. flag vessel to deliver DC18138417 by July 3, 2018. Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18138417 by contacting Maersk Line

Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

113.   **Shipment Number DC18389478:**   Department of State contracted with Cartwright to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date of August 3, 2018, and an arrival date of September 18, 2018. On August 15, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18389478. Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18389478 from Baltimore, Maryland to Rotterdam, Netherlands on or before September 18, 2018. Cartwright proceeded to ship DC18389478 using P3 service, in MSC / VIDHI / V.834, a foreign flag vessel, departing from Baltimore, Maryland on or around August 23, 2018 and arriving in Rotterdam, Netherlands on or before September 18, 2018. At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18389478 to the destination on or before September 18, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18389478 by September 18, 2018. Additionally, Cartwright could have shipped DC18389478 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium on a U.S. flag vessel to deliver DC18389478 by September 18, 2018. Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18389478 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-

45

public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

114.   **Shipment Number DC18798330:**   Department of State contracted with Cartwright to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date of September 6, 2018, and an arrival date of October 24, 2018.  On September 12, 2018, the DOS approved a foreign flag waiver for Cartwright regarding DC18798330.  Cartwright falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18798330 from Baltimore, Maryland to Rotterdam, Netherlands on or before October 24, 2018.  Cartwright proceeded to ship DC18798330 using P3 service, in MSC Silvana 839, a foreign flag vessel, departing from Baltimore, Maryland on or around September 26, 2018 and arriving in Rotterdam, Netherlands on or before October 24, 2018.  At the time Cartwright submitted the foreign flag waiver, Cartwright knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18798330 to the destination on or before October 24, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18798330 by October 24, 2018.  Additionally, Cartwright could have shipped DC18798330 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium on a U.S. flag vessel to deliver DC18798330 by October 24, 2018.  Cartwright could have obtained knowledge of a U.S. flag vessel's availability to transport DC18798330 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Cartwright, or other non-public records obtained in the course of Relator's investigation.

115.     The foregoing examples were randomly selected from a larger set of Able's shipments.  Notably, Relator's investigation, based on non-public information, revealed that P1 or P2 service or both were available at the time all of these randomly selected foreign flag waivers were submitted.

116.     Attached hereto as **Exhibit 4** is a table setting forth these and other examples of fraudulent foreign flag waivers Cartwright submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

**4.     Coleman**

117.     **Shipment Number DC19475714:**  Department of State contracted with Coleman to ship goods from Baltimore, Maryland to Corinto, Nicaragua, with a pack date of June 28, 2019, and an arrival date of August 12, 2019.  On July 8, 2019, the DOS approved a foreign flag waiver for Coleman regarding DC19475714.  Coleman falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19475714 from Baltimore, Maryland to Corinto, Nicaragua on or before August 12, 2019.  Coleman proceeded to ship DC19475714 using P3 service, in MSC Oriane UA928A, a foreign flag vessel, departing from Baltimore, Maryland on or around July 17, 2019 and arriving in Corinto, Nicaragua on or before August 12, 2019.  At the time Coleman submitted the foreign flag waiver, Coleman knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P2 service was available to deliver DC19475714 to the destination on or before August 12, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, typically has U.S. flag vessels available to meet the requirements of many shipments.  Specifically, Hapag-Llyod, another operator with many U.S. flag vessels, had P2 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel, followed by Rotterdam, Netherlands to Corinto, Nicaragua to deliver DC19475714 by August 12, 2019. Coleman could have obtained knowledge of a U.S. flag vessel's availability to transport DC19475714 by contacting Maersk Line Limited or Hapag-Lloyd via

email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Coleman, or other non-public records obtained in the course of Relator's investigation.

118.    **Shipment Number DC19458139:**  Department of State contracted with Coleman to ship goods from Baltimore, Maryland to Corinto, Nicaragua, with a pack date of June 14, 2019, and an arrival date of July 28, 2019.  On June 21, 2019, the DOS approved a foreign flag waiver for Coleman regarding DC19458139.  Coleman falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19458139 from Baltimore, Maryland to Corinto, Nicaragua on or before July 28, 2019.  Coleman proceeded to ship DC19458139 using P3 service, in MSC Marta UA925A, a foreign flag vessel, departing from Baltimore, Maryland on or around July 2, 2019 and arriving in Corinto, Nicaragua on or before July 28, 2019.  At the time Coleman submitted the foreign flag waiver, Coleman knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P2 service was available to deliver DC19458139 to the destination on or before July 28, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, typically has U.S. flag vessels available to meet the requirements of many shipments.  Specifically, Hapag-Lloyd had P2 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel, followed by Rotterdam, Netherlands to Corinto, Nicaragua to deliver DC19458139 by July 28, 2019.  Coleman could have obtained knowledge of a U.S. flag vessel's availability to transport DC19458139 by contacting Maersk Line Limited or Hapag-Lloyd via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Coleman, or other non-public records obtained in the course of Relator's investigation.

119.    Attached hereto as **Exhibit 5** is a table setting forth these and other examples of fraudulent foreign flag waivers Coleman submitted to DOS.  The examples in the Exhibit are not

based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

### 5.   DeWitt

120.   **Shipment Number DC 18365463:**  Department of State contracted with DeWitt to ship goods from Long Beach, California to Abu Dhabi, United Arab Emirates, with a pack date of March 7, 2018, and an arrival date of May 16, 2018.  On March 12, 2018, the DOS approved a foreign flag waiver for DeWitt regarding DC 18365463.  DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC 18365463 from Long Beach, California to Abu Dhabi, United Arab Emirates on or before May 16, 2018.  DeWitt proceeded to ship DC 18365463 using P3 service, in Hapag Lloyd Hong Kong B, a foreign flag vessel, departing from Long Beach, California on or around March 29, 2018 and arriving in Abu Dhabi, United Arab Emirates on or before May 16, 2018.  At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC 18365463 to the destination on or before May 16, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC 18365463 by May 16, 2018. DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport DC 18365463 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

121.   **Shipment Number DC18238676:**  Department of State contracted with DeWitt to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of March 22, 2018, and an arrival date of May 13, 2018.  On March 26, 2018, the DOS approved a

foreign flag waiver for DeWitt regarding DC18238676.  DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18238676 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before May 13, 2018.  DeWitt proceeded to ship DC18238676 using P3 service, in Hoegh Antwerp V34, a foreign flag vessel, departing from Baltimore, Maryland on or around April 10, 2018 and arriving in Abu Dhabi, United Arab Emirates on or before May 13, 2018.  At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18238676 to the destination on or before May 13, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC18238676 by May 13, 2018. DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport DC18238676 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

122.    **Shipment Number DC18475360:**  Department of State contracted with DeWitt to ship goods from Baltimore, Maryland to Istanbul, Turkey, with a pack date of June 20, 2018, and an arrival date of August 2, 2018.  On June 19, 2018, the DOS approved a foreign flag waiver for DeWitt regarding DC18475360.  DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18475360 from Baltimore, Maryland to Istanbul, Turkey on or before August 2, 2018.  DeWitt proceeded to ship DC18475360 using P3 service, in Maersk MSC Judith 827E, a foreign flag vessel, departing from Baltimore, Maryland on or around July 6, 2018 and arriving in Istanbul, Turkey on or before August 2, 2018.  At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18475360 to the

destination on or before August 2, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC18475360 by August 2, 2018. Additionally, DeWitt could have shipped DC18475360 using P2 service via Istanbul, Turkey to deliver DC18475360 by August 2, 2018. DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport DC18475360 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

123.    **Shipment Number DC18832249:**  Department of State contracted with DeWitt to ship goods from Baltimore, Maryland to Alexandria, Egypt, with a pack date of June 25, 2018, and an arrival date of August 22, 2018.  On June 19, 2018, the DOS approved a foreign flag waiver for DeWitt regarding DC18832249.  DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18832249 from Baltimore, Maryland to Alexandria, Egypt on or before August 22, 2018.  DeWitt proceeded to ship DC18832249 using P3 service, in Maersk Albert v827W, a foreign flag vessel, departing from Baltimore, Maryland on or around July 10, 2018 and arriving in Alexandria, Egypt on or before August 22, 2018.  At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18832249 to the destination on or before August 22, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via Port Said, Egypt to deliver DC18832249 by August 22, 2018. Additionally, DeWitt could have shipped DC18832249 using P2 service via Alexandria, Egypt to deliver DC18832249 by August 22, 2018. DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport

DC18832249 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

124.    **Shipment Number DC18920222:**  Department of State contracted with DeWitt to ship goods from Baltimore, Maryland to Alexandria, Egypt, with a pack date of July 20, 2018, and an arrival date of September 3, 2018.  On July 23, 2018, the DOS approved a foreign flag waiver for DeWitt regarding DC18920222.  DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18920222 from Baltimore, Maryland to Alexandria, Egypt on or before September 3, 2018.  DeWitt proceeded to ship DC18920222 using P3 service, in Maersk/Conti Everest 832, a foreign flag vessel, departing from Baltimore, Maryland on or around August 8, 2018 and arriving in Alexandria, Egypt on or before September 3, 2018.  At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18920222 to the destination on or before September 3, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via Port Said, Egypt to deliver DC18920222 by September 3, 2018. Additionally, DeWitt could have shipped DC18920222 using P2 service via Alexandria, Egypt to deliver DC18920222 by September 3, 2018.  DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport DC18920222 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

125.     **Shipment Number DC18127249:**  Department of State contracted with DeWitt to ship goods from Baltimore, Maryland to Alexandria, Egypt, with a pack date of August 3, 2018, and an arrival date of September 10, 2018.  On August 8, 2018, the DOS approved a foreign flag waiver for DeWitt regarding DC18127249.  DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18127249 from Baltimore, Maryland to Alexandria, Egypt on or before September 10, 2018.  DeWitt proceeded to ship DC18127249 using P3 service, in Maersk MSC Judith 833E, a foreign flag vessel, departing from Baltimore, Maryland on or around August 15, 2018 and arriving in Alexandria, Egypt on or before September 10, 2018.  At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18127249 to the destination on or before September 10, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via Port Said, Egypt to deliver DC18127249 by September 10, 2018.  Additionally, DeWitt could have shipped DC18127249 using P2 service via Alexandria, Egypt to deliver DC18127249 by September 10, 2018.  DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport DC18127249 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

126.     **Shipment Number Al19069577:**  Department of State contracted with DeWitt to ship goods from Houston, Texas to Alexandria, Egypt, with a pack date of October 12, 2018, and an arrival date of December 1, 2018.  On October 11, 2018, the DOS approved a foreign flag waiver for DeWitt regarding Al19069577.  DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport Al19069577 from Houston, Texas to Alexandria, Egypt on or before December 1, 2018.  DeWitt proceeded to ship Al19069577 using P3 service,

in Hapag Lloyd E.R. SeoulO, a foreign flag vessel, departing from Houston, Texas on or around October 27, 2018 and arriving in Alexandria, Egypt on or before December 1, 2018. At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver Al19069577 to the destination on or before December 1, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via Port Said, Egypt to deliver Al19069577 by December 1, 2018. Additionally, DeWitt could have shipped Al19069577 using P2 service via Alexandria, Egypt to deliver Al19069577 by December 1, 2018. DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport Al19069577 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

