UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23242-BLOOM/Otazo-Reyes

UNITED STATES OF AMERICA *ex rel.*
SEDONA PARTNERS LLC,

      Plaintiff/Relator,

v.

ABLE MOVING & STORAGE, INC.; ARPIN
VAN LINES, INC.; CARTWRIGHT
INTERNATIONAL VAN LINES, INC.;
COLEMAN AMERICAN MOVING SERVICES,
INC.; DEWITT COMPANIES LIMITED, LLC;
HILLDRUP COMPANINES, INC.; J.K. MOVING
& STORAGE INC.; MAYFLOWER TRANSIT,
LLC; NEW WORLD VAN LINES, INC.;
PARAMOUNT TRANSPORTATION SYSTEMS;
PAXTON VAN LINES, INC.; and WESTERN
EXPRESS FORWARDING, LLC,

      Defendants.
_____/

**OMNIBUS ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS AND
DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendants Able Moving & Storage Inc. ("Able"), Arpin International Group, Inc. ("Arpin"), Cartwright International Van Lines, Inc. ("Cartwright"), Coleman American Moving Services, Inc. ("Coleman"), DeWitt Companies Limited, LLC ("DeWitt"), Hilldrup Companies, Inc. ("Hilldrup"), J.K. Moving & Storage, Inc. ("J.K."), New World International, Ltd. ("New World"), Paramount Transportation Systems ("Paramount"), Paxton Van Lines, Inc. ("Paxton"), and Western Express Forwarding, LLC's ("Western") (collectively, "Defendants") Joint Motion to Dismiss the Corrected Second Amended Complaint and to Strike Allegations Derived from Discovery, ECF No. [226] ("Motion to

Dismiss"). Relator Sedona Partners LLC ("Relator" or "Sedona") filed a Response in Opposition, ECF No. [238] ("Response"), to which Defendants filed a Reply, ECF No. [241] ("Reply").

Magistrate Judge Alicia Otazo-Reyes issued a Report and Recommendations ("R&R"), recommending that the Motion to Dismiss be granted, allegations based on information obtained by Relator in discovery be stricken, and the Corrected Second Amended Complaint ("SAC") be dismissed with prejudice. *See* ECF No. [251]. Relator timely filed Objections, ECF No. [255] ("Relator's Objections"), arguing that the Motion to Dismiss should not be granted. Defendants also timely filed an Objection, ECF No. [254] ("Defendants' Objection"), arguing that Magistrate Judge Otazo-Reyes erroneously rejected the application of the public disclosure bar. The parties filed their respective Responses to the Objections, ECF Nos. [257], [258]. The United States ("Government") filed a Statement of Interest, ECF No. [256] ("Government's Statement"), indicating that it was not taking a position on the Motion to Dismiss or the R&R but requesting that if the Court were to grant the Motion to Dismiss that the dismissal be without prejudice as to the Government.

Also before the Court is Relator's Motion for Leave to File Third Amended Complaint, ECF No. [259] ("Motion to Amend"). Defendants have filed a Response in Opposition, ECF No. [261], to which Relator filed a Reply, ECF No. [264].

The Court has conducted a *de novo* review of the R&R and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court determines that Relator's Objections are without merit and that the Court need not reach Defendants' Objection. The Court further agrees with the Government's position that the dismissal should be without prejudice as to the Government. The Court thus adopts the R&R and grants the Motion to

Dismiss. The Court has also considered the Motion to Amend, the record in this case, the applicable law, and otherwise fully advised. For the reasons set forth below, the Motion to Amend is denied.

I.     **BACKGROUND**

On August 20, 2021, Relator filed the First Amended Complaint ("FAC"), ECF No. [149], asserting two counts of False Claims Act ("FCA") violations against all Defendants: (1) presenting false claims in violation of the FCA ("presentment claim"); and (2) making or using false records or statements material to payment or approval of payment in violation of the FCA ("make-or-use claim"). Defendants subsequently filed three separate Motions to Dismiss, ECF Nos. [153], [155], [162]. On December 16, 2021, Magistrate Judge Otazo-Reyes issued her first Report and Recommendations, recommending that two of the Motions to Dismiss be granted and the FAC be dismissed with one opportunity to amend. *See* ECF No. [207]. The Court adopted the first Report and Recommendation and dismissed with FAC without prejudice. *See* ECF No. [218].[1]

