UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23242-BLOOM/Louis

UNITED STATES OF AMERICA *ex rel.*
SEDONA PARTNERS LLC,

    Plaintiff/Relator,

v.

ABLE MOVING & STORAGE, INC.; ARPIN
VAN LINES, INC.; CARTWRIGHT
INTERNATIONAL VAN LINES, INC.;
COLEMAN AMERICAN MOVING SERVICES,
INC.; DEWITT COMPANIES LIMITED, LLC;
HILLDRUP COMPANINES, INC.; J.K. MOVING
& STORAGE INC.; MAYFLOWER TRANSIT,
LLC; NEW WORLD VAN LINES, INC.;
PARAMOUNT TRANSPORTATION SYSTEMS;
PAXTON VAN LINES, INC.; and WESTERN
EXPRESS FORWARDING, LLC,

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO FILE RENEWED MOTIONS TO DISMISS AND TO STAY DISCOVERY, AND MOTION FOR EXTENSION OF TIME

**THIS CAUSE** is before the Court upon Defendants' Joint Motion for Leave to File Renewed Motions to Dismiss, to Stay Discovery, and Motion for Extension of Time, ECF No. [279]. In the Motion, Defendants seek (1) leave to file a renewed motion to dismiss the Corrected Second Amended Complaint ("SAC"), ECF No. [222], filed by *qui tam* relator Sedona Partners LLC ("Relator"), (2) an extension of Defendants' current deadline to file an answer to the SAC, and (3) leave to file a renewed motion to stay discovery.

On July 25, 2025, the Eleventh Circuit entered its Opinion on this matter. *See Sedona Partners LLC vs. Able Moving & Storage Inc., et al.*, No. 22-13340 (11th Cir. July 25, 2025). In its order remanding, the Eleventh Circuit declined to consider the merits of Defendants' motions

to dismiss, indicating that "[b]ecause the district court never reached these issues, we think the better course is to return these issues to the district court so that it may address them in the first instance." ECF No. [277] at 28. Therefore, Defendants may now present such arguments, and the Court finds sufficient reason exists for an extension to do so.

Defendants seek also to stay discovery. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made[.]" *Montoya v. PNC Bank, N.A.*, No. 14–20474–CIV., 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (quotation marks omitted). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652. "While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53.

Defendants contend that a stay of discovery is warranted as the "procedural history strongly suggests a likelihood that this case will once again be dismissed once the Court considers Defendants' forthcoming renewed motion to dismiss." ECF No. [279] at 9. Defendants rely on Magistrate Judge Otazio-Reyes's Report and Recommendations, ECF No. [251], where the Judge found that, even if improperly gleaned allegations from discovery were considered, Relator "still failed to plead fraud with particularity as required by Rule 9(b) with regard to its presentment

Case No. 20-cv-23242-BLOOM/Louis

claim and make-or-use claim." Defendants also assert that a stay of discovery is warranted as the Eleventh Circuit considers *United States ex rel. Zafirov v. Florida Medical Associates, LLC*, 751 F. Supp. 3d 1293 (M.D. Fla. 2024), which may impact the outcome of this case. The Court agrees.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court's Amended Scheduling Order, ECF No. [278], is further **AMENDED** to state:

    a. Defendants are given leave to file renewed Motions to Dismiss.

    b. Defendants shall file their renewed Motions to Dismiss, or otherwise respond, **no later than October 14, 2025**.

    c. All discovery is stayed until disposition of Defendants' forthcoming Motions to Dismiss.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 1, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

3