# *EXHIBIT 3*

## 14 FAM 616.1  Standards for Shipment

*(CT:LOG-295;   10-26-2020)*
*(State/USAGM)*
*(Foreign Service)*

a. All agency shipping offices, to include post's shipping office, must exert reasonable effort to analyze ocean carrier schedules and tariffs on a worldwide basis when routing personal effects and privately owned vehicle (POV) shipments consistent with the following guidelines:

   (1)  When both U.S.-flag and foreign-flag vessels operate directly between a port serving the place where the transportation of effects originates and a port serving the actual destination, shipment of effects must be made on a U.S.-flag vessel;

   (2)  When neither U.S.-flag nor foreign-flag vessels exclusively operate directly between a port serving the place where transportation of effects originates and the port serving the actual destination, and it can be determined that a U.S.-flag vessel is available for any segment of the journey, the shipment must be routed on a U.S.-flag vessel on the segment operated by the U.S.-flag vessel.  Waiting time at point of loading and point of transshipment is governed by paragraph b of this section.  More than one transshipment for the purpose of using a U.S.-flag vessel is not required; and

   (3)  When U.S.-flag vessels do not operate directly between a port serving the place where transportation of effects originates and the port serving the actual destination, and it can be determined that U.S.-flag vessels are not available for any segment of the journey, then shipment of effects can be made on a foreign-flag vessel.

b. The shipping office may certify use of a foreign-flag vessel to ship personal effects and POV when:

   (1)  U.S.-flag vessels are not scheduled to call at the port of loading within 30 days after the later of:

      (i)   Notice to ship is received by the destination shipping office; or

      (ii)    The effects or POV are ready for shipment;

(2) The use of U.S.-flag vessels will result in unreasonable delays at the port of loading or any point of transshipment which may cause the shipment to miss the required delivery date;

(3) Agents of U.S.-flag vessels cannot give reasonable assurance that a U.S.-flag vessel is scheduled to call at the port of loading within the time specified in subparagraph b(1) of this section and/or validate with reasonable assurance a scheduled port call at any point of transshipment;

(4) Agents of U.S.-flag vessels cannot give reasonable assurance effects will actually be discharged at the scheduled point of transshipment or destination port within two weeks after arrival regardless of port congestion and where agents of a foreign-flag vessels can give assurance due to their preferential berthing arrangements;

(5) Agents of U.S.-flag vessels cannot give reasonable assurance effects will actually be discharged at the scheduled destination port without transshipment and where agents of a foreign-flag vessels can give such assurance; and

(6) The authorizing officer at an overseas post determines that safe storage facilities are not available and that delay in shipment would expose effects to serious damage or loss from climatic conditions, excessive humidity, pilferage, sabotage, or other hazards beyond the control of the post.

c. When the origin or destination is a seaport, it is not necessary to transship the shipment to another port in order to utilize a U.S.-flag vessel. For the purpose of shipping employee effects, transshipment is defined as any change in the mode of transportation, e.g., rail to ship, or in the conveyance, ship to ship (B-190281, B-190058 Mar 24, 1978).