# *EXHIBIT 7*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:20-cv-23242-BB

UNITED STATES OF AMERICA *ex rel.*
SEDONA PARTNERS LLC,

       Plaintiff,

vs.

ABLE MOVING & STORAGE, INC.; ARPIN INTERNATIONAL GROUP, INC.; CARTWRIGHT INTERNATIONAL VAN LINES, INC.; COLEMAN AMERICAN MOVING SERVICES, INC.; DEWITT COMPANIES LIMITED, LLC; HILLDRUP COMPANIES, INC.; J.K. MOVING & STORAGE, INC.; NEW WORLD INTERNATIONAL, LTD.; PARAMOUNT TRANSPORTATION SYSTEMS; PAXTON VAN LINES, INC.; AND WESTERN EXPRESS FORWARDING, LCC,

       Defendants.

## RELATOR SEDONA PARTNERS LLC'S RESPONSE TO DEFENDANT COLEMAN AMERICAN MOVING SERVICES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Relator SEDONA PARTNERS, LLC ("SEDONA" OR "Responding Party"), by and through the undersigned counsel, hereby responds to the First Set of Requests for Production of Documents issued on behalf of Defendant COLEMAN AMERICAN MOVING SERVICES, INC. ("COLEMAN" OR "Propounding Party").

/ / /

/ / /

/ / /

1

## **PRELIMINARY STATEMENT**

Responding Party has not fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based upon such information and documents which are presently available and specifically known to Responding Party. Responding Party anticipates that further discovery, independent investigation, legal research and analysis may supply additional facts, add meaning to existing facts, as well as establish new factual conclusions, legal conclusions, and legal contentions.

The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered facts or documents, which Responding Party may later discover or recall. The Responding Party accordingly reserves the right to change any and all responses herein as additional facts or documents are ascertained and/or recalled and analyses thereof are made. Responding Party, however, does not undertake any obligations to amend, modify, supplement, or otherwise change these responses except as maybe required by law.

Responding Party objects to all requests to the extent they call for information protected by the attorney-client privilege and the attorney work product doctrine.

The responses contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of Responding Party in relation to further discovery, research, investigation or analysis.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

PRODUCE all DOCUMENTS and COMMUNICATIONS related to the corporate history of SEDONA PARTNERS LLC and any affiliated, successor, predecessor, parent, or subsidiary entity.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects that the request is overly broad and burdensome, not relevant, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding party further objects and will not produce documents on the ground of Relator's member's privacy rights and a lack of compelling need for the discovery requested.

**REQUEST FOR PRODUCTION NO. 2:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing the creation and management of SEDONA, including, but not limited to, any certificates of incorporations, any membership agreement, and any articles of incorporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects that the request is overly broad and burdensome, not relevant, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding party further objects and will not produce documents on the ground of Relator's member's privacy rights and a lack of compelling need for the discovery requested.

**REQUEST FOR PRODUCTION NO. 3:**

PRODUCE all organizational charts or organizational DOCUMENTS and COMMUNICATIONS maintained or once maintained by SEDONA sufficient to identify the members of SEDONA including all of its employees and shareholders, and the structure of SEDONA.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects that the request is overly broad and burdensome, not relevant, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding party further objects and will not produce documents on the ground of Relator's member's privacy rights and a lack of compelling need for the discovery requested.

**REQUEST FOR PRODUCTION NO. 4:**

PRODUCE all DOCUMENTS and COMMUNICATIONS concerning or related to Coleman.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 5:**

PRODUCE all DOCUMENTS and COMMUNICATIONS supporting the assertion that COLEMAN violated 31 U.S.C. § 3729, or any other federal, state, or local statute, law, rule, or requirement.

