# *EXHIBIT 9*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:20-cv-23242-BB

| |
|---|
| UNITED STATES OF AMERICA *ex rel.* SEDONA PARTNERS LLC, <br><br>    Plaintiff, <br><br>  vs. <br><br>ABLE MOVING & STORAGE, INC.; ARPIN INTERNATIONAL GROUP, INC.; CARTWRIGHT INTERNATIONAL VAN LINES, INC.; COLEMAN AMERICAN MOVING SERVICES, INC.; DEWITT COMPANIES LIMITED, LLC; HILLDRUP COMPANIES, INC.; J.K. MOVING & STORAGE, INC.; NEW WORLD INTERNATIONAL, LTD.; PARAMOUNT TRANSPORTATION SYSTEMS; PAXTON VAN LINES, INC.; AND WESTERN EXPRESS FORWARDING, LCC, <br><br>    Defendants. |

### RELATOR SEDONA PARTNERS LLC'S RESPONSE TO DEFENDANT PAXTON VAN LINES'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

  Pursuant to Federal Rules of Civil Procedure 26 and 34, Relator SEDONA PARTNERS, LLC ("SEDONA" OR "Responding Party"), by and through the undersigned counsel, hereby responds to the First Set of Requests for Production of Documents issued on behalf of Defendant PAXTON VAN LINES, INC. ("PAXTON" OR "Propounding Party").

/ / /

/ / /

/ / /

1

## **PRELIMINARY STATEMENT**

Responding Party has not fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based upon such information and documents which are presently available and specifically known to Responding Party. Responding Party anticipates that further discovery, independent investigation, legal research and analysis may supply additional facts, add meaning to existing facts, as well as establish new factual conclusions, legal conclusions, and legal contentions.

The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered facts or documents, which Responding Party may later discover or recall. The Responding Party accordingly reserves the right to change any and all responses herein as additional facts or documents are ascertained and/or recalled and analyses thereof are made. Responding Party, however, does not undertake any obligations to amend, modify, supplement, or otherwise change these responses except as maybe required by law.

Responding Party objects to all requests to the extent they call for information protected by the attorney-client privilege and the attorney work product doctrine.

The responses contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of Responding Party in relation to further discovery, research, investigation or analysis.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to SEDONA PARTNERS LLC and any affiliated, successor, predecessor, parent, or subsidiary entity, including without limitation, DOCUMENTS and COMMUNICATIONS evidencing, referring or relating to the creation and management of the entities (including, without limitation, any certificates of organization or incorporation, any

articles of organization or incorporation, any membership agreement and membership interests, any payment of filing fees and/or annual fees, and any other document submitted to or received from any state or commonwealth corporation commission or similarly-situated governmental department or agency related to the creation and ongoing registration and active status of the entities); the incorporation of, and the corporate, structural or organizational history of, the entities (including, without limitation, organizational charts); and the identity of any members, shareholders, directors, officers, employees, representatives, and agents of the entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, not relevant, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege and/or attorney work product doctrine. Responding party further objects and will not produce documents on the ground of Relator's member's privacy rights and a lack of compelling need for the discovery requested.

**REQUEST FOR PRODUCTION NO. 2:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to PAXTON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents in its possession relating to PAXTON in connection with the allegations of the Complaint to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 3:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to the assertion that PAXTON violated 31 U.S.C. § 3729, or any other federal, state, or local statute, law, rule, or requirement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, compound, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 4:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to any allegation of untruthful, fraudulent, or dishonest acts committed by PAXTON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, compound, and is vague and ambiguous. Responding Party

4

objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 5:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to PAXTON'S use of foreign flag services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 6:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to the U.S. flag vessel requirements of the GSA or Department of State, including but not limited to in connection with the HTOS program or CHAMP program.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 7:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to SEDONA'S analyses, calculations, or determinations concerning the bid amounts submitted by PAXTON through the RFO process at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

