# *EXHIBIT 11*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:20-cv-23242-BB

UNITED STATES OF AMERICA *ex rel.*
SEDONA PARTNERS LLC,

        Plaintiff,

vs.

ABLE MOVING & STORAGE, INC.; ARPIN INTERNATIONAL GROUP, INC.; CARTWRIGHT INTERNATIONAL VAN LINES, INC.; COLEMAN AMERICAN MOVING SERVICES, INC.; DEWITT COMPANIES LIMITED, LLC; HILLDRUP COMPANIES, INC.; J.K. MOVING & STORAGE, INC.; NEW WORLD INTERNATIONAL, LTD.; PARAMOUNT TRANSPORTATION SYSTEMS; PAXTON VAN LINES, INC.; AND WESTERN EXPRESS FORWARDING, LLC,

        Defendants.

**RELATOR SEDONA PARTNERS LLC'S RESPONSE TO DEFENDANT NEW WORLD INTERNATIONAL, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

    Pursuant to Federal Rules of Civil Procedure 26 and 34, Relator SEDONA PARTNERS, LLC ("SEDONA" OR "Responding Party"), by and through the undersigned counsel, hereby responds to the First Set of Requests for Production of Documents issued on behalf of Defendant NEW WORLD INTERNATIONAL, LTD. ("NEW WORLD" OR "Propounding Party").

/ / /

/ / /

/ / /

1

## PRELIMINARY STATEMENT

Responding Party has not fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based upon such information and documents which are presently available and specifically known to Responding Party. Responding Party anticipates that further discovery, independent investigation, legal research and analysis may supply additional facts, add meaning to existing facts, as well as establish new factual conclusions, legal conclusions, and legal contentions.

The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered facts or documents, which Responding Party may later discover or recall. The Responding Party accordingly reserves the right to change any and all responses herein as additional facts or documents are ascertained and/or recalled and analyses thereof are made. Responding Party, however, does not undertake any obligations to amend, modify, supplement, or otherwise change these responses except as maybe required by law.

Responding Party objects to all requests to the extent they call for information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and/or joint prosecution privilege.

The responses contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of Responding Party in relation to further discovery, research, investigation or analysis.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to SEDONA PARTNERS LLC and any affiliated, successor, predecessor, parent, or subsidiary entity.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party further objects and will not produce documents on the ground that the request seeks information protected by Relator's member's privacy rights balanced against a lack of compelling need for discovery.

**REQUEST FOR PRODUCTION NO. 2:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, referring or relating to the creation and management of SEDONA, including but not limited to, any certificates of organization or incorporation, any articles of organization or incorporation, any payment of filing fees and/or annual fees, and any other document submitted to or received from any state or commonwealth corporation commission or similarly-situated governmental department or agency related to the creation and ongoing registration and active status of SEDONA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, not relevant, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party further objects and will not produce documents on the ground that the request seeks information protected by Relator's member's privacy rights balanced against a lack of compelling need for discovery.

**REQUEST FOR PRODUCTION NO. 3:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, referring or relating to the incorporation of, and the corporate, structural or organizational history of

SEDONA, including but not limited to, organizational charts, and the identity of any members, shareholders, directors, officers, employees, representatives, and agents of SEDONA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, not relevant, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party further objects and will not produce documents on the ground that the request seeks information protected by Relator's member's privacy rights balanced against a lack of compelling need for discovery.

**REQUEST FOR PRODUCTION NO. 4:**

PRODUCE all DOCUMENTS and COMMUNICATIONS concerning, referring or relating to the allegations in YOUR Amended Complaint against, relating to or regarding NEW WORLD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 5:**

PRODUCE all DOCUMENTS and COMMUNICATIONS supporting the assertion that NEW WORLD violated 31 U.S.C. § 3729, or any other federal, state, or local statute, law, rule, or requirement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 6:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, supporting, referring or relating to any allegation of untruthful, fraudulent, or dishonest acts committed by NEW WORLD in the use or submission of bids, foreign flag waiver requests, and flag vessel certifications through the United States Department of State ("DOS") and the United States General Services Administration ("GSA").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, compound, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

5

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 7:**

PRODUCE all DOCUMENTS and COMMUNICATIONS regarding NEW WORLD's use of foreign flag services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 8:**

PRODUCE all DOCUMENTS and COMMUNICATIONS concerning, referring or related to the U.S. flag vessel requirements of the GSA or Department of State, including but not limited to documents and communications in connection with the HTOS program or CHAMP program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney

6

client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 9:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to SEDONA's analyses, calculations, or determinations concerning the bid amounts submitted by NEW WORLD through the RFO process at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 10:**

PRODUCE all DOCUMENTS and COMMUNICATIONS concerning, referring, relating to, or mentioning NEW WORLD, as provided by or as exchanged with the individuals identified in Part I (page one through page four) of SEDONA's Rule 26 disclosures.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents related to the allegations of the First Amended Complaint to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 11:**

