UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23242-BLOOM/Louis

UNITED STATES OF AMERICA *ex rel.*
SEDONA PARTNERS LLC,

  Plaintiff/Relator,

v.

ABLE MOVING & STORAGE, INC.; ARPIN
VAN LINES, INC.; CARTWRIGHT
INTERNATIONAL VAN LINES, INC.;
COLEMAN AMERICAN MOVING SERVICES,
INC.; DEWITT COMPANIES LIMITED, LLC;
HILLDRUP COMPANINES, INC.; J.K. MOVING
& STORAGE INC.; MAYFLOWER TRANSIT,
LLC; NEW WORLD VAN LINES, INC.;
PARAMOUNT TRANSPORTATION SYSTEMS;
PAXTON VAN LINES, INC.; and WESTERN
EXPRESS FORWARDING, LLC,

  Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Able Moving Storage Inc., Arpin International Group LLC., Cartwright International Van Lines, Inc., Dewitt Companies Limited, Hilldrup Companies, Inc., J.K. Moving & Storage, Inc., New World International, Ltd., Paramount Transportation Systems, Paxton Van Lines, Inc., and Western Express Forwarding LLC.'s ("Defendants") Joint Renewed Motion to Dismiss the Corrected Second Amended Complaint ("Motion"), ECF No. [292]. Relator Sedona Partners LLC. ("Sedona") filed a Response in Opposition ("Response"), ECF No. [302]. Defendants filed a Reply in Support ("Reply"), ECF No. [303]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

I.  **BACKGROUND**

On August 20, 2021, Relator filed the First Amended Complaint ("FAC"), ECF No. [149], asserting two counts of False Claims Act ("FCA") violations against all Defendants: (1) presenting false claims in violation of the FCA ("presentment claim"); and (2) making or using false records or statements material to payment or approval of payment in violation of the FCA ("make-or-use claim"). Defendants subsequently filed three separate Motions to Dismiss, ECF Nos. [153], [155], [162]. On December 16, 2021, Magistrate Judge Otazo-Reyes issued her first Report and Recommendations, recommending that two of the Motions to Dismiss be granted and the FAC be dismissed with one opportunity to amend. See ECF No. [207]. The Court adopted the first Report and Recommendation and dismissed with FAC without prejudice. See ECF No. [218].

On February 9, 2022, Relator filed the Second Amended Complaint ("SAC"), asserting the same two counts against all Defendants. See generally ECF No. [222]. The SAC alleges that Defendants submitted "low-ball bids" from 2008 to 2018 to obtain shipping contracts from the United States Department of State ("DOS"). Id. ¶ 6. Defendants then submitted false foreign flag waivers ("Waiver Requests"), claiming that there were no U.S. flag vessels available and requesting permission to use foreign flag vessels. See id. ¶ 7. The use of cheaper foreign flag vessels, rather than more expensive U.S. flag vessels, allowed Defendants to earn a profit despite the low-ball bids. See id. ¶ 80. Defendants' use of foreign flag vessels in such a manner fraudulently circumvented the "America-First" policy. See id. ¶ 12. Defendants subsequently filed a second Motion to Dismiss. See ECF No. [226].

On July 7, 2022, Magistrate Judge Otazo-Reyes issued her second R&R, recommending that the Motion to Dismiss be granted, the waiver requests obtained by Relator in discovery be stricken, and the SAC be dismissed with prejudice. See ECF No. [251]. The R&R opined that dismissal was warranted for Relator's improper use of discovery materials alone. See id. at 7-10. The R&R also

opined that even if the Court were to consider the waiver requests obtained through discovery, Relator failed to plead fraud with particularity as required by Rule 9(b) with regard to its presentment claim and make-or-use claim. *See id*. at 12-17. This Court adopted the R&R insofar as it granted Defendants' request to strike the waiver request allegations and as such, dismissed the SAC.

The Eleventh Circuit reversed this Court's striking of the waiver request allegations and remanded for further proceedings. ECF No. [277] at 25. The Eleventh Circuit did not address the alternative grounds raised by Defendants in their Motion to Dismiss, namely that "(1) the allegations in the second amended complaint, including the allegations based on information obtained in discovery, failed to identify fraud with sufficient particularity, and (2) for the make-or-use claim, the allegations in the second amended complaint failed to allege that the defendants knew the claims were false." *Id*.