127.    **Shipment Number DC18697283:**  Department of State contracted with DeWitt to ship goods from Norfolk, Virginia to Alexandria, Egypt, with a pack date of October 15, 2018, and an arrival date of November 24, 2018. On October 11, 2018, the DOS approved a foreign flag waiver for DeWitt regarding DC18697283. DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18697283 from Norfolk, Virginia to Alexandria, Egypt on or before November 24, 2018. DeWitt proceeded to ship DC18697283 using P3 service, in Hapag Lloyd Zim Qingdao, a foreign flag vessel, departing from Norfolk, Virginia on or around October 28, 2018 and arriving in Alexandria, Egypt on or before November 24, 2018. At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18697283 to the destination on or before November 24, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the

world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via Port Said, Egypt to deliver DC18697283 by November 24, 2018. Additionally, DeWitt could have shipped DC18697283 using P2 service via Alexandria, Egypt to deliver DC18697283 by November 24, 2018. DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport DC18697283 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

128.     **Shipment Number DC19970685:**  Department of State contracted with DeWitt to ship goods from Norfolk, Virginia to Alexandria, Egypt, with a pack date of October 26, 2018, and an arrival date of December 1, 2018. On October 26, 2018, the DOS approved a foreign flag waiver for DeWitt regarding DC19970685. DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19970685 from Norfolk, Virginia to Alexandria, Egypt on or before December 1, 2018. DeWitt proceeded to ship DC19970685 using P3 service, in Hapag Lloyd Zim Tarragon, a foreign flag vessel, departing from Norfolk, Virginia on or around November 4, 2018 and arriving in Alexandria, Egypt on or before December 1, 2018. At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC19970685 to the destination on or before December 1, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via Port Said, Egypt to deliver DC19970685 by December 1, 2018. Additionally, DeWitt could have shipped DC19970685 using P2 service via Alexandria, Egypt to deliver DC19970685 by December 1, 2018. DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport DC19970685 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this

paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

129.     **Shipment Number DC18268017:**  Department of State contracted with DeWitt to ship goods from Baltimore, Maryland to Alexandria, Egypt, with a pack date of October 31, 2018, and an arrival date of December 10, 2018.  On November 5, 2018, the DOS approved a foreign flag waiver for DeWitt regarding DC18268017.  DeWitt falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18268017 from Baltimore, Maryland to Alexandria, Egypt on or before December 10, 2018.  DeWitt proceeded to ship DC18268017 using P3 service, in Turkon Line Mukaddes Kal, a foreign flag vessel, departing from Baltimore, Maryland on or around November 18, 2018 and arriving in Alexandria, Egypt on or before December 10, 2018.  At the time DeWitt submitted the foreign flag waiver, DeWitt knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18268017 to the destination on or before December 10, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via Port Said, Egypt to deliver DC18268017 by December 10, 2018.  Additionally, DeWitt could have shipped DC18268017 using P2 service via Alexandria, Egypt to deliver DC18268017 by December 10, 2018.  DeWitt could have obtained knowledge of a U.S. flag vessel's availability to transport DC18268017 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of DeWitt, or other non-public records obtained in the course of Relator's investigation.

130.     DeWitt submitted at least 458 foreign flag waivers to DOS in 2018 and 2019. Relator's investigation, based on non-public information, revealed that P1 or P2 service or both

were available at the time all 458 of these foreign flag waivers was submitted.  Thus, it appears a significant majority of the 458 foreign flag waivers were fraudulent.

131.    Attached hereto as **Exhibit 6** is a table setting forth these and other examples of fraudulent foreign flag waivers DeWitt submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

### 6.    Hilldrup

132.    **Shipment Number Al18765379:**  Department of State contracted with Hilldrup to ship goods from Baltimore, Maryland to Mombasa, Kenya, with a pack date of January 23, 2018, and an arrival date of March 25, 2018.  On January 25, 2018, the DOS approved a foreign flag waiver for Hilldrup regarding Al18765379.  Hilldrup falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport Al18765379 from Baltimore, Maryland to Mombasa, Kenya on or before March 25, 2018.  Hilldrup proceeded to ship Al18765379 using P3 service, in MSC Kingston/804E, a foreign flag vessel, departing from Baltimore, Maryland on or around February 1, 2018 and arriving in Mombasa, Kenya on or before March 25, 2018.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver Al18765379 to the destination on or before March 25, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel to deliver Al18765379 by March 25, 2018.  Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport Al18765379 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined

in the False Claims Act, but are based on the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

133.    **Shipment Number DC18592090:**  Department of State contracted with Hilldrup to ship goods from Norfolk, Virginia to Port Khalifa, United Arab Emirates, with a pack date of January 5, 2018, and an arrival date of March 2, 2018.  On January 9, 2018, the DOS approved a foreign flag waiver for Hilldrup regarding DC18592090.  Hilldrup falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18592090 from Norfolk, Virginia to Port Khalifa, United Arab Emirates on or before March 2, 2018.  Hilldrup proceeded to ship DC18592090 using P3 service, in Cosco Korea / 054W, a foreign flag vessel, departing from Norfolk, Virginia on or around January 18, 2018 and arriving in Port Khalifa, United Arab Emirates on or before March 2, 2018.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18592090 to the destination on or before March 2, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC18592090 by March 2, 2018.  Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport DC18592090 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

134.    **Shipment Number DC18190927:**  Department of State contracted with Hilldrup to ship goods from Norfolk, Virginia to Mombasa, Kenya, with a pack date of July 16, 2018, and an arrival date of November 14, 2018.  On September 20, 2018, the DOS approved a foreign flag waiver for Hilldrup regarding DC18190927.  Hilldrup falsely represented in the foreign flag

waiver that no U.S. flag vessel was available to transport DC18190927 from Norfolk, Virginia to Mombasa, Kenya on or before November 14, 2018.  Hilldrup proceeded to ship DC18190927 using P3 service, in Clementine Maersk/839W, a foreign flag vessel, departing from Norfolk, Virginia on or around October 3, 2018 and arriving in Mombasa, Kenya on or before November 14, 2018.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18190927 to the destination on or before November 14, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel and then Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel to deliver DC18190927 by November 14, 2018.  Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport DC18190927 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

135.   **Shipment Number DC18924376:**  Department of State contracted with Hilldrup to ship goods from Norfolk, Virginia to Mombasa, Kenya, with a pack date of July 24, 2018, and an arrival date of September 16, 2018.  On August 2, 2018, the DOS approved a foreign flag waiver for Hilldrup regarding DC18924376.  Hilldrup falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18924376 from Norfolk, Virginia to Mombasa, Kenya on or before September 16, 2018.  Hilldrup proceeded to ship DC18924376 using P3 service, in ADRIAN MAERSK/832W, a foreign flag vessel, departing from Norfolk, Virginia on or around August 15, 2018 and arriving in Mombasa, Kenya on or before September 16, 2018.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver

DC18924376 to the destination on or before September 16, 2018.  For example, Maersk Line
Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag
vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service
available via the route of Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel and then Salalah,
Oman to Mombasa, Kenya on a U.S. flag vessel to deliver DC18924376 by September 16, 2018.
Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport
DC18924376 by contacting Maersk Line Limited via email or phone or consulting the Maersk
Line Limited published route list.  The allegations in this paragraph are not based on publicly
disclosed information, as that term is defined in the False Claims Act, but are based on the non-
public internal records of Hilldrup, or other non-public records obtained in the course of Relator's
investigation.

136.    **Shipment Number DC18745006:**  Department of State contracted with Hilldrup
to ship goods from Norfolk, Virginia to Nairobi, Kenya, with a pack date of August 1, 2018, and
an arrival date of September 23, 2018.  On August 2, 2018, the DOS approved a foreign flag waiver
for Hilldrup regarding DC18745006.  Hilldrup falsely represented in the foreign flag waiver that
no U.S. flag vessel was available to transport DC18745006 from Norfolk, Virginia to Nairobi,
Kenya on or before September 23, 2018.  Hilldrup proceeded to ship DC18745006 using P3
service, in ADRIAN MAERSK 832W, a foreign flag vessel, departing from Norfolk, Virginia on
or around August 15, 2018 and arriving in Nairobi, Kenya on or before September 23, 2018.  At
the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate
ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver
DC18745006 to the destination on or before September 23, 2018.  For example, Maersk Line
Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag
vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service
available via the route of Norfolk, Virginian to Salalah, Oman on a U.S. flag vessel and then
Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel, followed by Mombasa, Kenya on a truck
to Nairobi, Kenya to deliver DC18745006 by September 23, 2018. Hilldrup could have obtained

knowledge of a U.S. flag vessel's availability to transport DC18745006 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

137.   **Shipment Number DC18704962:**  Department of State contracted with Hilldrup to ship goods from Norfolk, Virginia to Alexandria, Egypt, with a pack date of August 8, 2018, and an arrival date of September 17, 2018.  On August 16, 2018, the DOS approved a foreign flag waiver for Hilldrup regarding DC18704962.  Hilldrup falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18704962 from Norfolk, Virginia to Alexandria, Egypt on or before September 17, 2018.  Hilldrup proceeded to ship DC18704962 using P3 service, in MSC Marianna/834E, a foreign flag vessel, departing from Norfolk, Virginia on or around August 23, 2018 and arriving in Alexandria, Egypt on or before September 17, 2018.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18704962 to the destination on or before September 17, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel to deliver DC18704962 by September 17, 2018.  Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport DC18704962 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

138.   **Shipment Number DC18886349:**  Department of State contracted with Hilldrup to ship goods from Baltimore, Maryland to Nairobi, Kenya, with a pack date of August 8, 2018,

and an arrival date of October 21, 2018.  On September 5, 2018, the DOS approved a foreign flag waiver for Hilldrup regarding DC18886349.  Hilldrup falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18886349 from Baltimore, Maryland to Nairobi, Kenya on or before October 21, 2018.  Hilldrup proceeded to ship DC18886349 using P3 service, in MaerskSofia / 836W, a foreign flag vessel, departing from Baltimore, Maryland on or around September 10, 2018 and arriving in Nairobi, Kenya on or before October 21, 2018.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18886349 to the destination on or before October 21, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel, and finally, Mombasa, Kenya via truck to Nairobi, Kenya to deliver DC18886349 by October 21, 2018. Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport DC18886349 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

139.    **Shipment Number DC18763639:**  Department of State contracted with Hilldrup to ship goods from Baltimore, Maryland to Nairobi, Kenya, with a pack date of August 10, 2018, and an arrival date of October 21, 2018.  On September 5, 2018, the DOS approved a foreign flag waiver for Hilldrup regarding DC18763639.  Hilldrup falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18763639 from Baltimore, Maryland to Nairobi, Kenya on or before October 21, 2018.  Hilldrup proceeded to ship DC18763639 using P3 service, in MaerskSofia / 836W, a foreign flag vessel, departing from Baltimore, Maryland on

or around September 10, 2018 and arriving in Nairobi, Kenya on or before October 21, 2018.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18763639 to the destination on or before October 21, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Mombasa, Kenya on a U.S. flag vessel, and finally, Mombasa, Kenya on a truck to Nairobi, Kenya to deliver DC18763639 by October 21, 2018.  Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport DC18763639 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

140.    **Shipment Number DC19141205:**  Department of State contracted with Hilldrup to ship goods from Norfolk, Virginia to Alexandria, Egypt, with a pack date of August 12, 2019, and an arrival date of October 25, 2019.  On September 20, 2019, the DOS approved a foreign flag waiver for Hilldrup regarding DC19141205.  Hilldrup falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19141205 from Norfolk, Virginia to Alexandria, Egypt on or before October 25, 2019.  Hilldrup proceeded to ship DC19141205 using P3 service, Conti Chivalry/ 939E, a foreign flag vessel, departing from Norfolk, Virginia on or around September 28, 2019 and arriving in Alexandria, Egypt on or before October 25, 2019.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19141205 to the destination on or before October 25, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels

available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel to deliver DC19141205 by October 25, 2019. Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport DC19141205 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

141.     **Shipment Number DC19164311:**  Department of State contracted with Hilldrup to ship goods from Norfolk, Virginia to Alexandria, Egypt, with a pack date of August 6, 2019, and an arrival date of October 11, 2019.  On September 4, 2019, the DOS approved a foreign flag waiver for Hilldrup regarding DC19164311.  Hilldrup falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19164311 from Norfolk, Virginia to Alexandria, Egypt on or before October 11, 2019.  Hilldrup proceeded to ship DC19164311 using P3 service, in SM New York / 937E, a foreign flag vessel, departing from Norfolk, Virginia on or around September 14, 2019 and arriving in Alexandria, Egypt on or before October 11, 2019.  At the time Hilldrup submitted the foreign flag waiver, Hilldrup knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19164311 to the destination on or before October 11, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel to deliver DC19164311 by October 11, 2019.  Hilldrup could have obtained knowledge of a U.S. flag vessel's availability to transport DC19164311 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on

the non-public internal records of Hilldrup, or other non-public records obtained in the course of Relator's investigation.