On February 9, 2022, Relator filed the SAC, asserting the same two counts against all Defendants. *See generally* ECF No. [222]. The SAC alleges that Defendants submitted "low-ball bids" from 2008 to 2018 to obtain shipping contracts from the United States Department of State ("DOS"). *Id.* ¶ 6. Defendants then allegedly submitted false foreign flag waivers ("Waiver Requests"), claiming that there were no U.S. flag vessels available and requesting permission to use foreign flag vessels. *See id.* ¶ 7. The use of cheaper foreign flag vessels, rather than more

---

[1] The remaining Motion to Dismiss filed by Defendant DeWitt was denied as moot after DeWitt and Relator filed a Joint Notice of Proposed Settlement, ECF Nos. [201], [208]. However, on January 13, 2022, Relator reported that Relator was no longer willing to enter into a settlement with DeWitt and requested that DeWitt be allowed to re-file its Motion to Dismiss. *See* ECF No. [213]. DeWitt filed a Motion for Reconsideration requesting that the Court consider DeWitt's Motion to Dismiss rather than order DeWitt to re-file its Motion to Dismiss. *See* ECF No. [217]. Because this Court had dismissed Relator's FAC, DeWitt's Motion for Reconsideration was denied as moot and DeWitt's Motion to Dismiss remained denied as moot. *See* ECF No. [218].

expensive U.S. flag vessels, allowed Defendants to earn a profit despite the low-ball bids. *See id.* ¶ 80. Relator alleges that Defendants' use of foreign flag vessels in such a manner fraudulently circumvented the "America-First" policy. *See id.* ¶ 12. Defendants subsequently filed the instant Motion to Dismiss. *See* ECF No. [226].

On July 7, 2022, Magistrate Judge Otazo-Reyes issued her second R&R, recommending that the Motion to Dismiss be granted, the waiver requests obtained by Relator in discovery be stricken, and the SAC be dismissed with prejudice. *See* ECF No. [251]. The R&R states that dismissal is warranted for Relator's improper use of discovery materials alone. *See id.* at 7-10. The R&R also states that even if the Court were to consider the waiver requests obtained through discovery, Relator failed to plead fraud with particularity as required by Rule 9(b) with regard to its presentment claim and make-or-use claim. *See id.* at 12-17.

On July 21, 2022, Relator filed its Objections, arguing that Magistrate Judge Otazo-Reyes erred because: (1) the use of materials obtained in discovery does not warrant dismissal of the SAC; (2) the SAC adequately alleges a "presentment" claim; (3) the SAC adequately alleges a "make-or-use" claim; and (4) if the Court were to dismiss the SAC, the Court should grant leave to amend. *See* ECF No. [255]. On the same date, Defendants filed their Objection, in which Defendants argue that Magistrate Judge Otazo-Reyes erroneously rejected the application of the public disclosure bar. *See* ECF No. [254] at 2. On August 4, 2022, the Parties filed their respective Responses to the Objections. *See* ECF Nos. [257], [258]. On August 12, 2022, Relator also filed a Motion to Amend seeking leave to file a Third Amended Complaint should the Court dismiss the SAC. ECF No. [259].

## II. LEGAL STANDARD

### a. Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### b. Rule 9(b) Pleading Standard

Generally, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

In addition to Rule 8(a)'s short and plain statement requirement, Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) thus forces a plaintiff to "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002), and "requires that a complaint plead facts giving rise to an inference of fraud," *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x. 81, 86 (11th Cir. 2008). This requirement is intended to alert defendants to the "precise misconduct with which they are charged." *Durham v. Bus. Mgmt. Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)); *see also Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) ("The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." (internal quotation and citation omitted)). The Eleventh Circuit has held that a party satisfies the particularity requirement for fraud when the pleading sets forth: (1) precisely what statements were made; (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) it; (3) the content of such statements and the manner in which they caused the plaintiff to be misled; (4) what the defendants obtained as a result of the fraud. *See Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1236 (S.D. Fla. 2011) (citing *Ziemba*, 256 F.3d at 1202).