/ / /

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 6:**

PRODUCE all DOCUMENTS and COMMUNICATIONS supporting or relating to any allegation of untruthfulness, fraudulent, or dishonest acts committed by COLEMAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, compound, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 7:**

PRODUCE all DOCUMENTS and COMMUNICATIONS regarding COLEMAN's use of foreign flag services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 8:**

PRODUCE all DOCUMENTS and COMMUNICATIONS referring or related to the U.S. flag vessel requirements of the GSA or Department of State, including but not limited to documents and communications in connection with the HTOS program or CHAMP program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

/ / /

**REQUEST FOR PRODUCTION NO. 9:**

PRODUCE all DOCUMENTS and COMMUNICATIONS that relate to SEDONA'S analyses, calculations, or determinations concerning the bid amounts submitted by COLEMAN through the RFO process at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 10:**

PRODUCE all DOCUMENTS and COMMUNICATIONS related to, mentioning, or concerning COLEMAN as provided by or as exchanged with the individuals identified in Part I (page one through page four) of SEDONA'S Rule 26 disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents related to the allegations of the Complaint to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 11:**

PRODUCE all DOCUMENTS and COMMUNICATIONS identified in Part II (page four) of SEDONA's Rule 26 disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 12:**

PRODUCE all DOCUMENTS and COMMUNICATIONS supporting any claimed amount of damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects that the request is premature, overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint

prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 13:**

PRODUCE all DOCUMENTS and COMMUNICATIONS supporting the assertions made in Paragraphs 5-9, 13, 17, 47-53, 70-74, and 81-91 of SEDONA'S First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

Dated: December 10, 2021                Respectfully submitted,

                                        _____
                                        COTCHETT, PITRE & MCCARTHY, LLP
                                        Justin T. Berger (*admitted pro hac vice*)
                                        Sarvenaz J. Fahimi (*admitted pro hac vice*)
                                        jberger@cpmlegal.com

9

sfahimi@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

MCCABE RABIN, P.A.
Ryon McCabe (FL 009075)
rmccabe@mccaberabin.com
1601 Forum Pl #201
West Palm Beach, FL 33401
Tel: (561) 659-7878

LAW OFFICES OF PAUL PELLETIER
Paul E. Pelletier (*admitted pro hac vice*)
pepelletier3@gmail.com
3500 Morningside Drive
Fairfax, VA 22031

*Attorneys for Relator Sedona Partners LLC*

10

## **PROOF OF SERVICE**

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATOR SEDONA PARTNERS LLC'S RESPONSE TO DEFENDANT COLEMAN AMERICAN MOVING SERVICES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

✓  **VIA E-MAIL:** My e mail address is sofarrell@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

### **[SEE ATTACHED SERVICE LIST]**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on December 10, 2021

_____
SARAH O'FARRELL

11

## SERVICE LIST

### UNITED STATES OF AMERICA ex rel. SEDONA PARTNERS LLC,
v.
### ABLE MOVING & STORAGE, INC., et al.

Case No. 20-CV-23242-BLOOM/Louis
U.S. District Court, Southern District of Florida

James A. Weinkle
Assistant United States Attorney
Office of the United States Attorney
Southern District of Florida
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
James.Weinkle@usdoj.gov
*Counsel for United States of America*

Robert T. Wright, Jr.
Robert.wright@fisherbroyles.com
Fisher Broyles, LLP
1221 Brickell Avenue, Suite 900
Miami, FL 33131
*Counsel for Able Moving & Storage, Inc*.

Irene Oria
irene.oria@fisherbroyles.com
Fisher Broyles, LLP
199 E. Flagler Street #550
Miami, FL 33131
*Counsel for Able Moving & Storage, Inc.*

Nicholas E. Pantelopoulos
nep@kmazuckert.com
KMA Zuckert, LLC
355 Alhambra Circle, Suite 1201
Coral Gables, FL 33134
*Counsel for Arpin International Group, Inc.*

Jolyon A. Silversmith
jsilversmith@kmazuckert.com
James A. Calderwood
jcalderwood@kmazuckert.com
Andrew S. Yingling
ayingling@kmazuckert.com
KMA Zuckert, LLC
888 17th Street NW, Suite 700
Washington, DC 20006
*Pro Hac Vice Arpin International Group, Inc.*

Ghislaine T. Bruner
gbruner@polsinelli.com
Polsinelli PC
1401 Lawrence Street, #2300
Denver, CO 80202
*Counsel for Cartwright International Van Lines, Inc.*