/ / /

**REQUEST FOR PRODUCTION NO. 8:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring, relating to, or mentioning PAXTON as provided by or as exchanged with the individuals identified in Part I (page one through page four) of SEDONA'S Rule 26 disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents related to the allegations of the Complaint to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 9:**

PRODUCE all DOCUMENTS and COMMUNICATIONS identified in Part II (page four) of SEDONA's Rule 26 disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 10:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to any claimed amount of damages and the calculation of such damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks premature information and/or expert discovery.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 11:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to the assertions made in Paragraphs 5-9, 13, 17, 47-53, 70-74, and 81-91 of SEDONA'S First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

8

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

Dated: December 10, 2021

Respectfully submitted,

COTCHETT, PITRE & MCCARTHY, LLP
Justin T. Berger (*admitted pro hac vice*)
Sarvenaz J. Fahimi (*admitted pro hac vice*)
jberger@cpmlegal.com
sfahimi@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

MCCABE RABIN, P.A.
Ryon McCabe (FL 009075)
rmccabe@mccaberabin.com
1601 Forum Pl #201
West Palm Beach, FL 33401
Tel: (561) 659-7878

LAW OFFICES OF PAUL PELLETIER
Paul E. Pelletier (*admitted pro hac vice*)
pepelletier3@gmail.com
3500 Morningside Drive
Fairfax, VA 22031

*Attorneys for Relator Sedona Partners LLC*

9

## **PROOF OF SERVICE**

   I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATOR SEDONA PARTNERS LLC'S RESPONSE TO DEFENDANT PAXTON VAN LINES'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

✓ **VIA E-MAIL:** My e mail address is sofarrell@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

### **[SEE ATTACHED SERVICE LIST]**

   I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on December 10, 2021

              _____
                SARAH O'FARRELL

**SERVICE LIST**

**UNITED STATES OF AMERICA ex rel. SEDONA PARTNERS LLC,**
v.
**ABLE MOVING & STORAGE, INC., et al.**

Case No. 20-CV-23242-BLOOM/Louis
U.S. District Court, Southern District of Florida

James A. Weinkle
Assistant United States Attorney
Office of the United States Attorney
Southern District of Florida
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
James.Weinkle@usdoj.gov
*Counsel for United States of America*

Irene Oria
irene.oria@fisherbroyles.com
Fisher Broyles, LLP
199 E. Flagler Street #550
Miami, FL 33131
*Counsel for Able Moving & Storage, Inc.*

Jolyon A. Silversmith
jsilversmith@kmazuckert.com
James A. Calderwood
jcalderwood@kmazuckert.com
Andrew S. Yingling
ayingling@kmazuckert.com
KMA Zuckert, LLC
888 17th Street NW, Suite 700
Washington, DC 20006
*Pro Hac Vice Arpin International Group, Inc.*

Maria F. Hubbard
mhubbard@polsinelli.com
Polsinelli PC
One East Washington Street, Suite 1200
Phoenix, AZ 85004
*Pro Hac Vice Cartwright International Van Lines, Inc.*

Aryeh L. Kaplan
aryeh.kaplan@pillsburylaw.com
Ariella J. Ederi
ariella.ederi@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100

Robert T. Wright, Jr.
Robert.wright@fisherbroyles.com
Fisher Broyles, LLP
1221 Brickell Avenue, Suite 900
Miami, FL 33131
*Counsel for Able Moving & Storage, Inc*.