PRODUCE all DOCUMENTS and COMMUNICATIONS identified in Part II (page four) of SEDONA's Rule 26 disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects that the request is overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 12:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring, relating to, or supporting the assertions made in Paragraphs 5-9, 13, 47-53, 58, 70-74, 79-80, and 81-91 of SEDONA's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects that the request is overly broad and burdensome, compound, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 13:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring or relating to each and every witness statement obtained to support YOUR allegations in this case, as well as the names, addresses, telephone phone numbers, and contact information of all witnesses YOU intend to or anticipate calling to testify at trial, describing in detail the subject matter and substance of each witnesses' expected testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects that the request is premature, overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the ground that it seeks

9

information protected by the right to privacy. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party. Responding Party objects to this request on the grounds it prematurely seeks expert discovery.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 14:**

PRODUCE all DOCUMENTS and COMMUNICATIONS of any kind which were created by, provided to, or relied upon by any expert whom YOU intend to use as an expert in this case or call to testify at trial, describing in detail the subject matter, substance, and grounds for each expert's anticipated report, testimony, opinion, or conclusion in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects that the request is premature, overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party. Responding Party objects to this request on the grounds it prematurely seeks expert discovery.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 15:**

PRODUCE all DOCUMENTS and COMMUNICATIONS that YOU may use at trial or in a deposition in this case, for any purpose including but not limited to for exhibits or motions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects that the request is premature, overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party. Responding Party objects to this request on the grounds it prematurely seeks expert discovery.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

**REQUEST FOR PRODUCTION NO. 16:**

PRODUCE all DOCUMENTS and COMMUNICATIONS with or submissions to the United States Government and its employees, representatives and agents, including all documents or information provided to the United States Attorney's office or any other government agency which in any way relates to the claims, issues, and defenses in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects that the request is premature, overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, and , the joint prosecution privilege and /or the common interest doctrine, on the grounds that the disclosure statements served on the United States pursuant to 31 U.S.C. § 3730(b)(2), as well as subsequent communications between

11

Relator, its attorneys and the Government are protected from discovery by the work product privilege and the joint prosecution/common interest doctrine. *See e.g.*, *United States ex rel. Homeward Residential, Inc*., No. 4:12-cv-461, 2015 WL 4610284, at *3 (E.D. Tex. July 31, 2015); *U.S. v. Austin Radiological Ass'n*, No. A-10-CV-914-AWA, 2013 WL 1136668, at *13 (W.D. Tex., Mar. 18, 2013), *order clarified sub nom*., *U.S. ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378 (W.D. Tex. 2013) ("communications between [relator] and the government regarding potential violations of the False Claims Act or the TMFPA are protected by the work product privilege and not subject to discovery"); *U.S. ex rel. Minge v. TECT Aerospace, Inc.*, No. 07-1212-MLB, 2011 WL 51885934, at *5–6 (D. Kan., May 18, 2011); *Miller v. Holzmann,* 240 F.R.D. 20, 21 (D.D.C. 2007); *United States ex rel. Bagley v. TRW Inc*., 212 F.R.D. 554, 562-64 (C.D. Cal. 2003); *U.S. ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 26-27 (D.D.C. 2002).  Responding Party further objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce documents that were given to the government with regards to the Disclosure Statement.

**REQUEST FOR PRODUCTION NO. 17:**

PRODUCE all DOCUMENTS and COMMUNICATIONS evidencing, concerning, referring, relating to, or supporting any claimed amount of damages and the calculation of such damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects that the request is premature, overly broad and burdensome, exceeds the scope of appropriate discovery, and is vague and ambiguous. Responding Party objects to the extent the request calls for the production of documents protected by attorney client privilege, attorney work product doctrine, common interest doctrine, and/or joint

prosecution privilege. Responding Party objects to this request on the grounds it seeks information equally available to and/or already in the possession of the Propounding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce responsive documents to the extent such documents can be reasonably located and obtained.

Dated: January 14, 2022

Respectfully submitted,

COTCHETT, PITRE & MCCARTHY, LLP
Justin T. Berger (*admitted pro hac vice*)
Sarvenaz J. Fahimi (*admitted pro hac vice*)
jberger@cpmlegal.com
sfahimi@cpmlegal.com
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000

MCCABE RABIN, P.A.
Adam T. Rabin (FL 985635)
arabin@mccaberabin.com
Havan M. Clark (FL 1026390)
hclark@mccaberabin.com
1601 Forum Pl #201
West Palm Beach, FL 33401
Tel: (561) 659-7878

LAW OFFICES OF PAUL PELLETIER
Paul E. Pelletier (*admitted pro hac vice*)
pepelletier3@gmail.com
3500 Morningside Drive
Fairfax, VA 22031

*Attorneys for Relator Sedona Partners LLC*

13

## **PROOF OF SERVICE**

      I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATOR SEDONA PARTNERS LLC'S RESPONSE TO DEFENDANT NEW WORLD INTERNATIONAL, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

✓   **VIA E-MAIL:** My e mail address is sofarrell@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**[SEE ATTACHED SERVICE LIST]**