Defendants now once again seek dismissal and request this Court:

> (1) dismiss both claims in the SAC with prejudice pursuant to Rule 9(b) for failure to plead fraud with particularity, and/or (2) dismiss both claims pursuant to Rule 10(a) and Rule 12(b)(6) for failure to reveal its identity, failure to state a cognizable claim under the FCA, failure to state a claim pursuant to constitutional law, and pursuant to the FCA's public disclosure bar; or, alternatively, (3) stay this case pending resolution of the constitutional issue in cases currently pending before the Eleventh Circuit.

ECF No. [292] at 25. Relator responds that it has pled fraud with particularity, no basis exists to dismiss the SAC based on the Relator's identity, and that the FCA's *Qui Tam* provisions do not violate Article II of the Constitution. ECF No. [302]. Relator requests that should the Court dismiss the SAC on any ground, it be granted leave to file a third amended complaint. *Id*. at 30.

3

## II. LEGAL STANDARD

### A. Motion to Dismiss

Generally, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

In addition to Rule 8(a)'s short and plain statement requirement, Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) thus forces a plaintiff to "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002), and "requires that a complaint plead facts giving rise to an inference of fraud," *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x. 81, 86 (11th Cir. 2008). This requirement is intended to alert defendants to the "precise misconduct with which they are charged." *Durham v. Bus. Mgmt. Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)); *see also Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) ("The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." (internal quotation and

4

citation omitted)). The Eleventh Circuit has held that a party satisfies the particularity requirement for fraud when the pleading sets forth: (1) precisely what statements were made; (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) it; (3) the content of such statements and the manner in which they caused the plaintiff to be misled; (4) what the defendants obtained as a result of the fraud. *See Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1236 (S.D. Fla. 2011) (citing *Ziemba*, 256 F.3d at 1202).

## III. DISCUSSION

### A. Count I – Presentment Claim - 31 U.S.C. § 3729(a)(1)(A)

Relator brings a presentment claim against Defendants under 31 U.S.C. § 3729(a)(1)(A). § 3729(a)(1)(A) imposes liability upon any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval". Regarding a presentment claim, the Eleventh Circuit has held that "a relator must allege the actual submission of a false claim" and "offer some indicia of reliability ... to support the allegation of an actual false claim for payment being made to the government." *Carrel v. AIDS Healthcare Found., Inc.*, 898 F.3d 1267, 1275 (11th Cir. 2018) (internal quotation marks and citation omitted).

Defendants argue the Court should adopt the Report and Recommendations' presentment analysis. ECF No. [292] at 2. In that analysis, Judge Otazo-Reyes found that "Relator has wholly failed to submit any actual claims for payment by Defendants or to allege any details regarding such claims that would disclose their purported falsity." ECF No. [251] at 12. Moreover, Judge Otazo-Reyes found:

> Relator does not allege that anything in the undisclosed claims for payment is false. Relator simply bootstraps the alleged falsity of the Waiver Requests to its 'presentment' claim. Contending that their attachment to foreign flag vessel shipping invoices, as required by [the Department of State's Foreign Affairs Manual], renders the claims for payment false. However, this does not satisfy the essential element of falsity in a 'presentment' claim.

5

*Id*.

Defendants also aver that after the issuance of the Report and Recommendations, the Eleventh Circuit "has confirmed that a relator with no direct, personal knowledge cannot request that the standards of Fed. Civ. P. 9(b) be 'relaxed.'" ECF No. [292] at 4 (citing *United States v. Atlanta Primary Care Peachtree, PC*, No. 23-13845, 2025 WL 1823269, at *4 (11th Cir. July 2, 2025))("[Relator] must include details about specific false claims submitted to the government or paid by it—like 'copies of ... actual bill[s],' the 'actual dates of claims,' completed billing forms, or 'the amount of any charges.'"); (also citing *Olhausen v. Arriva Med., LLC*, 124 F.4th 851, 869 (11th Cir. 2024)) ("[R]elators must plead their claims with particularity. It's not enough under Rule 9(b) to speculate that a claim must have been submitted.").