142.     Attached hereto as **Exhibit 7** is a table setting forth these and other examples of fraudulent foreign flag waivers Hilldrup submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

### 7.     JK Moving

143.     **Shipment Number DC18601000:**  Department of State contracted with JK Moving to ship goods from Oakland, California to Abu Dhabi, United Arab Emirates with a pack date of October 16, 2018, and an arrival date of December 29, 2018.  On November 5, 2018, the DOS approved a foreign flag waiver for JK Moving regarding DC18601000.  JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18601000 from Oakland, California to Abu Dhabi, United Arab Emirates on or before December 29, 2018.  JK Moving proceeded to ship DC18601000 using P3 service, in CMA CGM LOIRE 0T, a foreign flag vessel, departing from Oakland, California on or around November 13, 2018 and arriving in Abu Dhabi, United Arab Emirates on or before December 29, 2018.  At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service were available to deliver DC18601000 to the destination on or before December 29, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Oakland, California via rail to Houston, Texas, and then Houston, Texas to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC18601000 by December 29, 2018.  Additionally, JK Moving could have shipped DC18601000 using P2 service via the route of Oakland, California to Shanghai, China, and then from Shanghai, China to Colombo, Sri Lanka, and then from Colombo, Sri Lanka to Salalah, Oman, and then from Salalah, Oman to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC18601000 by

December 29, 2018. JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC18601000 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

///

///

///



*Justification Certificate for Use of Foreign Flag Waiver*

*This foreign flag waiver requests the approval to utilize foreign flag services to transport shipments due to reasons stated below.*

| Shipment Number | Customer Name | Company | Pack Date |
|---|---|---|---|
| DC18601000 | Jeremiah Stiefel | JKMS | 10/16/2018 |

| Departure Airport/Port | Airline/Vessel: | Arrival Airport/Port |
|---|---|---|
| Oakland | CMA CGM LOIRE 0T | Abu Dhabi |

| Departure Date | Arrival Date | RDD | Approved | Denied |
|---|---|---|---|---|
| 11/13/2018 | 12/29/2018 | 1/1/2019 | ☑ | ☐ |

*Comments:*
No US Flag vessel available

*This foreign flag waiver request was adjudicated based on the guidelines of the Tender of Service/Contract that governs the shipment. Any approval of a foreign flag waiver does not allow for an increase in filed rates. All documentation must be sent to TTMCONTRACTS@STATE.GOV.*

*eSignature:*   Marvin Brown

*DateSigned:*   11/5/2018 7:57:58 AM

144. **Shipment Number DC19433611:** Department of State contracted with JK Moving to ship goods from Norfolk, Virginia to Alexandria, Egypt, with a pack date of January 4, 2019, and an arrival date of March 9, 2019. On January 11, 2019, the DOS approved a foreign flag waiver for JK Moving regarding DC19433611. JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19433611 from Norfolk, Virginia to Alexandria, Egypt on or before March 9, 2019. JK Moving proceeded to ship DC19433611 using P3 service, in MUSTAFA DAYI / 18, a foreign flag vessel, departing from Norfolk, Virginia on or around January 19, 2019 and arriving in Alexandria, Egypt on or before March 9, 2019. At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service were available to deliver DC19433611 to the destination on or before March 9, 2019. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, and then from Port Said, Egypt to Alexandria, Egypt to deliver DC19433611 by March 9, 2019. Additionally, JK Moving could have shipped DC19433611 using P2 service via the route of Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, and then from Port Said, Egypt to Alexandria, Egypt via Egyptian cabotage vessel to deliver DC19433611 by March 9, 2019. JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC19433611 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

145. **Shipment Number DC17743320:** Department of State contracted with JK Moving to ship goods from Baltimore, Maryland to Antwerp, Belgium, with a pack date of May 9, 2017, and an arrival date of August 8, 2017. On July 3, 2017, the DOS approved a foreign flag

waiver for JK Moving regarding DC17743320.  JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC17743320 from Baltimore, Maryland to Antwerp, Belgium on or before August 8, 2017.  JK Moving proceeded to ship DC17743320 using P3 service, in MSC BARBARA NU7, a foreign flag vessel, departing from Baltimore, Maryland on or around July 13, 2017 and arriving in Antwerp, Belgium on or before August 8, 2017.  At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC17743320 to the destination on or before August 8, 2017.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then from Norfolk, Virginia to Antwerp, Belgium on a U.S. flag vessel to deliver DC17743320 by August 8, 2017.  JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC17743320 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

146.  **Shipment Number DC17177922:**  Department of State contracted with JK Moving to ship goods from Norfolk, Virginia to Bremerhaven, Germany, with a pack date of March 23, 2017, and an arrival date of April 24, 2017.  On March 24, 2017, the DOS approved a foreign flag waiver for JK Moving regarding DC17177922.  JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC17177922 from Norfolk, Virginia to Bremerhaven, Germany on or before April 24, 2017.  JK Moving proceeded to ship DC17177922 using P3 service, in MSC Breman / NU71, a foreign flag vessel, departing from Norfolk, Virginia on or around April 14, 2017 and arriving in Bremerhaven, Germany on or before April 24, 2017.  At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or

acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC17177922 to the destination on or before April 24, 2017.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Bremerhaven, Germany on a U.S. flag vessel to deliver DC17177922 by April 24, 2017.  JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC17177922 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

147.    **Shipment Number DC18159878:**  Department of State contracted with JK Moving to ship goods from Savannah, Georgia to Genoa, Italy, with a pack date of August 10, 2018, and an arrival date of October 2, 2018.  On August 30, 2018, the DOS approved a foreign flag waiver for JK Moving regarding DC18159878.  JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18159878 from Savannah, Georgia to Genoa, Italy on or before October 2, 2018.  JK Moving proceeded to ship DC18159878 using P3 service, in Brotonne Bridge v. 03, a foreign flag vessel, departing from Savannah, Georgia on or around September 7, 2018 and arriving in Genoa, Italy on or before October 2, 2018.  At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service were available to deliver DC18159878 to the destination on or before October 2, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Savannah, Georgia to Antwerp, Belgium on a U.S. flag vessel, and then from Antwerp, Belgium via truck to Genoa, Italy to deliver DC18159878 by October 2, 2018.  Additionally, JK Moving could have shipped DC18159878 using P2 service via the route

of Savannah, Georgia to Algeciras, Spain on a U.S. flag vessel, and then from Algeciras, Spain to Genoa, Italy to deliver DC18159878 by October 2, 2018. JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC18159878 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

148.   **Shipment Number DC17216211:** Department of State contracted with JK Moving to ship goods from Baltimore, Maryland to Nhava Sheva, India, with a pack date of January 31, 2017, and an arrival date of April 2, 2017. On February 13, 2017, the DOS approved a foreign flag waiver for JK Moving regarding DC17216211. JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC17216211 from Baltimore, Maryland to Nhava Sheva, India on or before April 2, 2017. JK Moving proceeded to ship DC17216211 using P3 service, in PRIORITY / 184INE, a foreign flag vessel, departing from Baltimore, Maryland on or around February 22, 2017 and arriving in Nhava Sheva, India on or before April 2, 2017. At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC17216211 to the destination on or before April 2, 2017. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then from Norfolk, Virginia to Nhava Sheva, India to deliver DC17216211 by April 2, 2017. JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC17216211 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-

public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

149.  **Shipment Number DC16280219:**  Department of State contracted with JK Moving to ship goods from New York, New York to Port Izmir, Turkey, with a pack date of October 7, 2016, and an arrival date of November 27, 2016.  On October 14, 2016, the DOS approved a foreign flag waiver for JK Moving regarding DC16280219.  JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC16280219 from New York, New York to Port Izmir, Turkey on or before November 27, 2016.  JK Moving proceeded to ship DC16280219 using P3 service, in NEVZAT KALKAVAN, a foreign flag vessel, departing from New York, New York on or around October 27, 2016 and arriving in Port Izmir, Turkey on or before November 27, 2016.  At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service were available to deliver DC16280219 to the destination on or before November 27, 2016.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel, and then from Port Said, Egypt to Mersin, Turkey to deliver DC16280219 by November 27, 2016.  Additionally, JK Moving could have shipped DC16280219 using P2 service via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel, and then from Port Said, Egypt to Port Izmir, Turkey to deliver DC16280219 by November 27, 2016.  JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC16280219 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

150.  **Shipment Number DC17323756:**  Department of State contracted with JK Moving to ship goods from Long Beach, California to Shuwaikh, Kuwait, with a pack date of November 10, 2016, and an arrival date of January 28, 2017.  On December 1, 2016, the DOS approved a foreign flag waiver for JK Moving regarding DC17323756.  JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC17323756 from Long Beach, California to Shuwaikh, Kuwait on or before January 28, 2017.  JK Moving proceeded to ship DC17323756 using P3 service, in NYKARTEMIS, a foreign flag vessel, departing from Long Beach, California on or around December 11, 2016 and arriving in Shuwaikh, Kuwait on or before January 28, 2017.  At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service were available to deliver DC17323756 to the destination on or before January 28, 2017.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Houston, Texas to Jebel Ali, United Arab Emirates on a U.S. flag vessel, and then from Jebel Ali, United Arab Emirates to Shuwaikh, Kuwait on a U.S. flag vessel to deliver DC17323756 by January 28, 2017.  Additionally, JK Moving could have shipped DC17323756 using P2 service via the route of Los Angeles, California to Yokohama, Japan on a U.S. flag vessel, and then from Yokohama, Japan to Singapore, and then from Singapore to Jebel Ali, United Arab Emirates and then from Jebel Ali, United Arab Emirates to Shuwaikh, Kuwait on a U.S. flag vessel to deliver DC17323756 by January 28, 2017.  JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC17323756 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

151.    **Shipment Number AI16106738:**  Department of State contracted with JK Moving to ship goods from Norfolk, Virginia to Thessaloniki, Greece, with a pack date of May 4, 2016, and an arrival date of June 15, 2016.  On April 29, 2016, the DOS approved a foreign flag waiver for JK Moving regarding AI16106738.  JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport AI16106738 from Norfolk, Virginia to Thessaloniki, Greece on or before June 15, 2016.  JK Moving proceeded to ship AI16106738 using P3 service, in Zim Texas, 40E, a foreign flag vessel, departing from Norfolk, Virginia on or around May 9, 2016 and arriving in Thessaloniki, Greece on or before June 15, 2016.  At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver AI16106738 to the destination on or before June 15, 2016.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Algeciras, Spain on a U.S. flag vessel, and then from Algeciras, Spain to Pireaus, Greece, and then from Pireaus, Greece to Thessaloniki, Greece to deliver AI16106738 by June 15, 2016.  JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport AI16106738 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