### c. FCA

The FCA imposes liability on any person who:

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

31 U.S.C. § 3729(a)(1).

In regard to a presentment claim, the Eleventh Circuit has held that "a relator must allege the actual submission of a false claim" and "offer some indicia of reliability . . . to support the allegation of an actual false claim for payment being made to the government." *Carrel v. AIDS Healthcare Found., Inc.*, 898 F.3d 1267, 1275 (11th Cir. 2018) (internal quotation marks and citation omitted). In regard to a make-or-use claim, the Eleventh Circuit has determined that an "FCA relator must allege: (1) a false record or statement; (2) the defendant's knowledge of the falsity; (3) that the defendant made, used, or caused to be made or used a false statement or record; (4) for the purpose to conceal, avoid, or decrease an obligation to pay money to the government, and; (5) the materiality of the misrepresentation." *See U.S. ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1224 (11th Cir. 2012). Further, "[i]n order to plead the submission of a false claim with particularity, a relator must identify the particular document and statement alleged to be false, who made or used it, when the statement was made, how the statement was false, and what the defendants obtained as a result." *See id.* at 1225.

### d. Motion for Leave to Amend

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However,

"[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

In addition, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at Rule 16(b). Accordingly, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment).

Therefore, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id.* at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. If the movant

demonstrates good cause, then the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

### III. ANALYSIS

#### a. Relator's Objections and Motion to Amend

As noted above, Relator raises four objections to the R&R: (1) the use of materials obtained in discovery does not warrant dismissal of the SAC; (2) the SAC adequately alleges a "presentment" claim; (3) the SAC adequately alleges a "make-or-use" claim; and (4) if the Court were to dismiss the SAC, the Court should grant leave to amend. *See* ECF No. [255]. In a separate Motion, Relator seeks leave to file a Third Amended Complaint should the Court dismiss the SAC. ECF No. [259]. The Court begins by addressing Relator's first objection.

#### i. Use of Materials Obtained in Discovery

The R&R states that *Bingham v. HCA Inc.*, 783 F. App'x 868 (11th Cir. 2019), establishes that materials obtained by relators in discovery may not be used to satisfy Rule 9(b) requirements in an amended complaint. *See* ECF No. [251] at 8. As such, Magistrate Judge Otazo-Reyes recommends that the Court strike allegations derived from materials obtained in discovery, specifically (1) documents produced by Cartwright, J.K., and Able in response to Relator's discovery requests; and (2) documents produced by non-party Maersk Line, Limited ("Maersk") in response to Relator's subpoena ("Maersk Subpoena"). *See id.* at 9. The documents at issue are Waiver Requests that form the factual predicate for Relator's presentment and make-or-use claims. *See* ECF No. [222] ¶¶ 86-93, 96-104, 106-114, 117-118, 120-129, 132-141, 143-152, 155-164, 166-174, 176-184, 186-195 (collectively, "Waiver Request Allegations"). The R&R points out that Relator conceded at the June 6, 2022 hearing before Magistrate Judge Otazo-Reyes ("Hearing") that it used the Waiver Requests produced in discovery by Cartwright, J.K. and Able

9

as the predicate for its Waiver Request Allegations against the three Defendants. *See id.* at 9-10. Relator also conceded at the Hearing that the other source of the Waiver Requests Allegations was Maersk's document production, in which Maersk produced materials Maersk had obtained through a Freedom of Information Act ("FOIA") request. *See id.* at 10. Therefore, Magistrate Judge Otazo-Reyes determined that the Waiver Requests was from discovery Relator had conducted in this action, and that *Bingham* compels the striking of the Waiver Request Allegations and the dismissal of the SAC. *See id.*

Relator first argues that Relator never conceded at the Hearing that the source for the Waiver Request Allegations was Maersk's document production. *See* ECF No. [255] at 10. Relator claims that it made clear that it did not receive documents from Maersk in response to the subpoena. *See id.* (citing ECF Nos. [238] at 6, [252] at 38-42). Second, with respect to Cartwright, J.K., and Able, Relator argues that it should be permitted to use materials from discovery and that *Bingham* is inapposite because (1) the striking of allegations is a "draconian sanction" reserved for "redundant, immaterial, impertinent, or scandalous" material and improper when Defendants have suffered no prejudice; (2) *Bingham* is an outlier case that does not categorically require the striking of information in an amended complaint; (3) the reasoning behind the *Bingham* holding – namely, requiring compliance with Rule 9(b) – is not implicated in this case as the use of discovery materials promotes the purposes of Rule 9(b); (4) *Bingham* is an unpublished, non-binding decision; and (5) striking the allegations "would deny justice to the American taxpayer on a procedurally improper and unjustifiable technicality." *Id.* at 12-14.