Noam B. Fischman
nfischman@polsinelli.com
Polsinelli PC
1401 I Street, NW, Suite 800
Washington DC 20005
*Pro Hac Vice Cartwright International Van Lines, Inc.*

Maria F. Hubbard
mhubbard@polsinelli.com
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ 85004
*Pro Hac Vice Cartwright International Van Lines, Inc.*

Aryeh L. Kaplan
aryeh.kaplan@pillsburylaw.com
Ariella J. Ederi
ariella.ederi@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100

Alexis N. Wansac
alexis.wansac@pillsburylaw.com
Thomas C. Hill
thomas.hill@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeeth Street NW
Washington, DC 20036
*Pro Hac Vice Coleman American Moving Services, Inc.*

Maura K. Monaghan

1

Miami, FL 33131
*Counsel for Coleman American Moving Services, Inc.*

Barry A. Postman
barry.postman@csklegal.com
Sara.ghent@csklegal.com
Justin C. Sorel
justin.sorel@csklegal.com
loren.ryan@csklegal.com
Cole, Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33417
*Counsel for Hilldrup Companies, Inc.*

Michael I. Kessler
mkessler@ohaganmeyer.com
O'Hagan Meyer
21550 Oxnard Street, Suite 1050
Woodland Hills, CA 91367
*Counsel for J.K. Moving & Storage, Inc.*

Andrew M. Gordon
agordon@hinshawlaw.com
Hinshaw & Culbertson, LLP
One East Broward Blvd., Ste. 1010
Ft. Lauderdale, FL 33301
954.467.7900
*Counsel for New World International, Ltd.*

Brian R. Zeeck
bzeeck@hinshawlaw.com
Hinshaw & Culbertson, LLP
151 North Franklin Street, Ste. 2500
Chicago, IL 60606
312.704.3028
*Pro Hac Vice New World International, Ltd.*

Robert Harris
rharris@stackfernandez.com
gmartich@stackfernandez.com
Sammy Epelbaum
sepelbaum@stackfernandez.com
Stack Fernandez & Harris, PA
1001 Brickell Bay Drive, Ste. 2650
Miami, FL 33131
*Counsel for Paxton Van Lines, Inc.*

Craig B. Shapiro
cshapiro@belaw.cc

mkmonaghan@debevoise.com
Melanie M. Burke
mburke@debevoise.com
Kristin D. Kiehn
kdkiehn@debevoise.com
Debevoise & Plimpton LLP
919 Third Ave.
New York, NY 10022
*Pro Hac Vice Hilldrup Companies, Inc.*

Charles G. Meyer, III
cmeyer@ohaganmeyer.com
C. Quinn Adams
cadams@ohaganmeyer.com
Alan D. Albert
aalbert@ohaganmeyer.com
Charles M. Sims
csims@ohaganmeyer.com
O'Hagan Meyer
411 East Franklin Street, Suite 500
Richmond, VA 23219
*Pro Hac Vice J.K. Moving & Storage, Inc.*

Ruddy S-A. Abam
rabam@hinshawlaw.com
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
*Pro Hac Vice New World International, Ltd.*

Robert M. Borak
robert.borak@spectorrubin.com
Spector Rubin, P.A.
3250 Mary Street, Suite 405
Miami, FL 33133
*Counsel for Paramount Transportation Systems*

Stuart A. Berman
saberman@lerchearly.com
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue, Ste. 700
Bethesda, MD 20814
*Pro Hac Vice Paxton Van Lines, Inc.*

Thomas F. Murphy
tmurphy@dclawfirm.com
Friedlander Misler, PLLC
5335 Wisconsin Avenue, NW, Suite 600

| | |
|---|---|
| Buchbinder & Elegant, P.A.<br>46 S.W. 1st Street, 4th Floor<br>Miami, FL 33130<br>305.358.1515<br>*Counsel for Western Express Forwarding, LLC* | Washington, DC 20015<br>*Pro Hac Vice Western Express Forwarding, LLC* |

3