Nicholas E. Pantelopoulos
nep@kmazuckert.com
KMA Zuckert, LLC
355 Alhambra Circle, Suite 1201
Coral Gables, FL 33134
*Counsel for Arpin International Group, Inc.*

Ghislaine T. Bruner
gbruner@polsinelli.com
Polsinelli PC
1401 Lawrence Street, #2300
Denver, CO 80202
*Counsel for Cartwright International Van Lines, Inc.*

Noam B. Fischman
nfischman@polsinelli.com
Polsinelli PC
1401 I Street, NW, Suite 800
Washington DC 20005
*Pro Hac Vice Cartwright International Van Lines, Inc.*

Alexis N. Wansac
alexis.wansac@pillsburylaw.com
Thomas C. Hill
thomas.hill@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeeth Street NW
Washington, DC 20036
*Pro Hac Vice Coleman American Moving Services, Inc.*
Maura K. Monaghan

1

Miami, FL 33131  
*Counsel for Coleman American Moving Services, Inc.*

Barry A. Postman  
barry.postman@csklegal.com  
Sara.ghent@csklegal.com  
Justin C. Sorel  
justin.sorel@csklegal.com  
loren.ryan@csklegal.com  
Cole, Scott & Kissane, P.A.  
222 Lakeview Avenue, Suite 120  
West Palm Beach, FL 33417  
*Counsel for Hilldrup Companies, Inc.*

Michael I. Kessler  
mkessler@ohaganmeyer.com  
O'Hagan Meyer  
21550 Oxnard Street, Suite 1050  
Woodland Hills, CA 91367  
*Counsel for J.K. Moving & Storage, Inc.*

Andrew M. Gordon  
agordon@hinshawlaw.com  
Hinshaw & Culbertson, LLP  
One East Broward Blvd., Ste. 1010  
Ft. Lauderdale, FL 33301  
954.467.7900  
*Counsel for New World International, Ltd.*

Brian R. Zeeck  
bzeeck@hinshawlaw.com  
Hinshaw & Culbertson, LLP  
151 North Franklin Street, Ste. 2500  
Chicago, IL 60606  
312.704.3028  
*Pro Hac Vice New World International, Ltd.*

Robert Harris  
rharris@stackfernandez.com  
gmartich@stackfernandez.com  
Sammy Epelbaum  
sepelbaum@stackfernandez.com  
Stack Fernandez & Harris, PA  
1001 Brickell Bay Drive, Ste. 2650  
Miami, FL 33131  
*Counsel for Paxton Van Lines, Inc.*

Craig B. Shapiro  
cshapiro@belaw.cc

mkmonaghan@debevoise.com  
Melanie M. Burke  
mburke@debevoise.com  
Kristin D. Kiehn  
kdkiehn@debevoise.com  
Debevoise & Plimpton LLP  
919 Third Ave.  
New York, NY 10022  
*Pro Hac Vice Hilldrup Companies, Inc.*

Charles G. Meyer, III  
cmeyer@ohaganmeyer.com  
C. Quinn Adams  
cadams@ohaganmeyer.com  
Alan D. Albert  
aalbert@ohaganmeyer.com  
Charles M. Sims  
csims@ohaganmeyer.com  
O'Hagan Meyer  
411 East Franklin Street, Suite 500  
Richmond, VA 23219  
*Pro Hac Vice J.K. Moving & Storage, Inc.*

Ruddy S-A. Abam  
rabam@hinshawlaw.com  
Hinshaw & Culbertson LLP  
151 North Franklin Street, Suite 2500  
Chicago, IL 60606  
*Pro Hac Vice New World International, Ltd.*

Robert M. Borak  
robert.borak@spectorrubin.com  
Spector Rubin, P.A.  
3250 Mary Street, Suite 405  
Miami, FL 33133  
*Counsel for Paramount Transportation Systems*

Stuart A. Berman  
saberman@lerchearly.com  
Lerch, Early & Brewer, Chtd.  
7600 Wisconsin Avenue, Ste. 700  
Bethesda, MD 20814  
*Pro Hac Vice Paxton Van Lines, Inc.*

Thomas F. Murphy  
tmurphy@dclawfirm.com  
Friedlander Misler, PLLC  
5335 Wisconsin Avenue, NW, Suite 600

2

Buchbinder & Elegant, P.A.
46 S.W. 1st Street, 4th Floor
Miami, FL 33130
305.358.1515
*Counsel for Western Express Forwarding, LLC*

Washington, DC 20015
*Pro Hac Vice Western Express Forwarding, LLC*

3