      I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on January 14, 2022

                                                                                         SARAH O'FARRELL

## SERVICE LIST

**UNITED STATES OF AMERICA ex rel. SEDONA PARTNERS LLC,**
v.
**ABLE MOVING & STORAGE, INC., et al.**

**Case No. 20-CV-23242-BLOOM/Otazo-Reyes**
**U.S. District Court, Southern District of Florida**

Irene Oria
irene.oria@fisherbroyles.com
Fisher Broyles, LLP
199 E. Flagler Street #550
Miami, FL 33131
*Counsel for Able Moving & Storage, Inc.*

Robert T. Wright, Jr.
Robert.wright@fisherbroyles.com
Fisher Broyles, LLP
1221 Brickell Avenue, Suite 900
Miami, FL 33131
*Counsel for Able Moving & Storage, Inc.*

Jolyon A. Silversmith
jsilversmith@kmazuckert.com
James A. Calderwood
jcalderwood@kmazuckert.com
Andrew S. Yingling
ayingling@kmazuckert.com
KMA Zuckert, LLC
888 17th Street NW, Suite 700
Washington, DC 20006
*Pro Hac Vice Arpin International Group, Inc.*

Nicholas E. Pantelopoulos
nep@kmazuckert.com
KMA Zuckert, LLC
355 Alhambra Circle, Suite 1201
Coral Gables, FL 33134
*Counsel for Arpin International Group, Inc.*

Ghislaine T. Bruner
gbruner@polsinelli.com
Polsinelli PC
1401 Lawrence Street, #2300
Denver, CO 80202
*Counsel for Cartwright International Van Lines, Inc.*

Aryeh L. Kaplan
aryeh.kaplan@pillsburylaw.com
Ariella J. Ederi
ariella.ederi@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131
*Counsel for Coleman American Moving Services, Inc.*

Noam B. Fischman
nfischman@polsinelli.com
Polsinelli PC
1401 I Street, NW, Suite 800
Washington DC 20005
*Pro Hac Vice Cartwright International Van Lines, Inc.*

Barry A. Postman
barry.postman@csklegal.com
Sara.ghent@csklegal.com
Justin C. Sorel
justin.sorel@csklegal.com
loren.ryan@csklegal.com
Cole, Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33417
*Counsel for Hilldrup Companies, Inc.*

Alexis N. Wansac
alexis.wansac@pillsburylaw.com
Thomas C. Hill
thomas.hill@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeeth Street NW
Washington, DC 20036
*Pro Hac Vice Coleman American Moving Services, Inc.*

1

Michael I. Kessler
mkessler@ohaganmeyer.com
O'Hagan Meyer
21550 Oxnard Street, Suite 1050
Woodland Hills, CA 91367
*Counsel for J.K. Moving & Storage, Inc.*

Andrew M. Gordon
agordon@hinshawlaw.com
Hinshaw & Culbertson, LLP
One East Broward Blvd., Ste. 1010
Ft. Lauderdale, FL 33301
954.467.7900
*Counsel for New World International, Ltd.*

Brian R. Zeeck
bzeeck@hinshawlaw.com
Hinshaw & Culbertson, LLP
151 North Franklin Street, Ste. 2500
Chicago, IL 60606
312.704.3028
*Pro Hac Vice New World International, Ltd.*

Robert Harris
rharris@stackfernandez.com
gmartich@stackfernandez.com
Sammy Epelbaum
sepelbaum@stackfernandez.com
Stack Fernandez & Harris, PA
1001 Brickell Bay Drive, Ste. 2650
Miami, FL 33131
*Counsel for Paxton Van Lines, Inc.*

Craig B. Shapiro
cshapiro@belaw.cc
Buchbinder & Elegant, P.A.
46 S.W. 1st Street, 4th Floor
Miami, FL 33130
305.358.1515
*Counsel for Western Express Forwarding, LLC*

Thomas F. Murphy
tmurphy@dclawfirm.com
Friedlander Misler, PLLC
5335 Wisconsin Avenue, NW, Suite 600
Washington, DC 20015
*Pro Hac Vice Western Express Forwarding, LLC*

Maura K. Monaghan
mkmonaghan@debevoise.com
Melanie M. Burke
mburke@debevoise.com
Kristin D. Kiehn
kdkiehn@debevoise.com
Debevoise & Plimpton LLP
919 Third Ave.
New York, NY 10022
*Pro Hac Vice Hilldrup Companies, Inc.*

Charles G. Meyer, III
cmeyer@ohaganmeyer.com
C. Quinn Adams
cadams@ohaganmeyer.com
Alan D. Albert
aalbert@ohaganmeyer.com
Charles M. Sims
csims@ohaganmeyer.com
O'Hagan Meyer
411 East Franklin Street, Suite 500
Richmond, VA 23219
*Pro Hac Vice J.K. Moving & Storage, Inc.*

Ruddy S-A. Abam
rabam@hinshawlaw.com
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
*Pro Hac Vice New World International, Ltd.*

Robert M. Borak
robert.borak@spectorrubin.com
Spector Rubin, P.A.
3250 Mary Street, Suite 405
Miami, FL 33133
*Counsel for Paramount Transportation Systems*

Stuart A. Berman
saberman@lerchearly.com
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue, Ste. 700
Bethesda, MD 20814
*Pro Hac Vice Paxton Van Lines, Inc.*