Relator responds that the Report and Recommendations imposed an "inapplicable pleading threshold" upon Relator's presentment claim. ECF No. [302] at 7. In support of its argument, Relator cites to *Gose v. Native Am. Servs. Corp.*, contending the Eleventh Circuit held that "the alleged falsity does not have to appear in the claim itself and can instead be traced to the execution of the contract." *Id*. at 8 (quoting *Gose v. Native Am. Servs. Corp.*, 109 F.4th 1297, 1317 (11th Cir. 2024). Moreover, Relator contends that "'claims for payment subsequently submitted under a contract initially induced by fraud do not have to be false or fraudulent in and of themselves in order to state a cause of action under the FCA.'" *Id*. at 8 (quoting *Gose*, 109 F.4th 1297, 1318 (11th Cir. 2024) (quoting *In re Baycol Prods. Litig.*, 732 F.3d 869, 876 (8th Cir. 2013). Therefore, Relator concludes that "specifying individual bids or claims —which themselves may not contain false information—adds little, if any, particularity concerning 'the circumstances constituting fraud'" *Id*. (quoting *Gose*, 109 F.4th 1297, 1318 (11th Cir. 2024).  As such, Relator argues that including such information would "contravene Rule 8's short and plain statement mandate"

6

particularly here, where the SAC "details hundreds of specific foreign flag waivers that induced the government to make payments to Defendants." *Id*.

Defendants reply that Relator "relies on an inaccurate interpretation of *Gose*." ECF No. [303] at 2. The Court agrees with Defendants. As the Eleventh Circuit has clarified, *"Gose* concerned prediscovery dismissal and said nothing about a relator's ability to survive a Rule 9(b) challenge using discovery material." *United States ex rel Sedona Partners LLC v. Able Moving & Storage Inc.,* 146 F.4th 1032, 1044 (11th Cir. 2025). Because this case is not in a prediscovery disposition, *Gose* is inapplicable. As such, the Court agrees with Judge Otazo-Reyes that Relator's failure to submit any actual claims for payment or to allege any details regarding such claims that would disclose their purported falsity is fatal to its presentment claim. As such, Count I must be dismissed.

### B.  Count II – "Make or Use" Claim - 31 U.S.C. § 3729(a)(1)(B)

Relator brings a "make or use claim" claim against Defendants under 31 U.S.C. § 3729(a)(1)(B). § 3729(a)(1)(B) imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim". In regard to a "make or use claim", the Eleventh Circuit has determined that an "FCA relator must allege: (1) a false record or statement; (2) the defendant's knowledge of the falsity; (3) that the defendant made, used, or caused to be made or used a false statement or record; (4) for the purpose to conceal, avoid, or decrease an obligation to pay money to the government, and; (5) the materiality of the misrepresentation." *See U.S. ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1224 (11th Cir. 2012). Further, "[i]n order to plead the submission of a false claim with particularity, a relator must identify the particular document and statement alleged to be false, who made or used it, when the statement was made, how the statement was false, and what the defendants obtained as a result." *See id*. at 1225.

Relator argues Defendants violated 31 U.S.C. § 3729(a)(1)(B) by "knowingly submit[ing] to the United States government, through GSA and DOS, inaccurate low-ball bids and fraudulent certifications relating to the alleged need to use foreign flag vessels in order to obtain lane awards." ECF No. [222] ¶ 222. Moreover, that Defendants:

> knowingly made, used, and/or caused to be made and used false records and statements, including but not limited to contractual bids for shipping lane awards, waivers, and supporting documents to, and through the CHAMP program, administered and overseen by GSA and DOS for the benefit of civilian employees and affiliates of the United States government working for DOS.

*Id*. ¶ 223.