152.    **Shipment Number DC17577373:**  Department of State contracted with JK Moving to ship goods from Savannah, Georgia to Shanghai, China, with a pack date of July 18, 2017, and an arrival date of September 28, 2017.  On August 16, 2017, the DOS approved a foreign flag waiver for JK Moving regarding DC17577373.  JK Moving falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC17577373 from Savannah, Georgia to Shanghai, China on or before September 28, 2017.  JK Moving proceeded to ship

DC17577373 using P3 service, in YM UTMOST 067W, a foreign flag vessel, departing from Savannah, Georgia on or around August 24, 2017 and arriving in Shanghai, China on or before September 28, 2017.  At the time JK Moving submitted the foreign flag waiver, JK Moving knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service were available to deliver DC17577373 to the destination on or before September 28, 2017.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, typically has U.S. flag vessels available to meet the requirements of many shipments.  Specifically, APL, another operator with many U.S. flag vessels, had P1 service available via the route of Los Angeles, California to Shanghai, China on a U.S. flag vessel to deliver DC17577373 by September 28, 2017.  Additionally, JK Moving could have shipped DC17577373 using P2 service via the route of Savannah, Georgia to Jebel Ali, United Arab Emirates on a U.S. flag vessel, and then from Jebel Ali, United Arab Emirates to Shanghai, China to deliver DC17577373 by September 28, 2017.  JK Moving could have obtained knowledge of a U.S. flag vessel's availability to transport DC17577373 by contacting Maersk Line Limited or APL via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of JK Moving, or other non-public records obtained in the course of Relator's investigation.

153.    The foregoing examples were randomly selected from a larger set of Able's shipments.  Notably, Relator's investigation, based on non-public information, revealed that P1 or P2 service or both were available at the time all of these randomly selected foreign flag waivers were submitted.

154.    Attached hereto as **Exhibit 8** is a table setting forth these and other examples of fraudulent foreign flag waivers JK Moving submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

## 8.    New World

155.   **Shipment Number DC18618969:**  Department of State contracted with New World to ship goods from Baltimore, Maryland to Derince, Turkey, with a pack date of January 2, 2018, and an arrival date of February 11, 2018.  On January 3, 2018, the DOS approved a foreign flag waiver for New World regarding DC18618969.  New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18618969 from Baltimore, Maryland to Derince, Turkey on or before February 11, 2018.  New World proceeded to ship DC18618969 using P3 service, in POLARIS /v11, a foreign flag vessel, departing from Baltimore, Maryland on or around January 22, 2018 and arriving in Derince, Turkey on or before February 11, 2018.  At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18618969 to the destination on or before February 11, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC18618969 by February 11, 2018.  Additionally, New World could have shipped DC18618969 using P2 service via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Izmit, Turkey deliver DC18618969 by February 11, 2018.  New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC18618969 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

156.   **Shipment Number DC18701383:**  Department of State contracted with New World to ship goods from New York, New York to Alexandria, Egypt, with a pack date of January

3, 2018, and an arrival date of February 22, 2018.  On January 18, 2018, the DOS approved a foreign flag waiver for New World regarding DC18701383.  New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18701383 from New York, New York to Alexandria, Egypt on or before February 22, 2018.  New World proceeded to ship DC18701383 using P3 service, in IBRAHIM DEDE/1801, a foreign flag vessel, departing from New York, New York on or around January 31, 2018 and arriving in Alexandria, Egypt on or before February 22, 2018.  At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18701383 to the destination on or before February 22, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel to deliver DC18701383 by February 22, 2018. New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC18701383 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

157.  **Shipment Number DC18997833:**  Department of State contracted with New World to ship goods from New York, New York to Istanbul, Turkey, with a pack date of October 5, 2018, and an arrival date of November 17, 2018.  On October 12, 2018, the DOS approved a foreign flag waiver for New World regarding DC18997833.  New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18997833 from New York, New York to Istanbul, Turkey on or before November 17, 2018.  New World proceeded to ship DC18997833 using P3 service, in MELCHIOR SCHULTE 18, a foreign flag vessel, departing from New York, New York on or around October 21, 2018 and arriving in Istanbul, Turkey on or

before November 17, 2018. At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18997833 to the destination on or before November 17, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel, and then Port Said, Egypt to Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC18997833 by November 17, 2018. Additionally, New World could have shipped DC18997833 using P2 service via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel, and then Port Said, Egypt to Ambarli, Turkey to deliver DC18997833 by November 17, 2018. New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC18997833 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

158. **Shipment Number DC19508705:** Department of State contracted with New World to ship goods from Baltimore, Maryland to Derince, Turkey, with a pack date of August 14, 2019, and an arrival date of September 7, 2019. On August 16, 2019, the DOS approved a foreign flag waiver for New World regarding DC19508705. New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19508705 from Baltimore, Maryland to Derince, Turkey on or before September 7, 2019. New World proceeded to ship DC19508705 using P3 service, in Hoegh Shanghai / 85, a foreign flag vessel, departing from Baltimore, Maryland on or around August 24, 2019 and arriving in Derince, Turkey on or before September 7, 2019. At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC19508705 to the destination on or before

September 7, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC19508705 by September 7, 2019.  Additionally, New World could have shipped DC19508705 using P2 service via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Izmit, Turkey to deliver DC19508705 by September 7, 2019.  New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC19508705 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

159.    **Shipment Number DC19560965:**  Department of State contracted with New World to ship goods from New York, New York to Alexandria, Egypt, with a pack date of July 18, 2019, and an arrival date of September 4, 2019.  On July 31, 2019, the DOS approved a foreign flag waiver for New World regarding DC19560965.  New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19560965 from New York, New York to Alexandria, Egypt on or before September 4, 2019.  New World proceeded to ship DC19560965 using P3 service, in SATIE v1921, a foreign flag vessel, departing from New York, New York on or around August 12, 2019 and arriving in Alexandria, Egypt on or before September 4, 2019.  At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19560965 to the destination on or before September 4, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service

available via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel to deliver DC19560965 by September 4, 2019. New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC19560965 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

160. **Shipment Number DC18337837:** Department of State contracted with New World to ship goods from Norfolk, Virginia to Alexandria, Egypt, with a pack date of September 7, 2018, and an arrival date of December 4, 2018. On October 22, 2018, the DOS approved a foreign flag waiver for New World regarding DC18337837. New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18337837 from Norfolk, Virginia to Alexandria, Egypt on or before December 4, 2018. New World proceeded to ship DC18337837 using P3 service, in Berlin Bridge 054E, a foreign flag vessel, departing from Norfolk, Virginia on or around October 31, 2018 and arriving in Alexandria, Egypt on or before December 4, 2018. At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18337837 to the destination on or before December 4, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel to deliver DC18337837 by December 4, 2018. New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC18337837 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

161. **Shipment Number DC18897687:** Department of State contracted with New World to ship goods from Baltimore, Maryland to Rotterdam, Netherlands, with a pack date of June 22, 2018, and an arrival date of August 25, 2018. On July 30, 2018, the DOS approved a foreign flag waiver for New World regarding DC18897687. New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18897687 from Baltimore, Maryland to Rotterdam, Netherlands on or before August 25, 2018. New World proceeded to ship DC18897687 using P3 service, in ARCHIMIDIS NU831E, a foreign flag vessel, departing from Baltimore, Maryland on or around August 5, 2018 and arriving in Rotterdam, Netherlands on or before August 25, 2018. At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18897687 to the destination on or before August 25, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Rotterdam, Netherlands on a U.S. flag vessel to deliver DC18897687 by August 25, 2018. Additionally, New World could have shipped DC18897687 using P1 service via the route of Baltimore, Maryland to Antwerp, Belgium to deliver DC18897687 by August 25, 2018. New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC18897687 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

162. **Shipment Number DC19362100:** Department of State contracted with New World to ship goods from New York, New York to Istanbul, Turkey, with a pack date of May 13, 2019, and an arrival date of July 5, 2019. On May 17, 2019, the DOS approved a foreign flag waiver for New World regarding DC19362100. New World falsely represented in the foreign flag

waiver that no U.S. flag vessel was available to transport DC19362100 from New York, New York to Istanbul, Turkey on or before July 5, 2019.  New World proceeded to ship DC19362100 using P3 service, in MUKADDES KALKAVAN, a foreign flag vessel, departing from New York, New York on or around June 19, 2019 and arriving in Istanbul, Turkey on or before July 5, 2019.  At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC19362100 to the destination on or before July 5, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel, and then Port Said, Egypt to Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC19362100 by July 5, 2019.  Additionally, New World could have shipped DC19362100 using P2 service via the route of Newark, New Jersey to Port Said on a U.S. flag vessel, and then Port Said, Egypt to Ambarli, Turkey to deliver DC19362100 by July 5, 2019.  New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC19362100 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

163.  **Shipment Number DC19203883:**  Department of State contracted with New World to ship goods from Savannah, Georgia to Alexandria, Egypt, with a pack date of May 31, 2019, and an arrival date of October 9, 2019.  On August 19, 2019, the DOS approved a foreign flag waiver for New World regarding DC19203883.  New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19203883 from Savannah, Georgia to Alexandria, Egypt on or before October 9, 2019.  New World proceeded to ship DC19203883 using P3 service, in SM NEW YORK 937, a foreign flag vessel, departing from Savannah, Georgia on or around September 17, 2019 and arriving in Alexandria, Egypt on or

before October 9, 2019.  At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19203883 to the destination on or before October 9, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Savannah, Georgia to Port Said, Egypt on a U.S. flag vessel to deliver DC19203883 by October 9, 2019. New World could have obtained knowledge of a U.S. flag vessel's availability to transport DC19203883 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

164.    **Shipment Number DC19943734:**  Department of State contracted with New World to ship goods from New York, New York to Alexandria, Egypt, with a pack date of October 4, 2019, and an arrival date of December 4, 2019.  On October 22, 2019, the DOS approved a foreign flag waiver for New World regarding DC19943734.  New World falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19943734 from New York, New York to Alexandria, Egypt on or before December 4, 2019.  New World proceeded to ship DC19943734 using P3 service, in MUSTAFA DAY!I/ 1930, a foreign flag vessel, departing from New York, New York on or around November 11, 2019 and arriving in Alexandria, Egypt on or before December 4, 2019.  At the time New World submitted the foreign flag waiver, New World knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19943734 to the destination on or before December 4, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel to deliver DC19943734 by December 4, 2019. New World could

have obtained knowledge of a U.S. flag vessel's availability to transport DC19943734 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of New World, or other non-public records obtained in the course of Relator's investigation.