Defendants respond that Relator did concede at the Hearing that it received documents from Maersk. *See* ECF No. [257] at 3. According to Defendants, Relator attempts to contrive a distinction by claiming that Relator did not receive documents from Maersk *in response to the*

10

*subpoena* and that Relator simply received the documents from Maersk. *See id.* at 4. Defendants submit that the contrived distinction is immaterial. Relator obtained the documents during the discovery period from Maersk, who was under compulsion to produce the documents pursuant to the Maersk Subpoena. The fact that Maersk did not expressly state that it was producing the documents pursuant to the Maersk Subpoena is immaterial given that the Maersk Subpoena was served and Maersk was compelled to produce the discovery materials. Second, with respect to Cartwright, J.K., and Able, Defendants argue that (1) the striking of allegations is warranted considering *Bingham* and Fed. R. Civ. P. 12(f), which permits the striking of allegations that are "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[;]" (2) *Bingham* is controlling precedent; (3) the reasoning behind the *Bingham* holding – namely, requiring compliance with Rule 9(b) – is implicated in this case; and (4) striking the allegations will not deny justice to the American taxpayer because the Government would still have the right to pursue the FCA claims. *See id.* at 3-6.

The Court agrees with the R&R. As an initial matter, the Court must address the applicability of *Bingham*, 783 F. App'x 868. The Eleventh Circuit held that materials obtained in discovery may not be used to satisfy the Rule 9(b) pleading requirements in an amended complaint. The Eleventh Circuit held, in relevant part, as follows:

> Although courts should freely grant leave to amend pleadings, *see* Fed. R. Civ. P. 15(a)(2), amendments that include material obtained during discovery, prior to a final decision on the motion to dismiss, may not be appropriate in cases to which the heighted pleading standard of Rule 9(b) applies if the amendment would allow the plaintiff to circumvent the purpose of Rule 9(b). Applying Rule 9(b) to False Claims Act claims ensures that the relator's strong financial incentive to bring [a False Claims Act] claim—the possibility of recovering between fifteen and thirty percent of a treble damages award—does not precipitate the filing of frivolous suits.

*Id.* at 876 (internal citations and quotation marks omitted).

Although Relator correctly argues that *Bingham* did not categorically require the striking of allegations based on materials obtained in discovery as indicated by the Eleventh Circuit's use of the word "may," the Eleventh Circuit stated that the striking of allegations based on materials obtained during discovery is proper if it prevents relators from circumventing the particularity requirement of Rule 9(b). *See id.* Therefore, the Court is not persuaded by Plaintiff's argument that the striking of allegations is a "draconian sanction" reserved for "redundant, immaterial, impertinent, or scandalous" material, and thus improper when Defendants have suffered no prejudice. The Eleventh Circuit plainly instructs district courts to strike allegations to promote compliance with Rule 9(b) and to ensure that a relator's strong financial incentive to bring an FCA case does not precipitate in the filing of frivolous lawsuits. *See id.* ("We agree with the district court that, in this case, the goals of applying Rule 9(b) to False Claims Act cases are advanced by striking information in Relator's SAC that was learned through discovery, prior to a final decision on the motion to dismiss, because, as discussed further below, Relator's FAC did not satisfy the heightened pleading standard of Rule 9(b).").