Defendants argue the SAC "lacks specific allegations related to Defendants' knowledge or subjective belief regarding (i) ostensibly applicable transshipment requirements that Relator erroneously applies to the time period in question, and (ii) the TSPs respective and individualized decisions to proceed at the time of submission despite knowledge that they were violating the law." ECF No. [292] at 7. As Defendants point out, the "FCA's scienter element refers to respondents' knowledge and subjective beliefs—not to what an objectively reasonable person may have known or believed." *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023). In her Report and Recommendations, though operating under the previously applicable "objectively reasonable" standard, Judge Otazo-Reyes found "Relator's bald allegation that Defendants recklessly disregarded the potential availability of U.S. flag vessels does not satisfy the FCA's rigorous scienter requirement." ECF No. [251] at 15. Defendants argue, that despite operating under a different legal standard, Judge Otazo-Reyes' finding with regard to scienter still stands under an analysis of Defendants' subjective knowledge because the facts in the SAC do not support the inference that Defendants, "(i) actually knew of the availability (and capacity) of a U.S.-flagged vessel at the time of making a certification in a waiver request, (ii) intentionally avoided taking

steps to confirm such availability, or (iii) was conscious of a substantial and unjustifiable risk that was the case when submitting waiver requests." ECF No. [292] at 8.

Relator responds that the SAC "alleges how Defendants could and should have identified alternative U.S. carriers in connection with each foreign flag waiver, satisfying the scienter requirement." ECF No. [302] at 17. Specifically, Relator argues:

> the SAC alleges that for each identified shipment, the Defendants "knew and/or acted in deliberate ignorance and/or acted in reckless disregard of the fact that P1 service was available to deliver [the particular shipment] to the destination on or before [the relevant date]," and that "Maersk Line Limited (MLL), which operates the largest fleet of U.S. flag vessels in the world, had U.S. flag vessels available to meet the requirements of this shipment."

*Id*. (quoting ECF No. [222] ¶¶ 86-196). Moreover, Relator claims:

> The SAC further alleges that "Defendants easily could have obtained knowledge of available U.S. flag vessels to transport shipments by contacting Maersk Line Limited [], the largest provider of U.S. flag vessels, via email or phone or consulting [Maersk's] published route list.

*Id*. (quoting ECF No. [222] ¶ 83). To that end, Relator argues "Defendants were aware, based on the test they needed to apply prior to participating in the program, that they were required to seek out U.S. flag vessels."[1] *Id*. However, as Defendants point out, such "conclusory statements" do not support a "a reasonable inference about the defendant[s'] subjective beliefs at the relevant time". ECF No. [303] at 7. Relator has not sufficiently pled facts that Defendants had actual

---

[1] Relator notes that GSA oversees and sets forth the governing guidelines and regulations TSPs are subject to as CHAMP participants. GSA sets forth these guidelines pursuant to the U.S. General Services Administration's Household Goods Tender of Service ("HTOS"). HTOS provides a questionnaire that "all aspiring TSPs must complete which contains the following questions:

> 33. When determined that the use of a vessel of the United States registry will not provide the required service, the participant will request permission to use foreign flag vessel prior to start of movement. (TRUE)
> 100. Adjustments in rates will not be permitted when rate differentials are involved due to the use of Foreign Flag Shipping. (FALSE)

Thus, Relator argues Defendants were aware, having been required to take the questionnaire, that they were required to seek out U.S. flag vessels. ECF No. [222] ¶¶ 45, 48.

knowledge, acted in deliberate ignorance, or acted in reckless disregard. *See United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023). As Judge Otazo-Reyes reasoned in her R&R, Relator's allegations are "conclusory", ECF No. [251] at 15, and such conclusory allegations do not adequately speak to Defendants' actual state of mind and Count II must be dismissed. Because Relator has failed to sufficiently allege the element of Scienter, the Court need not address falsity. Moreover, because Count I and II are dismissed for failure to plead fraud with particularity, the Court need not address Defendants' alternative arguments.

### C. Relator's Renewed Motion to Amend

Relator asks the Court to reconsider its Motion for Leave to File a Third Amended Complaint, ECF No. [259]. Relator asks the Court for the opportunity to address "perceived deficiencies with Relator's SAC identified in the R&R." ECF No. [302] at 30. However, as the Court noted, "if Relator had additional details about Cartwright, J.K., and Able's Waiver Requests. . . Relator would have and should have included them in the SAC." ECF No. [265] at 16. Thus, because Relator has repeatedly failed to cure the deficiencies in its Complaint, the Motion to Amend is denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion**, ECF No. [292]** is **GRANTED.**
2. This case is **DISMISSED WITH PREJIDUCE**.
3. The Clerk is **DIRECTED** to **CLOSE** this case.

Case No. 20-cv-23242-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 22, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record