165.   Attached hereto as **Exhibit 9** is a table setting forth these and other examples of fraudulent foreign flag waivers JK Moving submitted to DOS. The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

### 9.   Paramount

166.   **Shipment Number DC19966136:** Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of May 15, 2019, and an arrival date of July 30, 2019. On June 13, 2019, the DOS approved a foreign flag waiver for Paramount regarding DC19966136. Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19966136 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before July 30, 2019. Paramount proceeded to ship DC19966136 using P3 service, in GRETE MAERSK/ V.926, a foreign flag vessel, departing from Baltimore, Maryland on or around June 24, 2019 and arriving in Abu Dhabi, United Arab Emirates on or before July 30, 2019. At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19966136 to the destination on or before July 30, 2019. For example, Maersk Line Limited (MLL), which operates the largest feet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19966136 by July 30, 2019. Paramount

could have obtained knowledge of a U.S. flag vessel's availability to transport DC19966136 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

167.   **Shipment Number DC19414574:**   Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of May 22, 2019, and an arrival date of July 19, 2019.  On June 4, 2019, the DOS approved a foreign flag waiver for Paramount regarding DC19414574.  Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19414574 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before July 19, 2019.  Paramount proceeded to ship DC19414574 using P3 service, in Gerd Maersk # 924W, a foreign flag vessel, departing from Baltimore, Maryland on or around June 11, 2019 and arriving in Abu Dhabi, United Arab Emirates on or before July 19, 2019.  At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19414574 to the destination on or before July 19, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19414574 by July 19, 2019. Paramount could have obtained knowledge of a U.S. flag vessel's availability to transport DC19414574 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public

internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

168.   **Shipment Number DC19414574:**   Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of May 22, 2019, and an arrival date of July 19, 2019.   On June 4, 2019, the DOS approved a foreign flag waiver for Paramount regarding DC19414574.   Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19414574 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before July 19, 2019.   Paramount proceeded to ship DC19414574 using P3 service, in Gerd Maersk # 924W, a foreign flag vessel, departing from Baltimore, Maryland on or around June 11, 2019 and arriving in Abu Dhabi, United Arab Emirates on or before July 19, 2019.   At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19414574 to the destination on or before July 19, 2019.   For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.   Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19414574 by July 19, 2019. Paramount could have obtained knowledge of a U.S. flag vessel's availability to transport DC19414574 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.   The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

169.   **Shipment Number DC19773586:**   Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of June 6, 2019, and an arrival date of August 1, 2019.   On June 11, 2019, the DOS

approved a foreign flag waiver for Paramount regarding DC19773586. Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19773586 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before August 1, 2019. Paramount proceeded to ship DC19773586 using P3 service, in GRETE MAERSK #926W, a foreign flag vessel, departing from Baltimore, Maryland on or around June 24, 2019 and arriving in Abu Dhabi, United Arab Emirates on or before August 1, 2019. At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19773586 to the destination on or before August 1, 2019. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19773586 by August 1, 2019. Paramount could have obtained knowledge of a U.S. flag vessel's availability to transport DC19773586 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

170. **Shipment Number DC19538444:** Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of June 27, 2019, and an arrival date of October 1, 2019. On August 29, 2019, the DOS approved a foreign flag waiver for Paramount regarding DC19538444. Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19538444 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before October 1, 2019. Paramount proceeded to ship DC19538444 using P3 service, in Arthur Maersk V#936W, a foreign flag vessel, departing from Baltimore, Maryland on or around September 2, 2019 and

arriving in Abu Dhabi, United Arab Emirates on or before October 1, 2019.  At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19538444 to the destination on or before October 1, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19538444 by October 1, 2019. Paramount could have obtained knowledge of a U.S. flag vessel's availability to transport DC19538444 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

171.    **Shipment Number DC19664244:**   Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of June 24, 2019, and an arrival date of August 4, 2019.  On June 20, 2019, the DOS approved a foreign flag waiver for Paramount regarding DC19664244.  Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19664244 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before August 4, 2019.  Paramount proceeded to ship DC19664244 using P3 service, in CORNELIA MAERSK #92, a foreign flag vessel, departing from Baltimore, Maryland on or around July 1, 2019 and arriving in Abu Dhabi, United Arab Emirates on or before August 4, 2019.  At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19664244 to the destination on or before August 4, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet

the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19664244 by August 4, 2019. Paramount could have obtained knowledge of a U.S. flag vessel's availability to transport DC19664244 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

172.    **Shipment Number DC19545852:**    Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of June 14, 2019, and an arrival date of August 4, 2019.  On June 19, 2019, the DOS approved a foreign flag waiver for Paramount regarding DC19545852.  Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19545852 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before August 4, 2019.  Paramount proceeded to ship DC19545852 using P3 service, in CORNELIA MAERSK #92, a foreign flag vessel, departing from Baltimore, Maryland on or around July 1, 2019 and arriving in Abu Dhabi, United Arab Emirates on or before August 4, 2019.  At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19545852 to the destination on or before August 4, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19545852 by August 4, 2019. Paramount could have obtained knowledge of a U.S. flag vessel's availability to transport DC19545852 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited

published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

173.  **Shipment Number DC19999619:**  Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of June 19, 2019, and an arrival date of October 10, 2019.  On August 22, 2019, the DOS approved a foreign flag waiver for Paramount regarding DC19999619.  Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19999619 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before October 10, 2019.  Paramount proceeded to ship DC19999619 using P3 service, in Arthur Maersk V#936W, a foreign flag vessel, departing from Baltimore, Maryland on or around September 2, 2019 and arriving in Abu Dhabi, United Arab Emirates on or before October 10, 2019.  At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19999619 to the destination on or before October 10, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19999619 by October 10, 2019.  Paramount could have obtained knowledge of a U.S. flag vessel's availability to transport DC19999619 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

174.   **Shipment Number DC19301688:**   Department of State contracted with Paramount to ship goods from Baltimore, Maryland to Abu Dhabi, United Arab Emirates, with a pack date of June 26, 2019, and an arrival date of October 10, 2019.  On August 21, 2019, the DOS approved a foreign flag waiver for Paramount regarding DC19301688.  Paramount falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC19301688 from Baltimore, Maryland to Abu Dhabi, United Arab Emirates on or before October 10, 2019.  Paramount proceeded to ship DC19301688 using P3 service, in Arthur Maersk V#936W, a foreign flag vessel, departing from Baltimore, Maryland on or around September 2, 2019 and arriving in Abu Dhabi, United Arab Emirates on or before October 10, 2019.  At the time Paramount submitted the foreign flag waiver, Paramount knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC19301688 to the destination on or before October 10, 2019.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel to deliver DC19301688 by October 10, 2019.  Paramount could have obtained knowledge of a U.S. flag vessel's availability to transport DC19301688 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paramount, or other non-public records obtained in the course of Relator's investigation.

175.   Attached hereto as **Exhibit 10** is a table setting forth these and other examples of fraudulent foreign flag waivers Paramount submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

**10.**   **Paxton**

176.    **Shipment Number DC18318792:** Department of State contracted with Paxton to ship goods from Baltimore, Maryland to Addis Ababa, Ethiopia, with a pack date of January 23, 2018, and an arrival date of March 13, 2018.  On January 30, 2018, the DOS approved a foreign flag waiver for Paxton regarding DC18318792.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18318792 from Baltimore, Maryland to Addis Ababa, Ethiopia on or before March 13, 2018.  Paxton proceeded to ship DC18318792 using P3 service, in MSC Kingston V.804E, a foreign flag vessel, departing from Baltimore, Maryland on or around February 2, 2018 and arriving in Addis Ababa, Ethiopia on or before March 13, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18318792 to the destination on or before March 13, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Djibouti on a U.S. flag vessel, followed by Djibouti to Addis Ababa on a truck to deliver DC18318792 by March 13, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport DC18318792 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

177.    **Shipment Number DC18089243:** Department of State contracted with Paxton to ship goods from Savannah, Georgia to Shuwaikh, Kuwait, with a pack date of January 19, 2018, and an arrival date of March 24, 2018.  On February 1, 2018, the DOS approved a foreign flag waiver for Paxton regarding DC18089243.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18089243 from Savannah, Georgia to Shuwaikh, Kuwait on or before March 24, 2018.  Paxton proceeded to ship DC18089243 using P3

service, in YM MODERATION V.039., a foreign flag vessel, departing from Savannah, Georgia on or around February 9, 2018 and arriving in Shuwaikh, Kuwait on or before March 24, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18089243 to the destination on or before March 24, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Savannah, Georgia to Jebel Ali, United Arab Emirates on a U.S. flag vessel and then Jebel Ali, United Arab Emirates to Shuwaikh, Kuwait on a U.S.-flag vessel to deliver DC18089243 by March 24, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport DC18089243 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

178.    **Shipment Number DC18724151:**  Department of State contracted with Paxton to ship goods from Baltimore, Maryland to Djibouti, with a pack date of March 28, 2018, and an arrival date of May 18, 2018.  On March 28, 2018, the DOS approved a foreign flag waiver for Paxton regarding DC18724151.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18724151 from Baltimore, Maryland to Djibouti on or before May 18, 2018.  Paxton proceeded to ship DC18724151 using P3 service, in Teno #302INE, a foreign flag vessel, departing from Baltimore, Maryland on or around April 8, 2018 and arriving in Djibouti on or before May 18, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18724151 to the destination on or before May 18, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically,

MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Djibouti on a U.S. flag vessel to deliver DC18724151 by May 18, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport DC18724151 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

179.    **Shipment Number DC18151744:**  Department of State contracted with Paxton to ship goods from Baltimore, Maryland to Shuwaikh, Kuwait, with a pack date of September 18, 2018, and an arrival date of October 31, 2018.  On September 17, 2018, the DOS approved a foreign flag waiver for Paxton regarding DC18151744.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18151744 from Baltimore, Maryland to Shuwaikh, Kuwait on or before October 31, 2018.  Paxton proceeded to ship DC18151744 using P3 service, in ALBERT MAERSK #838W, a foreign flag vessel, departing from Baltimore, Maryland on or around September 26, 2018 and arriving in Shuwaikh, Kuwait on or before October 31, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service available to deliver DC18151744 to the destination on or before October 31, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel, followed by Jebel Ali, United Arab Emirates to Shuwaikh, Kuwait on a U.S. flag vessel to deliver DC18151744 by October 31, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport DC18151744 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on

publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

180.   **Shipment Number DC18474114:**  Department of State contracted with Paxton to ship goods from Baltimore, Maryland to Shuwaikh, Kuwait, with a pack date of September 18, 2018, and an arrival date of November 12, 2018.  On September 24, 2018, the DOS approved a foreign flag waiver for Paxton regarding DC18474114.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18474114 from Baltimore, Maryland to Shuwaikh, Kuwait on or before November 12, 2018.  Paxton proceeded to ship DC18474114 using P3 service, in CLEMENTINE MAERSK #, a foreign flag vessel, departing from Baltimore, Maryland on or around October 1, 2018 and arriving in Shuwaikh, Kuwait on or before November 12, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18474114 to the destination on or before November 12, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel, followed by Jebel Ali, United Arab Emirates to Shuwaikh, Kuwait on a U.S. flag vessel to deliver DC18474114 by November 12, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport DC18474114 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

181.   **Shipment Number DC18500246:**  Department of State contracted with Paxton to ship goods from Baltimore, Maryland to Shuwaikh, Kuwait, with a pack date of July 25, 2018, and

an arrival date of September 11, 2018.  On July 30, 2018, the DOS approved a foreign flag waiver for Paxton regarding DC18500246.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18500246 from Baltimore, Maryland to Shuwaikh, Kuwait on or before September 11, 2018.  Paxton proceeded to ship DC18500246 using P3 service, in Columbine Maersk 831W, a foreign flag vessel, departing from Baltimore, Maryland on or around August 6, 2018 and arriving in Shuwaikh, Kuwait on or before September 11, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18500246 to the destination on or before September 11, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Jebel Ali, United Arab Emirates on a U.S. flag vessel, followed by Jebel Ali, United Arab Emirates to Shuwaikh, Kuwait on a U.S. flag vessel to deliver DC18500246 by September 11, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport DC18500246 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