To the extent that Relator argues that *Bingham* is an unpublished outlier case that the Court should not consider, the Court is not persuaded. The Court is unaware of, and Relator fails to cite, any legal authority from the Eleventh Circuit that contravenes the Eleventh Circuit's holding in *Bingham*. As Relator did in its prior Response to Defendants' Objection to the first Report and Recommendations, ECF No. [215] at 2 n.2, Relator merely relies on non-Eleventh Circuit cases. *See* ECF No. [255] at 13-14 (citing *Darryl Battle, et al. v. CLI Atlas Deerwood LLC, et al.*, No. EDCV202358JGBSPX, 2021 WL 3616108, at *2 (C.D. Cal. June 24, 2021); *United States ex rel. Fox Rx, Inc. v. Omnicare, Inc.*, No. 1:11-cv-962-WSD, 2013 WL 2303768, at *4 n.9 (N.D. Ga. May 17, 2013); *Remmes v. Int'l Flavors & Fragrances, Inc.*, 453 F. Supp. 2d 1058, 1071–72 (N.D.

Iowa 2006); *United States ex rel. Knapp v. Calibre Sys., Inc.*, No. 2:10-cv-4466-ODW, 2012 WL 1577420, at *2 (C.D. Cal. May 4, 2012); *United States ex rel. Galmines v. Novartis Pharm. Corp.*, 88 F. Supp. 3d 447, 451 (E.D. Pa. 2015)).

Next, the Court is not persuaded by Relator's argument that the Eleventh Circuit's concerns about Rule 9(b) are not implicated in this case because the discovery materials substantiate the claims in the FAC. Allowing Relator to rely on information it obtained from discovery, simply because the information substantiates the claims asserted in the FAC, does not promote the purposes of Rule 9(b). If the Court were to allow Relator to use information it obtained in discovery, it would effectively be permitting relators to make baseless allegations, conduct discovery in hopes of discovering information that will substantiate their allegations, and amend pleadings to state a viable claim if they discover corroborating evidence. The Court declines to render the Rule 9(b) heightened pleading standard a nullity in such a manner by permitting the use of information obtained during the course of discovery, even if it substantiates Relator's initial claims.

The Court also rejects Relator's argument that striking the allegations "would deny justice to the American taxpayer on a procedurally improper and unjustifiable technicality" and grant "<u>absolute immunity</u> to any defendant that produces evidence of its violations in discovery." ECF No. [255] at 14 (emphasis in original). As Defendants correctly argue, the dismissal of Relator's claims would be with respect to Relator only, not to the Government's rights to bring the same FCA claims. As such, the Government can seek justice for the American taxpayer if it chooses to do so. Given the Government's continuing right to pursue the FCA claims, striking Relator's improper allegations will not provide absolute immunity to Defendants.

With the backdrop of *Bingham* in place, the Court turns to whether the Waiver Requests were obtained during discovery. First, with respect to Cartwright, J.K., and Able, Relator concedes that the Waiver Requests pertaining to those three Defendants were obtained during discovery. *See* ECF No. [252] at 40, 79-81. Second, with respect to the remaining Defendants, Relator argues that it never conceded at the Hearing that the source for the Waiver Request Allegations was Maersk's document production. However, upon review of the Hearing transcript, it is apparent that Relator did concede that the Waiver Requests were from Maersk's document production. *See* ECF No. [252] at 45-46. To the extent that Relator argues that it did not obtain the documents pursuant to the Maersk Subpoena, Defendants correctly point out that that difference is immaterial. Relator obtained the documents during the discovery period from Maersk, who was under compulsion to produce the documents. *Bingham*'s holding applies to documents obtained through discovery whether they were in response to a subpoena or otherwise. The import of *Bingham* is to prevent the filing of frivolous complaints and post-hoc attempts to gain the necessary information to substantiate the complaints through discovery. *Bingham* makes no distinction between the manner in which the information was obtained during discovery.

As such, Defendants' request to strike the Waiver Request Allegations is granted. Without the Waiver Request Allegations, Relator fails to sufficiently state a claim for the presentment claim or the make-or-use claim, and dismissal of the SAC is warranted. Given the Court's determination the Court need not address Relator's remaining arguments with regard to the presentment claim or the make-or-use claim.

### ii. Dismissal With Prejudice & Motion to Amend

The R&R determines that the dismissal of Relator's claims should be with prejudice given the Court's prior Order granting Relator only one opportunity to replead. *See* ECF No. [251] at 16 (citing ECF No. [218] at 19).