182.    **Shipment Number Al18861473:**  Department of State contracted with Paxton to ship goods from Baltimore, Maryland to Dar Es Salaam, Tanzania, with a pack date of August 13, 2018, and an arrival date of October 17, 2018.  On August 22, 2018, the DOS approved a foreign flag waiver for Paxton regarding Al18861473.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport Al18861473 from Baltimore, Maryland to Dar Es Salaam, Tanzania on or before October 17, 2018.  Paxton proceeded to ship Al18861473 using P3 service, in Primavera/S012, a foreign flag vessel, departing from Baltimore, Maryland

on or around August 31, 2018 and arriving in Dar Es Salaam, Tanzania on or before October 17, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver Al18861473 to the destination on or before October 17, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Dar Es Salaam, Tanzania on a U.S. flag vessel to deliver Al18861473 by October 17, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport Al18861473 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

183.    **Shipment Number DC18980219:**  Department of State contracted with Paxton to ship goods from Savannah, Georgia to Shuwaikh, Kuwait, with a pack date of June 25, 2018, and an arrival date of December 6, 2018.  On October 22, 2018, the DOS approved a foreign flag waiver for Paxton regarding DC18980219.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18980219 from Savannah, Georgia to Shuwaikh, Kuwait on or before December 6, 2018.  Paxton proceeded to ship DC18980219 using P3 service, in Dallian Express V 104W, a foreign flag vessel, departing from Savannah, Georgia on or around November 2, 2018 and arriving in Shuwaikh, Kuwait on or before December 6, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18980219 to the destination on or before December 6, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service

available via the route of Savannah, Georgia to Jebel Ali, United Arab Emirates on a U.S. flag vessel and then Jebel Ali, United Arab Emirates to Shuwaikh, Kuwait on a U.S. flag vessel to deliver DC18980219 by December 6, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport DC18980219 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

184.  **Shipment Number Al18356423:**  Department of State contracted with Paxton to ship goods from Baltimore, Maryland to Djibouti, with a pack date of April 16, 2018, and an arrival date of June 16, 2018.  On April 24, 2018, the DOS approved a foreign flag waiver for Paxton regarding Al18356423.  Paxton falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport Al18356423 from Baltimore, Maryland to Djibouti on or before June 16, 2018.  Paxton proceeded to ship Al18356423 using P3 service, in CLEMENTINE MAERSK #, a foreign flag vessel, departing from Baltimore, Maryland on or around May 1, 2018 and arriving in Djibouti on or before June 16, 2018.  At the time Paxton submitted the foreign flag waiver, Paxton knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver Al18356423 to the destination on or before June 16, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland via truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Djibouti on a U.S. flag vessel to deliver Al18356423 by June 16, 2018. Paxton could have obtained knowledge of a U.S. flag vessel's availability to transport Al18356423 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False

Claims Act, but are based on the non-public internal records of Paxton, or other non-public records obtained in the course of Relator's investigation.

185.    Attached hereto as **Exhibit 11** is a table setting forth these and other examples of fraudulent foreign flag waivers Paxton submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

### 11.    Western Express

186.    **Shipment Number DC18184609:**  Department of State contracted with Western Express to ship goods from Newark, New Jersey to New Delhi, India, with a pack date of July 9, 2018, and an arrival date of September 21, 2018.  On July 30, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18184609.  Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18184609 from Newark, New Jersey to New Delhi, India on or before September 21, 2018.  Western Express proceeded to ship DC18184609 using P3 service, in OOCL/MOL COURAGE/82, a foreign flag vessel, departing from Newark, New Jersey on or around August 8, 2018 and arriving in New Delhi, India on or before September 21, 2018.  At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18184609 to the destination on or before September 21, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey to Nhava Sheva, India, and then a truck from Nhava Sheva, India to New Delhi, India to deliver DC18184609 by September 21, 2018.  Additionally, Western Express could have shipped DC18184609 using P1 service via the route of Newark, New Jersey to Pipavav, India on a U.S. flag vessel and then a truck from Pipavav, India to New Delhi, India to deliver DC18184609 by September 21, 2018.  Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18184609 by contacting Maersk Line Limited via email

or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

187.   **Shipment Number DC18550151:**  Department of State contracted with Western Express to ship goods from Los Angeles, California to Yokohama, Japan, with a pack date of July 9, 2018, and an arrival date of September 9, 2018.  On August 9, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18550151.  Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18550151 from Los Angeles, California to Yokohama, Japan on or before September 9, 2018.  Western Express proceeded to ship DC18550151 using P3 service, in NYK/DEMETER/062W, a foreign flag vessel, departing from Los Angeles, California on or around August 24, 2018 and arriving in Yokohama, Japan on or before September 9, 2018.  At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver DC18550151 to the destination on or before September 9, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Los Angeles, California to Yokohama, Japan on a U.S. flag vessel to deliver DC18550151 by September 9, 2018.  Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18550151 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

188.   **Shipment Number DC18891186:**  Department of State contracted with Western Express to ship goods from Baltimore, Maryland to Izmir, Turkey, with a pack date of July 18,

2018, and an arrival date of September 25, 2018. On August 13, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18891186. Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18891186 from Baltimore, Maryland to Izmir, Turkey on or before September 25, 2018. Western Express proceeded to ship DC18891186 using P3 service, in MSC/MAUREEN/843E, a foreign flag vessel, departing from Baltimore, Maryland on or around August 22, 2018 and arriving in Izmir, Turkey on or before September 25, 2018. At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18891186 to the destination on or before September 25, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC18891186 by September 25, 2018. Additionally, Western Express could have shipped DC18891186 using P2 service via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Izmir, Turkey to deliver DC18891186 by September 25, 2018. Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18891186 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

189.    **Shipment Number DC18993117:** Department of State contracted with Western Express to ship goods from Baltimore, Maryland to New Delhi, India, with a pack date of May 14, 2018, and an arrival date of August 4, 2018. On June 8, 2018, the DOS approved a foreign flag

waiver for Western Express, regarding DC18993117.  Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18993117 from Baltimore, Maryland to New Delhi, India on or before August 4, 2018.  Western Express proceeded to ship DC18993117 using P3 service, in Hapag Lloyd/Torrente/822, a foreign flag vessel, departing from Baltimore, Maryland on or around June 22, 2018 and arriving in New Delhi, India on or before August 4, 2018.  At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that two P1 service routes were available to deliver DC18993117 to the destination on or before August 4, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia and then Norfolk, Virginia on a U.S. flag vessel to Nhava Sheva, India, followed by Nhava Sheva, India on truck to New Delhi, India to deliver DC18993117 by August 4, 2018.  Additionally, Western Express could have shipped DC18993117 using P1 service via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia and then Norfolk, Virginia on a U.S. flag vessel to Pipavav, India, followed by Pipavav, India on truck to New Delhi, India to deliver DC18993117 by August 4, 2018.  Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18993117 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

190.  **Shipment Number DC18914926:**  Department of State contracted with Western Express to ship goods from Newark, New Jersey to Ankara, Turkey, with a pack date of June 11, 2018, and an arrival date of July 23, 2018.  On June 19, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18914926.  Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18914926 from Newark,

New Jersey to Ankara, Turkey on or before July 23, 2018.  Western Express proceeded to ship DC18914926 using P3 service, in MSC/MSC VALENCIA/824, a foreign flag vessel, departing from Newark, New Jersey on or around June 22, 2018 and arriving in Ankara, Turkey on or before July 23, 2018.  At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18914926 to the destination on or before July 23, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel and then Port Said, Egypt to Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC18914926 by July 23, 2018.  Additionally, Western Express could have shipped DC18914926 using P2 service via the route of Newark, New Jersey to Port Said, Egypt on a U.S. flag vessel and then Port Said, Egypt to Ambarli, Turkey to deliver DC18914926 by July 23, 2018.  Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18914926 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

191.    **Shipment Number DC18635321:**  Department of State contracted with Western Express to ship goods from Baltimore, Maryland to Izmir, Turkey, with a pack date of June 11, 2018, and an arrival date of August 16, 2018.  On June 27, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18635321.  Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18635321 from Baltimore, Maryland to Izmir, Turkey on or before August 16, 2018.  Western Express proceeded to ship DC18635321 using P3 service, in MAERSK/MSC MARIANN, a foreign flag vessel, departing from Baltimore, Maryland on or around July 11, 2018 and arriving in Izmir, Turkey on

or before August 16, 2018.  At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18635321 to the destination on or before August 16, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC18635321 by August 16, 2018.  Additionally, Western Express could have shipped DC18635321 using P2 service via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Izmir, Turkey to deliver DC18635321 by August 16, 2018.  Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18635321 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

192.    **Shipment Number DC18275244:**  Department of State contracted with Western Express to ship goods from Baltimore, Maryland to Yokohama, Japan, with a pack date of June 25, 2018, and an arrival date of August 14, 2018.  On July 6, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18275244.  Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18275244 from Baltimore, Maryland to Yokohama, Japan on or before August 14, 2018.  Western Express proceeded to ship DC18275244 using P3 service, in Hapag Lloyd/MOL MISSIO., a foreign flag vessel, departing from Baltimore, Maryland on or around July 16, 2018 and arriving in Yokohama, Japan on or before August 14, 2018.  At the time Western Express submitted the foreign flag

waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18275244 to the destination on or before August 14, 2018. For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment. Specifically, MLL had P1 service available via the route of Baltimore, Maryland on truck/rail to Los Angeles, California, and then Los Angeles, California to Yokohama, Japan on a U.S. flag vessel to deliver DC18275244 by August 14, 2018. Additionally, Western Express could have shipped DC18275244 using P2 service via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Singapore, and finally, Singapore to Yokohama, Japan to deliver DC18275244 by August 14, 2018. Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18275244 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list. The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

193.    **Shipment Number DC18061158:**  Department of State contracted with Western Express to ship goods from Baltimore, Maryland to Izmir, Turkey, with a pack date of April 19, 2018, and an arrival date of June 19, 2018. On May 10, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18061158. Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18061158 from Baltimore, Maryland to Izmir, Turkey on or before June 19, 2018. Western Express proceeded to ship DC18061158 using P3 service, in Maersk/Conti Everest/820, a foreign flag vessel, departing from Baltimore, Maryland on or around May 16, 2018 and arriving in Izmir, Turkey on or before June 19, 2018. At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18061158 to the destination on or before June

19, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Mersin/Iskenderun, Turkey on a U.S. flag vessel to deliver DC18061158 by June 19, 2018.  Additionally, Western Express could have shipped DC18061158 using P2 service via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Port Said, Egypt on a U.S. flag vessel, followed by Port Said, Egypt to Izmir, Turkey to deliver DC18061158 by June 19, 2018.  Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18061158 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

194.    **Shipment Number DC18603180:**  Department of State contracted with Western Express to ship goods from Baltimore, Maryland to Yokohama, Japan, with a pack date of June 21, 2018, and an arrival date of August 14, 2018.  On July 6, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18603180.  Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18603180 from Baltimore, Maryland to Yokohama, Japan on or before August 14, 2018.  Western Express proceeded to ship DC18603180 using P3 service, in Hapag Lloyd/MOL MISSIO., a foreign flag vessel, departing from Baltimore, Maryland on or around July 16, 2018 and arriving in Yokohama, Japan on or before August 14, 2018.  At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18603180 to the destination on or before August 14, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet

the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland on truck/rail to Los Angeles, California, and then Los Angeles, California to Yokohama, Japan on a U.S. flag vessel to deliver DC18603180 by August 14, 2018.  Additionally, Western Express could have shipped DC18603180 using P2 service via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Singapore, and finally, Singapore to Yokohama, Japan to deliver DC18603180 by August 14, 2018.  Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18603180 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

195.    **Shipment Number DC18183029:**  Department of State contracted with Western Express to ship goods from Baltimore, Maryland to Yokohama, Japan, with a pack date of June 20, 2018, and an arrival date of September 27, 2018.  On August 13, 2018, the DOS approved a foreign flag waiver for Western Express, regarding DC18183029.  Western Express falsely represented in the foreign flag waiver that no U.S. flag vessel was available to transport DC18183029 from Baltimore, Maryland to Yokohama, Japan on or before September 27, 2018.  Western Express proceeded to ship DC18183029 using P3 service, in Hapag Lloyd/MOL MAGNI, a foreign flag vessel, departing from Baltimore, Maryland on or around August 26, 2018 and arriving in Yokohama, Japan on or before September 27, 2018.  At the time Western Express submitted the foreign flag waiver, Western Express knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service and P2 service was available to deliver DC18183029 to the destination on or before September 27, 2018.  For example, Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment.  Specifically, MLL had P1 service available via the route of Baltimore, Maryland on truck/rail to Los Angeles, California and then

Los Angeles, California to Yokohama, Japan on a U.S. flag vessel to deliver DC18183029 by September 27, 2018.  Additionally, Western Express could have shipped DC18183029 using P2 service via the route of Baltimore, Maryland on truck/barge to Norfolk, Virginia, and then Norfolk, Virginia to Salalah, Oman on a U.S. flag vessel, followed by Salalah, Oman to Singapore, and finally, Singapore to Yokohama, Japan to deliver DC18183029 by September 27, 2018.  Western Express could have obtained knowledge of a U.S. flag vessel's availability to transport DC18183029 by contacting Maersk Line Limited via email or phone or consulting the Maersk Line Limited published route list.  The allegations in this paragraph are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on the non-public internal records of Western Express, or other non-public records obtained in the course of Relator's investigation.