Relator argues, in the alternative, that it should be given an opportunity to file a Third Amended Complaint. *See* ECF No. [255] at 24-25. Relator claims that it has additional information regarding Cartwright, J.K., and Able that was not obtained through discovery. *See id.* Relator also submits that it should be permitted an opportunity to include additional allegations explaining its new theory of why Defendants were required to use or disclose available U.S. flag carriers in other ports, an issue that was not addressed in the first round of Motions to Dismiss. *See id.* Relator raises similar arguments in its Motion to Amend. *See* ECF No. [259]. In the Motion to Amend, Relator specifically argues that there is good cause to permit another amendment and that there was no undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to Defendants. *See id.* at 4-8. Relator also contends that the amendment would not be futile. Finally, Relator requests a hearing on its Motion to Amend. *See id.* at 8.

Defendants respond that the Court should not grant another opportunity to amend the SAC because any proposed amendment would be futile. *See* ECF Nos. [257] at 19-20; [261]. In its Response to the Motion to Amend, Defendants maintain that there is no good cause to deviate from the Court's Scheduling Order in granting leave to amend and the proposed amendment would be futile. *See* ECF No. [261]. Defendants' futility argument is based in part on *Bingham* and the fact that without the Waiver Request Allegations, the Third Amended Complaint would not survive another motion to dismiss. *See id.* at 13-14.

The Court agrees with the R&R. The Court previously granted only one opportunity to replead. *See* ECF No. [218] at 19. Further, the Court is not persuaded that an additional opportunity to amend the pleadings through a Third Amended Complaint would cure the deficiencies noted in the R&R. If Relator had additional details about Cartwright, J.K., and Able's Waiver Requests, not obtained through discovery, Relator would have and should have included them in the SAC. The opportunity to plead additional allegations regarding other ports to establish a new theory of liability would be futile given that Relator has not and cannot allege the necessary predicate regarding Waiver Requests without relying on information it obtained through discovery. Since a Third Amended Complaint would be futile, the Court need not address other issues raised in the Motion to Amend.

In sum, Magistrate Judge Otazo-Reyes' R&R on this matter is well reasoned and correct, Relator's arguments are unavailing, dismissal with prejudice is warranted, the Motion to Amend must be denied, and a hearing on the Motion to Amend is not necessary.

b. **Defendants' Objection**

The R&R states that the public disclosure bar does not apply in this case. *See* ECF No. [251] at 10. In Defendants' Objection, Defendants argue that the public disclosure bar does apply. *See* ECF No. [254]. Relator responds that the public disclosure bar does not apply. *See* ECF No. [258]. Given the Court's determination above, the Court need not reach the issue of the public disclosure bar.

c. **Government's Statement**

As a final note, the R&R states that the Court should dismiss the SAC with prejudice, subject to the Government's written consent. *See* ECF No. [251] at 16. The Government's Statement indicates that the Government takes no position on the Motion to Dismiss nor whether

the R&R should be adopted, and that no further consent from the Government is required for the Court to adopt the R&R and dismiss the SAC with prejudice. *See* ECF No. [256] at 3. The Government requests, however, that the dismissal be without prejudice as to the Government. *See id.* at 3-5 (citing *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 455-56 (5th Cir. 2005); *United States ex rel. Saati v. Credico LLC*, No. 1:20-cv-23904-AMC (S.D. Fla. Apr. 4, 2022), ECF No. [89]). The Court agrees that the dismissal should be without prejudice as to the Government.

## IV.  CONCLUSION

Upon a comprehensive review, the Court finds Magistrate Judge Otazo-Reyes' R&R to be well reasoned and correct. The Court agrees with the analysis in the R&R and concludes that the Motion to Dismiss should be granted. The Court also determines that the Motion to Amend should be denied.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [251]**, is **ADOPTED**.
2. The Motion to Dismiss, **ECF No. [226]**, is **GRANTED**.
3. The SAC, **ECF No. [222]**, is **DISMISSED WITH PREJUDICE**.
4. The dismissal of the above-styled case is **WITHOUT PREJUDICE** to the United States.
5. The Motion to Amend, **ECF No. [259]**, is **DENIED**.
6. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.
7. The Clerk of Court is directed to **CLOSE** this case.

Case No. 20-cv-23242-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 8, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record