196.    Attached hereto as **Exhibit 12** is a table setting forth these and other examples of fraudulent foreign flag waivers Western Express submitted to DOS.  The examples in the Exhibit are not based on publicly disclosed information, as that term is defined in the False Claims Act, but are based on non-public records and information obtained in the course of Relator's investigation.

D.    **Defendants routinely used third-party logistics companies which regularly used foreign flag vessels despite the availability of U.S. flag vessels.**

197.    The U.S. Census Bureau collects various trade data on U.S. exports, in part, to ensure compliance with U.S. export regulations.  Each shipment has an electronic filing that is submitted to the U.S. Census Bureau.

198.    An algorithm used to analyze certain U.S. export data, in conjunction with non-public records obtained in the course of Relator's investigation, shows that declared CHAMP cargo moved on foreign flag vessels despite the availability of competing U.S. flag vessels.  Using this analysis, between January 2013 through October 2021, a total of 16,570 shipments of CHAMP-designated cargo were identified. Of the 16,570 shipments reviewed, 60.1% (9,957 shipments) moved on foreign flag vessels.

199.    A total of 180 individual 3PLs—companies that contract with TSPs to book the cargo on vessels—were identified which have moved household goods and motor vehicles owned by personnel of the U.S. Government on foreign flag vessels, despite the availability of U.S. flag service.

200.    Of the 180 3PLs, 12 account for 80.5% of the U.S. export cargo that was improperly moved on foreign flag vessels: (1) Shipco Transport Inc., (2) Continental Van Lines, (3) XPT Logistics, (4) Sea Express America Corporation, (5) Vanguard Logistics, (6) Econocaribe, (7) Carotrans International, (8) Rose Container Lines, (9) M&S Logistics, (10) See Sped USA Inc., (11) Sea Shipping Line, and (12) Naca Logistics.

201.    The U.S. Census Bureau and U.S. Customs data very clearly shows a longstanding correlation between these 12 3PLs and the use of foreign flag vessels for the movement of HHG and personally owned vehicles owned by personnel of the United States Government.

| Count of Shipments | Departure Year | | | | | | | | | |
| Shipper | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | TOTAL |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| SHIPCO TRANSPORT INC. | 110 | 185 | 190 | 160 | 140 | 168 | 170 | 142 | 136 | 1,401 |
| CONTINENTAL VAN LINES | 167 | 285 | 234 | 192 | 261 | 59 | | | | 1,198 |
| XPT LOGISTICS | | | 108 | 291 | 428 | 310 | 1 | 3 | 6 | 1,147 |
| SEA EXPRESS AMERICA CORPORATION | 125 | 152 | 149 | 121 | 128 | 120 | 53 | 29 | 26 | 903 |
| VANGUARD LOGISTICS | | 50 | 210 | 180 | 99 | 90 | 67 | 13 | | 709 |
| ECONOCARIBE | 25 | 111 | 74 | 79 | 70 | 32 | 84 | 61 | 37 | 573 |
| CAROTRANS INTERNATIONAL | 36 | 49 | 105 | 52 | 101 | 72 | 40 | 28 | 13 | 496 |
| ROSE CONTAINER LINES | 8 | 32 | 42 | 56 | 55 | 105 | 76 | 38 | 17 | 429 |
| M&S LOGISTICS | | | 1 | 7 | 14 | 56 | 122 | 89 | 82 | 371 |
| SEE SPED USA INC. | 37 | 38 | 73 | 39 | 31 | 32 | 28 | 7 | 9 | 294 |
| SEA SHIPPING LINE | 27 | 47 | 79 | 71 | 27 | 12 | 4 | | | 267 |
| NACA LOGISTICS | 115 | 118 | | | | | | | | 233 |
| * OTHER | 275 | 221 | 389 | 262 | 264 | 202 | 131 | 97 | 95 | 1,936 |
| | | | | | | | | | | |
| TOTAL | 2,938 | 3,302 | 3,669 | 3,526 | 3,635 | 3,276 | 2,795 | 2,527 | 2,442 | 9,957 |

202.    Of these 12, Relator has identified 6 which regularly worked with Defendant J.K. Moving to transport CHAMP-designated cargo. J.K. Moving regularly contracts with ShipCo Transport, Inc., Sea Express American Corporation, Vanguard Logistics, Econocaribe, Carotrans International, and Sea Shipping Line to move shipments of CHAMP-designated cargo on foreign flag vessels despite the availability of U.S. flag vessels.

203.    Of these 12, Relator has identified 5 which regularly worked with Defendant Able to transport CHAMP-designated cargo. Able contracts with XPT Logistics, Sea Express American Corporation, Vanguard Logistics, Econocaribe, and Carotrans International to move shipments of CHAMP-designated cargo on foreign flag vessels despite the availability of U.S. flag vessels.

204.    On information and belief, these 12 3PLs also regularly worked with other Defendants as well.

**E.      Further evidence shows that Defendants eventually retreated from the scheme for fear of DOS uncovering the fraud.**

205.    In 2018, Relator and others began raising concerns about the fraudulent practices. As a result, DOS began reemphasizing the U.S. flag requirements during industry conferences and through DOS publications.  On March 27, 2019 DOS held a mandatory TSP meeting.  Emanuel (Manny) Hazel was introduced as the Manager of Foreign Flag Waivers, a newly created position amidst the crackdown to show DOS's recognition of the flagrant abuse of the CHAMP program through submission of fraudulent bids and waivers.

206.    In response, some Defendants have recently retreated from the scheme in fear of a crackdown.  This shift is evidenced by the dramatic increase in their rates which now incorporate the cost of using American ships.  The following chart shows this shift—where some Defendant companies barely broke-even or made a minor profit after switching to U.S. flag vessels.  Other companies' rates skyrocketed for fear of DOS uncovering the fraud:

| FROM D.C. TO | CHINA | | | UK | | | GERMANY | | | NETHERLANDS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PARAMOUNT | RATES FILED | US FLAG *** | NON US FLAG *** | RATES FILED | US FLAG *** | NON US FLAG *** | RATES FILED | US FLAG *** | NON US FLAG *** | RATES FILED | US FLAG *** | NON US FLAG *** |
| 2016 | 15,432 | | | 12,208 | | | 12,054 | | | 12,899 | | |
| 2019 | 13,820 | 13,985 | 9,771 | 10,672 | 15,730 | 9,965 | 12,054 | 15,759 | 11,436 | 13,359 | 15,315 | 12,181 |
| NEW WORLD | | | | | | | | | | | | |
| 2016 | NRF | | | 9,981 | | | 11,517 | | | 12,131 | | |
| 2019 | 14,818 | 13,985 | 9,771 | 10,672 | 15,730 | 9,965 | 11,286 | 15,759 | 11,436 | 12,131 | 15,315 | 12,181 |
| PAXTON | | | | | | | | | | | | |
| 2016 | 13,974 | | | 14,818 | | | 12,284 | | | 19,655 | | |
| 2019 | 15,279 | 13,985 | 9,771 | 14,204 | 15,730 | 9,965 | 16,123 | 15,759 | 11,436 | 20,270 | 15,315 | 12,181 |
| JK MOVING | | | | | | | | | | | | |
| 2016 | 13,436 | | | 13,052 | | | 11,747 | | | 12,745 | | |
| 2019 | 24,185 | 13,985 | 9,771 | 14,741 | 15,730 | 9,965 | 15,509 | 15,759 | 11,436 | 16,431 | 15,315 | 12,181 |
| HILLDRUP | | | | | | | | | | | | |
| 2016 | 13,974 | | | 11,747 | | | 12,975 | | | 13,513 | | |
| 2019 | 18,811 | 13,985 | 9,771 | 11,977 | 15,730 | 9,965 | 13,743 | 15,759 | 11,436 | 14,434 | 15,315 | 12,181 |
| CARTWRIGHT | | | | | | | | | | | | |
| 2016 | 18,427 | | | 11,209 | | | 11,824 | | | 12,208 | | |
| 2019 | 18,657 | 13,985 | 9,771 | 11,209 | 15,730 | 9,965 | 11,209 | 15,759 | 11,436 | 12,284 | 15,315 | 12,181 |
| WESTERN EXPRESS | | | | | | | | | | | | |
| 2016 | 13,897 | | | 10,749 | | | 11,901 | | | 13,436 | | |
| 2019 | 13,897 | 13,985 | 9,771 | 10,642 | 15,730 | 9,965 | 10,979 | 15,759 | 11,436 | 12,822 | 15,315 | 12,181 |

207.    The change in submissions is especially notable in the following shifts highlighted in the above chart:  In 2016, Defendant JK Moving submitted a rate of $13,436 for the Washington D.C. to China lane.  The rates then increased exponentially in 2019 to a rate of $24,185.

208.    In 2016, Defendant Hilldrup submitted a rate of $13,974 for the Washington D.C. to China lane.  The rates increased exponentially, as shown above, when in 2019 it submitted the rate of $18,811 for the same lane.

209.    In 2016, Defendant Paxton submitted a rate of $13,974 for the Washington D.C. to China lane, yet in 2019 submitted a rate of $15,279.

210.    In fact, Defendant JK Moving, one of the biggest offenders in the fraudulent scheme, lost the vast majority of its awards after the 2019 rumors of a crackdown.   While participating in the low-ball scheme, JK Moving was routinely awarded over 150 lanes at a time. However, the latest round of bidding in December of 2019 reflects JK Moving abandoning the scheme and increasing its rates, in stark contrast to its prior bids.  This shift resulted in JK Moving receiving only 3 lane awards.

211.    Communication between top executives further evidences the fraud.  In a late 2019 meeting between Dawn Fontano of Crown Moving and Daniel Johnson, Director of Customer Service at Defendant Worldwide Moving & Storage, New World International, Ltd., Johnson admitted that New World had "lost a huge amount of money" since paring back their use of foreign flag vessels.  Johnson admitted that abandoning the scheme impacted 40% of their international business.

212.    In early 2020, after the crackdown and having lost projected earnings, Edwin Oems, President of New World International, Ltd. resigned when New World was forced to comply with rates using U.S. flag vessels.  New World lost money on many of their lanes—over $500,000 on revenues of $6 million—because they had submitted low-ball bids in February of 2019 anticipating the ongoing use of false foreign flag waivers, before the March 27 meeting where DOS signaled the fraud would no longer be tolerated.

213.    Although Defendants largely scaled back submissions of fraudulent foreign flag waivers in the wake of the DOS's more stringent regulation, the practice nonetheless persisted to a certain extent.

///

///

///

## VI.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION
ON BEHALF OF THE UNITED STATES
VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT**

## PRESENTING FALSE CLAIMS,
## AGAINST ALL DEFENDANTS
## (31 U.S.C. § 3729(a)(1)(A))

214.    Relator incorporates herein by reference and reallege the allegations stated in this Complaint.

215.    Defendants knowingly caused to be presented false claims for payment or approval to an officer or employee of the United States.

216.    Defendants knowingly (as defined in 31 U.S.C. § 3729(b)(1)) presented false records and statements, including but not limited to contractual bids for shipping lane awards, waivers, and supporting documents to, and through the CHAMP program, administered and overseen by GSA and DOS for the benefit of civilian employees and affiliates of the United States government working for DOS.

217.    Defendants violated federal laws, regulations and guidelines requiring the use of U.S. flag vessels, and the requirement that TSPs submit accurate bids as well as truthful certification that U.S flag vessels were not available in certain circumstances.  Defendants falsely submitted their need for using foreign flag vessels for their own profit and gain in violation of the Merchant Marine Act of 1936, The Cargo Preference Act of 1954 and the corresponding regulations to these Acts, the U.S. General Services Administration's Household Goods Tender of Services guidelines, applicable to all TSP contracts, and the GSA contracts Defendants agreed to enter into for the benefit of the United States government.

218.    Defendants knowingly submitted false bids and certifications in order to obtain lane awards and increase their profits.

219.    Defendants knowingly made, used, and caused to be made and used false certifications that their claims, and all documents and data upon which those claims were based, were accurate, and were supplied in full compliance with all applicable statutes and regulations.

220.    The conduct of Defendants violated 31 U.S.C. § 3729(a)(1)(A) and was a substantial factor in causing the United States to sustain damages in an amount according to proof.

**SECOND CAUSE OF ACTION**
**ON BEHALF OF THE UNITED STATES**
**VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT**
**MAKING OR USING FALSE RECORDS OR STATEMENTS**
**MATERIAL TO PAYMENT OR APPROVAL OF FALSE CLAIMS,**
**AGAINST ALL DEFENDANTS**
**(31 U.S.C. § 3729(a)(1)(B))**

221.    Relator incorporates herein by reference and reallege the allegations stated in this Complaint.

222.    Defendants knowingly (as defined in 31 U.S.C. § 3729(b)(1)) made, used, or caused to be made or used false records or statements material to false or fraudulent claims.  Defendants knowingly violated laws, regulations and guidelines which require use of U.S. flag vessels, absent certain unique circumstances, as a condition and part of each GSA contract entered into to participate in the CHAMP program.  Defendants knowingly submitted to the United States government, through GSA and DOS, inaccurate low-ball bids and fraudulent certifications relating to the alleged need to use foreign flag vessels in order to obtain lane awards.

223.    Defendants knowingly made, used, and/or caused to be made and used false records and statements, including but not limited to contractual bids for shipping lane awards, waivers, and supporting documents to, and through the CHAMP program, administered and overseen by GSA and DOS for the benefit of civilian employees and affiliates of the United States government working for DOS.

224.    The conduct of Defendants violated 31 U.S.C. § 3729(a)(1)(B) and was a substantial factor in causing the United States to sustain damages in an amount according to proof.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America, by and through Relator, prays for relief against Defendants as follows:

Pursuant to the False Claims Act:

TO THE UNITED STATES OF AMERICA AND QUI TAM PLAINTIFF:

1.      For civil penalties of up to the maximum statutory amount permitted to be imposed for each and every false and fraudulent claim from 2008-2018 for award and payment of shipping lane contracts through the Centralized Household Goods Traffic Management Program presented, or caused to be presented, submitted and certified to the United States General Services Administration and Department of State;

2.      For treble damages resulting to the United States Department of State based on the conduct of Defendants;

3.      For pre- and post-judgment interest;

4.      For reasonable attorneys' fees, costs, and expenses incurred in bringing this case; and

5.      That *Qui Tam* Plaintiff be awarded the maximum percentage of recovery allowed pursuant to the False Claims Act.

///

///

///

## VIII.   DEMAND FOR JURY TRIAL

Relators hereby demand a jury trial on all issues so triable.

Dated: February 9, 2022                Respectfully Submitted,

/s Havan M. Clark
RABIN KAMMERER JOHNSON
Adam T. Rabin (FL 985635)
Havan M. Clark (FL 1026390)

114

1601 Forum Pl #201
West Palm Beach, FL 33401

COTCHETT, PITRE & MCCARTHY, LLP
Justin T. Berger (*admitted pro hac vice*)
Sarvenaz J. Fahimi (*admitted pro hac vice*)
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010

LAW OFFICES OF PAUL PELLETIER
Paul E. Pelletier (*admitted pro hac vice*)
3500 Morningside Drive
Fairfax, VA 22031

Attorneys for Relator Sedona Partners LLC

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 9, 2022 I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission of a Notice of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

<u>/s Havan M. Clark</u>
Havan M. Clark
Fla. Bar No. 1026390

SERVICE LIST

UNITED STATES OF AMERICA *ex rel*. SEDONA PARTNERS LLC,
v.
ABLE MOVING & STORAGE, INC., et al.

Case No. 20-CV-23242-BLOOM/Louis
U.S. District Court, Southern District of Florida

117

James A. Weinkle
Assistant United States Attorney
Office of the United States Attorney
Southern District of Florida
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
James.Weinkle@usdoj.gov
*Counsel for United States of America*:

Robert Harris
rharris@stackfernandez.com
gmartich@stackfernandez.com
Sammy Epelbaum
sepelbaum@stackfernandez.com
Stack Fernandez & Harris, PA
1001 Brickell Bay Drive, Ste. 2650
Miami, FL 33131
*Counsel for Paxton Van Lines, Inc.*

Stuart A. Berman
saberman@lerchearly.com
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue, Ste. 700
Bethesda, MD 20814
301.657.0729
*Pro Hac Vice Paxton Van Lines, Inc.*

Robert T. Wright, Jr.
Robert.wright@fisherbroyles.com
Irene Oria
Irene.oria@fisherbroyles.com
Fisher Broyles, LLP
153 E. Glagler St., #550
Miami, FL 33131
305.775.8309
*Counsel Able Moving & Storage, Inc.*

Matthew J. Landley
mlangley@beneschlaw.com
Benesch, Friedlander, Coplan & Aranoff, LLP
71 South Wacker Drive, Ste. 1600
Chicago, IL 60606-4637
312.212.4949
*Counsel for DeWitt Companies Limited, LLC*

Stephen Chahn Lee
slee@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff, LLP
71 S. Wacker Drive, Ste. 1600

Chicago, IL 60606
312.624.6361
*Pro Hac Vice DeWitt Companies Limited, LLC*

Michael B. Silverstein
msilverstein@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff, LLP
41 South High Street, Ste. 2600
Columbus, OH 43215
614.223.9362
*Pro Hac Vice DeWitt Companies Limited, LLC*

Barry A. Postman
Barry.postman@csklegal.com
Sara.ghent@csklegal.com
Justin C. Sorel
Justin.sorel@csklegal.com
Loren.ryan@csklegal.com
Cole, Scott & Kissane, P.A.
222 Lakeview Avenue, Ste. 120
West Palm Beach, FL 33401
*Counsel for Hilldrup Companies, Inc.*

Maura K. Monaghan
mkmonaghan@debevoise.com
Melanie M. Burke
mburke@debevoise.com
Kristin D. Kiehn
kdkiehn@debevoise.com
Debevoise & Plimpton LLP
919 Third Ave.
New York, NY 10022
*Pro Hac Vice Hilldrup Companies, Inc.*

Michael I. Kessler
mkessler@ohaganmeyer.com
O'Hagan Meyer, PLLC
21550 Oxnart Street, Ste. 1050
Woodland Hills, CA 91367
213.306.1632
*Counsel for J.K. Moving & Storage, Inc*

C. Quinn Adams
cadams@ohaganmeyer.com
Alan D. Albert
aalbert@ohaganmeyer.com
Charles G. Meyer
cmeyer@ohaganmeyer.com
Charles M. Sims

csims@ohaganmeyer.com
O'Hagan Meyer, PLLC
411 East Franklin Street, Ste. 500
Richmond, VA 23219
804.403.7125
*Pro Hac Vice J.K. Moving & Storage, Inc.*

Andrew M. Gordon
agordon@hinshawlaw.com
Hinshaw & Culbertson, LLP
One East Broward Blvd., Ste. 1010
Ft. Lauderdale, FL 33301
954.467.7900
*Counsel for New World Van Lines, Inc.*

Brian R. Zeeck
bzeeck@hinshawlaw.com
Ruddy S-A. Abam
rabam@hinshawlaw.com
Hinshaw & Culbertson, LLP
151 North Franklin Street, Ste. 2500
Chicago, IL 60606
312.704.3028
*Pro Hac Vice New World Van Lines, Inc.*

Craig B. Shapiro
cshapiro@belaw.cc
Buchbinder & Elegant, P.A.
46 S.W. 1st Street, 4th Fl.
Miami, FL 33130
305.358.1515
*Counsel for Western Express Forwarding, LLC*

Thomas F. Murphy
tmurphy@dclawfirm.com
Friedlander Misler, PLLC
5335 Wisconsin Avenue, NW
Ste. 660
Washington, DC 20015
202.872.080
*Pro Hac Vice Western Express Forwarding, LLC*

Aryeh L. Kaplan
Aryeh.kaplan@pillsburylaw.com
Ariella J. Ederi
Ariella.ederi@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Ave., Ste. 3100
Miami, FL 33131

786.913.4900
*Counsel for Coleman American Moving Services Inc.*

Thomas C. Hill
Thomas.hill@pillsburylaw.com
Alexis N. Wansac
Alexis.wansac@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036
202.663.8000
*Pro Hac Vice Coleman American Moving Services Inc.*


Noam B. Fischman
nfischman@polsinelli.com
Polsinelli, PC
1401 I St., NW, Ste. 800
Washington, DC 2005
202.783.3300
*Pro Hac Vice Cartwright International Van Lines, Inc.*

Maria Fernanda Hubbard
mhubbard@polsinelli.com
Polsinelli, PC
One East Washington Street, Ste. 1200
Phoenix, AZ 85004
602.650.2000
*Pro Hac Vice Cartwright International Van Lines, Inc.*

Nicholas E. Pantelopoulos
nep@kmazuckert.com
KMA Zuckert LLC
355 Alhambra Circle, Ste. 1201
Coral Gables, FL 33134
305.506.2052
*Counsel for Arpin International Group, Inc.*

James A. Calderwood
jcalderwood@kmazuckert.com
Jolyon A. Silversmith
jsilversmith@kmazuckert.com
Andrew S. Yingling
ayingling@kmazuckert.com
KMA Zuckert LLC
888 17th Street, NW, Ste. 700
Washington, DC 20006
202.298.8660
*Pro Hac Vice Arpin International Group, Inc.*